COUNTY OF BARBOUR
STATE OF ALABAMA

                          AFFIDAVIT
                                        Re:

                                        TERRY LIGON vs. STATE OF ALABAMA

   Before me the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Terry Ligon, #220217, who being known to me and being first duly sworn, deposes and says the following:

   My name is Terry Ligon, and I am over the age of 21 years, and in sound mind. This affidavit is prepared in support and conjunction of a Rule 32, A.R.Cr.P., petition for post-conviction relief and the appeal of the dismissal of said petition by the trial court concerning my conviction in the Circuit Court of Russell County, Al., (Case Nos. CC-01-352-356), whereby criminal charges were filed against me when I was involved in an automobile accident on March 25, 2001.

   During my criminal prosecution, I was represented by court-appointed attorney, Mr. Jeremy Armstrong, of Phenix City, Al.. His representation of me was from July to November, 2001, as I best remember, whereby pursuant to his advice I plead guilty to Murder and Assault 1st degree, (4 counts) and received a 25 year sentence for said offenses. Prior to the plea and sentencing hearing I met with Mr. Armstrong in his office in Phenix City, several times to discuss my case. During these meetings Mr. Armstrong kept telling me I am in a lot of trouble, and that if I went to trial I would be found guilty and receive a 99 year sentence or a Life sentence. At no time during these meetings did Mr. Armstrong ever show me any of the State's evidence that might be used to convict me, no police reports ; no medical reports; no forensic reports; and no statements from any witnesses, although Mr. Armstrong did tell me he filed a Motion for Discovery with the district attorney's office, I never did see any of that discovery until a year after the accident and my incarceration, when I wrote to him and asked for my file.

   Mr. Armstrong never explained the law to me as pertained to the statutes I was charged with, only did he state that the Murder charge was a class A felony and the Assault charge was a class B felony. Mr. Armstrong never showed me the indictments although he did read them to me, he was very firm about me pleading guilty and never discussed any defense possibilities if I went to trial, saying that the Governor of Alabama wants "drunk-drivers" dealt with very harshly.

   The reason for me filing the Rule 32 petition was because I learned that none of the 4 people in the other vehicle suffered any serious physical injuries, and Mr. Armstrong told me differently, so I requested him to please send me my file. After reading some of the documents in my file, namely the statement by Ms. Law to the police after the accident I realized that it was true that she could not have suffered any serious injury according to her actions, plus in that statement she says that the EMT thought her sister was faking. This document lead me to investigate my case further and thereby discovering other discrepencies that contradict what Mr. Armstrong led me to believe and/or did not reveal to me. I now realized that I should NoT have plead guilty and should have gone to trial because one of the documents shows that Ms. Law was in violation of the law also, by making an illegal left-hand turn on a major highway, and my position was that two-wrongs don't make right, so I wanted to take my plea back, by filing the Rule 32 petition.


Exhibit " 4 "

Mr. Armstrong never showed me my file or any of the documents he received from discovery or anywhere else that he might have supplemented my file and had I known about these documents and could have discussed them with Mr. Armstrong prior to my accepting the State's offer as advised by Mr. Armstrong, I would have refused the offer and gone to trial. Mr Armstrong told me that all the passengers in the other vehicle suffered serious injury and required to stay in the hospital for a long time and if I went to trial and they testified against me the jury would be very sympathetic to them. Mr. Armstrong misrepresented the injuries of these people to me and to Judge Greene at my plea hearing.

I swear under the penalty of perjury that the above statements by me are true and correct to the best of my knowledge and belief, so help me God!

                                        Terry Ligon, #220217
                                        Ventress Correctional Facility
                                        P.O. Box 767
                                        Clayton, Al. 36016-0767

Sworn to and subscribed before me on this the 17th day of June, 2004.

_____              Carolyn R. Abercrombie
My commission expires                  Notary Public