**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY LIGON** | ) | |
| **#227106,** | ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:05-CV-707-F** |
| | ) | |
| **J.C. GILES, et al.,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

**ANSWER OF RESPONDENTS**

Come now the Respondents, by and through the Attorney General for the

State of Alabama, and, in response to this Court's August 8, 2005 order, hereby

respectfully submit this Answer to the petition for writ of habeas corpus filed by

Terry Ligon.

The Respondents deny that Ligon is entitled to any relief whatsoever under

the federal writ of habeas corpus.

**PROCEDURAL BACKGROUND**

**A. Guilty plea convictions**

1. On September 10, 2001, Ligon pleaded guilty to, and was convicted of,

four counts of first degree assault and one count of reckless murder in Russell

County Circuit Court cases CC-01-352, -353, -354, -355, and -356.  Ex. 1A, (C.

127-141).[1]  On November 13, 2001, the trial court sentenced him to concurrent

sentences of twenty-five years' imprisonment on the reckless murder conviction,

and eight years' imprisonment on each assault conviction.  Ex. 1A, (C. 16, 149).[2]

The convictions arose from an incident where Ligon, driving a motor vehicle while

intoxicated, struck another vehicle, killing an 18-month old toddler and injuring the

vehicle's other occupants.  Ex. 1H, pp. 1-2 n.1.  Ligon did not appeal from these

guilty plea convictions. Ex. 1A, (C. 17); Petition p. 3.

## B.  Post-conviction proceeding-Ala.R.Crim.P. Rule 32

2.  On or about October 30, 2002, Ligon filed a petition for post-conviction

relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in Russell

County Circuit Court.  Ex. 1A, (C. 16, 22).  While the petition was pending, Ligon

filed a petition for a writ of mandamus asking the Alabama Court of Criminal

---

[1]Attached as Exhibit 1A to this Answer is the record on appeal stemming from
Ligon's Ala.R.Crim.P. Rule 32 litigation, and specific references to its pages shall
be made as " Ex. 1A, (C.__ )."  The records of Ligon's guilty plea proceeding are
encompassed in that record on appeal.  As initially noted by State of Alabama in its
Appellee's Brief before the Alabama Court of Criminal Appeals in that litigation,
portions of that record are illegible.

[2]The trial court's November 13, 2001 sentencing order does not appear in the
record; Ligon has acknowledged November 13, 2001 as the date of his sentencing
date throughout the state court proceedings.  See, e.g., Ex. 1A, (C. 16, 149).
Undersigned counsel independently confirmed this sentencing date by contact with
the Russell County Circuit Court Clerk's office.  In his petition before this Court,
however, Ligon lists his "date of judgment of conviction" as November 11, 2001.
For purposes of this Answer, the Respondents shall treat November 13, 2001 as
Ligon's sentencing date.

2

Appeals to order the trial court to rule on his petition; the trial court summarily dismissed the petition on March 30, 2004. Ex. 1A, (C. 125-126). The Court of Criminal Appeals thus dismissed Ligon's mandamus petition. Exs. 1B, 1C. Ligon appealed to the Court of Criminal Appeals from the trial court's judgment, and, while his appeal was pending, moved to stay the appeal; the appeal proceeded, however, and, on September 24, 2004, the Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion in <u>Ligon v. State</u>, CR-03-1173 (Ala. Crim. App. Sep. 24, 2004). Exs. 1D-1H. Ligon filed an application for rehearing, which the Court of Criminal Appeals overruled on October 15, 2004. Exs. 1I, 1J. Ligon did not seek certiorari review in the Alabama Supreme Court, and the Court of Criminal Appeals issued its certificate of judgment on November 3, 2004. Ex. 1K.

### C. The instant petition for habeas corpus

3.   On July 29, 2005, Ligon filed the instant petition for habeas corpus in this Court challenging his Russell County Circuit Court convictions. He alleges the following grounds for relief:

> 1. His trial counsel was ineffective before and during his guilty plea proceeding, by "misrepresenting" the nature of his victims' injuries to him and to the trial court and by failing to investigate his case, thereby rendering his guilty pleas involuntary (Petition pp. 5-6, 8-9);
>
> 2. The State engaged in misconduct when it failed to disclose favorable

evidence to him and to the trial court, thus depriving him of a "fair trial," and misled the trial court regarding the extent of his victims' injuries (Petition pp. 6, 10-11);

3.  His convictions were "not warranted by the facts and evidence" (Petition p. 6);

4.  "Procedural Irregularities" by the trial court and the State "prevented [him] to properly advance his petition (Petition p. 6).

Petition pp. 5-11.

## ARGUMENT

### I.    LIGON'S PETITION IS BARRED BY THE AEDPA LIMITATION PERIOD.

4.  Ligon's petition is barred by the limitation period set forth in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244

(d)(1).  The AEDPA imposes a one-year statute of limitation on all habeas corpus

petitions; "[t]his rule 'serves the well-recognized interest in the finality of state

court judgments' and 'reduces the potential for delay on the road to finality by

restricting the time that a prospective federal habeas petitioner has in which to seek

federal habeas review.'"  Drew v. Department of Corrections, 297 F.3d 1278,

1283 (11th Cir. 2002), citing Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct.

2120, 2128, 150 L. Ed. 2d 251 (2001).  Title 28 U.S.C. § 2244 (d)(1)(A) provides

that the limitation period begins to run on the date that the time for seeking direct

review of the challenged judgment expires.  The limitation period is subject to

statutory tolling under certain circumstances, such as when a properly filed state

court postconviction petition is pending for review.  Goodman v. United States,

151 F. 3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. § 2254 (d)(2).

5. Ligon did not appeal from his guilty plea convictions following the

Russell County Circuit Court's November 13, 2001 sentence; therefore, the

convictions "became final by the conclusion of direct review or the expiration of

the time for seeking such review" on December 26, 2001, the last day upon which

he could have filed a notice of appeal pursuant to Ala.R.App.P.  Rule 4 (b) (1).[3]  28

U.S.C. § 2244 (d)(1)(A); Bridges v. Johnson, 284 F. 3d 1201, 1202 (11th Cir. 2002)

(for purposes of determining the AEDPA one-year limitation period, the

defendant's convictions became final on the date that his right to appeal expired,

where he did not seek a direct appeal from those convictions).

6. Ligon filed his petition for postconviction relief pursuant to

Ala.R.Crim.P. Rule 32 on October 30, 2002,  the date that he presumably delivered

the petition for mailing by prison authorities.  Ex. 1A, (C. 22); see also Adams v.

United States, 173 F. 3d 1339 (11th Cir. 1999) (pro se motion deemed filed on date

---

[3]Ligon had forty-two days within which to appeal from the trial court's November 13, 2001 pronouncement of sentence. Ala.R.App.P. Rule 4 (b)(1).  The forty-second day here fell on December 25, 2001, however, which is designated as an Alabama legal holiday. Ala.R.App.P. Rule 26 (a).  Accordingly, Ligon's period for filing the notice of appeal was extended "until the end of the next day which [was] not a Saturday, Sunday, or legal holiday[,]" December 26, 2001. Id.

of delivery to prison authorities for mailing); Ex parte Allen, 825 So. 2d 271, 272 (Ala. 2002) (noting that "Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."). Ligon's filing of the Rule 32 petition tolled the AEDPA limitation period. Webster v. Moore, 199 F. 3d 1256, 1259 (11th Cir. 2000). However, between December 26, 2001 and October 30, 2002, 308 days of Ligon's one-year limitation period for filing a petition for writ of habeas corpus under the AEDPA had passed.

7. Following the Russell County Circuit Court's summary dismissal of Ligon's Rule 32 petition, Ligon appealed to the Court of Criminal Appeals, which affirmed the trial court's judgment in Ligon v. State, CR-03-1173 (Ala. Crim. App. Sep. 24, 2004); it later overruled Ligon's application for rehearing, and issued its certificate of judgment on November 3, 2004. Exs. 1H, 1J, 1K.

8. Ligon filed his petition for writ of habeas corpus in this Court on July 29, 2005. Between the date that the Court of Criminal Appeals' issuance of its certificate of judgment in Ligon's Rule 32 proceedings -- November 3, 2004 -- and Ligon's filing of the instant petition before this Court -- July 29, 2005 -- 268 days had passed. Thus, with allowance for the tolling noted above, Ligon's petition was filed 576 days after his convictions became final, and was therefore filed outside

the one-year AEDPA limitation period; it is time-barred. 28 U.S.C. § 2244 (d)(1).

9. Ligon has shown no grounds on which he would be entitled to equitable tolling, "an extraordinary remedy which is typically applied sparingly[,]" to excuse his failure to file within the statutory period. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Howell v. Crosby, No. 04-16542, 2005 WL 1554202, at *1 (11th Cir. Jul. 6, 2005). Therefore, Ligon's petition is due to be dismissed as untimely.

## II. LIGON'S CLAIMS ARE PROCEDURALLY DEFAULTED, DUE TO HIS FAILURE TO EXHAUST HIS STATE COURT REMEDIES.

10. As shown above, Ligon's petition was filed outside of the one-year limitation period set forth by 28 U.S.C. 2244 (d)(1), and this Court need look no further than this ground to dismiss the petition. In addition, Ligon's claims are due to be dismissed as procedurally defaulted from this Court's review.

11. This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts. 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]" Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003). "The exhaustion doctrine, first announced in Ex parte Royal, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254 (b)

(1) (1994 ed., Supp. III)." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). Claims must be presented to the state court of last resort, even when only discretionary review is available under the state court system, for purposes of exhaustion. O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734.

12. Ligon appears to have raised his ineffective assistance of trial counsel claims in his Rule 32 petition and on appeal from the trial court's dismissal of that petition; however, after the Court of Criminal Appeals found that he had not met his burden of proof on those claims, see Ex. 1H, Ligon did not seek certiorari review in the Alabama Supreme Court. Exs. 1J, 1K. "There is no doubt that Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule." Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001). By failing to present his claims to the Alabama court of last resort, they are unexhausted and rendered procedurally defaulted from this Court's review. Henderson; Boerckel.

13. As for his remaining claims that he was somehow "prevented...to properly advance his petition" due to "procedural irregularities," that his convictions were not supported by the facts and evidence, and that the State failed to disclose favorable evidence to him and to the trial court and misled the trial court regarding his victims' injuries, he did not properly exhaust the claims in the

Alabama state courts. Exs. 1E, 1H, 1K. Therefore, these claims are procedurally defaulted as well. Henderson; Boerckel.

14. Ligon's procedurally defaulted claims are not capable of further presentation to the state courts via Ala.R.Crim.P. Rule 32, because they would be precluded from review as untimely, because they could have been raised on direct appeal, and because they would stem from a successive postconviction petition. Ala.R.Crim.P. Rules 32.2 (a)(4), (a)(5), (b), (c). Further, Ligon has not shown cause and actual prejudice arising from an alleged violation of federal law, nor has he shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of the claims. Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991); Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Ligon's petition for writ

of habeas corpus on the grounds that it is untimely filed and its claims are

procedurally defaulted.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:

/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## EXHIBITS

Exhibit 1A: Record on appeal in Ligon's postconviction proceeding, <u>Ligon v. State of Alabama</u>, Russell County Circuit Court CC-01-352.60-356.60, Alabama Court of Criminal Appeals CR-03-1173.

Exhibit 1B:  Ligon's petition for writ of mandamus requesting a ruling on Rule 32 petition

Exhibit 1C:  Alabama Court of Criminal Appeals' order dismissing petition of writ of mandamus,  <u>Ex parte Ligon</u>, CR-03-0829 (Ala. Crim. App. Apr. 7, 2004)

Exhibit 1D:  Ligon's "Motion To Stay Appeal And Order For Remand[, et al.]" filed in the Alabama Court of Criminal Appeals, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1E: Ligon's Appellant's Brief, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1F:  State of Alabama's Appellee's Brief, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1G:  Ligon's Appellant's Reply Brief, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1H:  Alabama Court of Criminal Appeals' September 24, 2004 memorandum opinion, <u>Ligon v. State</u>, CR-03-1173 (Ala. Crim. App. Sep. 24, 2004)

Exhibit 1I:  Ligon's Application for Rehearing, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1J:  Alabama Court of Criminal Appeals' order overruling application for rehearing, <u>Ligon v. State</u>, CR-03-1173

Exhibit 1K:  Alabama Court of Criminal Appeals' November 3, 2004 certificate of judgment, <u>Ligon v. State</u>, CR-03-1173

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of August, 2005, I electronically

filed the foregoing, excluding exhibit 1A which will be mailed separately but

including exhibits 1B through 1K, with the Clerk of the Court using the CM/ECF

system and I hereby certify that I have mailed by United States Postal Service the

document to the following non-CM/ECF participant:

> Terry Ligon, AIS #220217
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, Alabama 36016

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL 36130-0152
> Telephone: (334) 242-7300
> Fax: (334) 242-2848
> E-Mail: MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
215728/Ligon
84359-001