Starrett

64860

IN THE ALABAMA COURT OF CRIMINAL APPEALS

Terry Ligon,
Petitioner,

vs.

Honorable George Greene,
Judge, Circuit Court of
Russell County, State of
Alabama,
Respondent.

Case Nos. CC-01-0352
CC-01-0353
CC-01-0354
CC-01-0355
CC-01-0356

MOTION FOR A WRIT OF MANDAMUS

Comes now the Petitioner, Terry Ligon, pro-se, in the above styled cause, puruant to Rule 21, A.R.Cr P., under the pro-se litigant standards of Haines v. Kerner 404 U.S. 519, 30 L.Ed. 2nd 652, 92 S.Ct. 594 (1974), and petitions this Honorable Court to issue a Writ of Mandamus to the Circuit Court of Russell County, Al, Honorable George Greene, Circuit Court Judge, Ordering that there be an adjudication/determination of Petitioner's Rule 32 petition for post-conviction relief.

The facts for this petition are, on October 31, 2002, Petitioner filed a single copy of his Rule 32, form with issues, law, and exhibits attached along with an Affidavit of Hardship for appointment of counsel, and a duly signed and authenticated In Forma Pauperis application. He could only provide a single copy as that is all the law library clerk would give him as this was the policy back in 2002.

In late December, 2002, or early January, 2003, Petitioner received from the Clerk's Office of the Circuit Court of Russell County all his filing papers sent on October 30, 2002, with just a "highlighted" portion of the Rule 32.6(a) wherein it states: ("The petition shall be accompanied by two copies there of.") Petitioner would aver at this point, that the Correction Officer in charge of the law library at VentressCorrectional Facility would not give Petitioner 3 copies of the Rule 32 form, stating that "he need only file one as he is indigent, the court will make the other copies." The Correction Officer's name is Cortina Downie, who is no longer with the Department of Corrections. Petitioner would als aver that the original copy sent to the court was filed on October 31, 2002, as marked on the copy sent to this Honorable Court. After receiving said copy back from the court Petitioner went about trying to have copies made to send to the court in order to comply with the Rule 32, which he did on March 11, 2003.

EXHIBIT
16

cont.)

The circuit Court granted Petitioner to proceed in forma pauperis on March 13, 2003. After waiting approximatel 90 days Petitioner motioned the court for an adjudication on the petiton and also for a appointment of an attorney, never to receive a response from the court, hence the filing of this petition for a Writ of Mandamus.

Petitioner is being denied his Constitutional right to procedural due process and equal protection of the law through no fault of his own. Rule 32.1, A.R.Cr.P., "Scope of Remedy", specifically states that: ("... Any defendant who has been convicted of a criminal offense may institute a proceeding in the courtof original conviction."). Petitioner was convicted in November, 2001, after a plea of guilty to Murder and 4 counts of Assault 1st degree, in the Circuit Court of Russell County, Al. Petitioner timely filed a Rule 32 petition for post-conviction relief, never to receive a response from the court, except that his in forma pauperis application has been granted. (See copy attached)

Rule 32.6 (a) states that: (...the clerk shall file the petition and promptly send a copy to the district attorney ...") Obviously,this has not been done as Petitioner has not received any response from said office. Petitioner contends that the Circuit Court of Russell County has been negligent in responding and processing his pettion for post-conviction relief. Further, the Circuit Court has accepted jurisdiction of the subject matter of his Rule 32 petition when it granted permission to proceed in forma pauperis. See: Smith v. State,840 So. 2nd 943 (Ala.Cr. App. 2002).

From March 13, 2003 until this petition for a Writ of Mandamus,Petitioner has heard nothing from the circuit court, even though he has written letters and had family members call the clerk to ascertain the status of his petition, onlt to be told by the clerk that it ("the petition is on the judge's desk.") Because petitioner has unduly been denied his constitutional rights to procedural due process and equal protection of the law, this writ should be granted by Ordering the circuit court to respond with a judicial ruling so that Petition's Rule 32 petition may proceed in accordance with the law and rules of the court. Petitioner has no other recourse, but to petition this Honorable Court for relief.

Petitioner Humbly Prays This Court Such.

Respectfully submitted,

Terry Ligon, #220217, D3-29
V.C.F. - P.O. Box 767
Clayton, Al. 36016-0767

CERTIFICATE OF SERVICE

I hereby certify that I have provideda copy with attachments of the foregoing to the Honorable George Greene, Circuit Court Judge, by placing same in the U.S. Mail, postage prepaid, First Class Mail prepaid, and duly addressed as Circuit Court of Russell County, P.O. Box 518, Phenix City, Al. 36868, on this the 17 day of February, 2004.

Terry Ligon, #220217

TERRY LIGON
PETITIONER,

VS.

STATE OF ALABAMA
RESPONDENT.

IN THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
CASE NO.: CC 01-352.60 - 356.60

ORDER

The Petitioner having filed an application to proceed in forma pauperis and the Court having reviewed and considered same, it is ORDERED that the motion is granted.

DONE this the 12th day of March 2003.

JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, THE TWENTY-SIXTH JUDICIAL CIRCUIT, STATE OF ALABAMA

| | | |
|---|---|---|
| TERRY LIGON, AIS: 220217 | * | CASE NOS: CC-01-0356 |
| PETITIONER | * | CC-01-0352 |
| VS | * | CC-01-0353 |
| STATE OF ALABAMA | * | CC-01-0354 |
| RESPONDENT | * | CC-01-0355 |
| | * | |

ISSUES AND LAW PERTAINING TO RULE 32, A.R.CR.P. PETITION FOR POST-CONVICTION RELIEF

COMES NOW YOUR PETITIONER, TERRY LIGON, PRO-SE, AND PETITIONS THIS HONORABLE COURT FOR POST-CONVICTION RELIEF IN ACCORDANCE WITH THE ALABAMA RULES OF CRIMINAL PROCEDURES, RULES OF ALABAMA SUPREME COURT AND U.S. CONSTITUTIONAL LAW, AND IN DOING SUCH RESPECTFULLY STATES THE FOLLOWING:

1.) THAT THIS HONORABLE COURT HAS JURISDICTION OF THE SUBJECT MATTER INVOLVED IN THIS PETITION THROUGH RULE 32, A.R.Cr.P., SPECIFICALLY RULE 32.1(a); RULE 32.1(b); AND RULE 32.1(e)5.

2.) THAT YOUR PETITIONER WOULD SHOW THIS HONORABLE COURT THAT HE WAS CONVICTED AND SENTENCED IN THE ABOVE REFERENCED CASES IN VIOLATION OF HIS 5th AND 6th AMENDMENT RIGHTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 7 OF THE ALABAMA CONSTITUTION 1901, PROVIDING PETITIONER WITH THE RIGHT TO A FAIR CRIMINAL PROCEEDING AND IN VIOLATION PETITIONER'S 14th AMENDMENT RIGHT TO U.S. CONSTITUTION AND ARTICLE I, SECTION 1, 6, AND 22 OF ALABAMA CONSTITUTION 1901 PROVIDING PETITIONER WITH DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW.

3.) THAT YOUR PETITIONER AVERS A JURISDICTIONAL ASPECT BY "JUDICIAL ERROR" AT HIS TRIAL AND SENTENCING THAT WOULD RENDER THE PROCEEDINGS NULL AND VOID. AN ERROR OF THIS CHARACTER OCCURS WHEN THE JUDGMENT RENDERED AND SENTENCE IMPOSED IS ERRONEOUS IN SOME PARTICULAR REQUIRING IT TO BE CHANGED.

4.) THAT THE ISSUED RAISED IN THIS PETITION SHOULD NOT BE DISMISSED UNDER ANY RULE PRECLUDING POST-CONVICTION RELIEF BASED ON ANY GROUND WHICH COULD HAVE BEEN, BUT WAS NOT RAISED ON APPEAL OR A FORMER MOTION FOR RELIEF.

5.) THAT FAILURE TO ENTERTAIN AND GRANT THIS PETITION WILL RESULT IN A MISCARRIAGE OF JUSTICE, WOULD PLACE FORM OVER SUBSTANCE, WOULD DAMAGE THE INTEGRITY, REPUTATION AND FAIRNESS OF THE JUDICIAL PROCESS AND WOULD RENDER THE JURISDICTIONAL DEFECT AND POST-CONVICTION RELIEF REMEDIES MEANINGLESS. FOR AS STATED IN <u>RULE 1.2</u>, ALABAMA RULES OF CRIMINAL PROCEDURE, WHICH PROVIDES IN PART, THAT THE RULES: "SHALL BE CONSTRUED TO SECURE SIMPLICITY IN PROCEDURE, FAIRNESS IN ADMINISTRATION AND THE ELIMINATION OF UNNECESSARY DELAY AND EXPENSE, AND TO PROTECT THE RIGHTS OF THE INDIVIDUAL, WHILE PRESERVING THE PUBLIC WELFARE," TO WHICH PETITIONER RESPECTFULLY AVERS APPLY TO THIS CASE.

6.) PETITIONER WOULD SHOW THIS HONORABLE COURT THAT HE WAS WRONGLY INDICTED AND CONVICTED OF "MURDER", SECTION 13A-6-2 (a), <u>CODE OF ALABAMA,</u> 1975, AS AMENDED. WHEREIN THE PHRASE: "WHAT AMOUNTS TO 'EXTREME INDIFFERENCE' DEPENDS ON THE CIRCUMSTANCES OF THE PARTICULAR CASE, BUT SOME SHOCKING, OUTRAGEOUS OR SPECIAL HEINOUSNESS <u>MUST</u> BE SHOWN." SEE: (COMMENTARY OF SECTION 13A-6-2) (EMPHASIS PETITIONER'S) AND FURTHER THE PHRASE THAT PETITIONER UNKNOWING THROUGH HIS ACTIONS, "CREATED A GRAVE RISK OF DEATH", FOR HE TOO COULD HAVE BEEN KILLED OR SUFFERED SERIOUS PHYSICAL INJURY, WHICH CONTROVERTS THE VERY STATUTE HE WAS INDICTED AND CONVICTED UPON, DEFYING THE DICTATES OF ESTABLISHED LAW BY THE APPELLATE COURTS OF THIS STATE AND THE UNITED STATES SUPREME COURT.

7.) PETITIONER WOULD ASK THE COURT TO MAKE ALLOWANCE FOR THE FORM, STYLE AND ANY MISTAKES IN THE PETITION AS HE IS A PRO-SE LITIGANT NOT FORMALLY TRAINED IN THE JUDICIAL PROCESS, AND TO INTERPRET THE FOREGOING IN THE MOST LITERAL OF TERMS.

8.) ATTACHED TO THIS RULE 32 PETITION ARE A LETTER FROM COUNSEL WHO REPRESENTED HIM AT THE PROCEEDINGS IN THE CASE, DATED MAY 22, 2002. ALSO, A HANDWRITTEN STATEMENT BY TAQUONNA LAW, THE VICTIM'S MOTHER, AND RECORD TYPE-WRITTEN COPY OF THAT STATEMENT DONE BY SGT. A. WILLIAMS OF THE PHENIX CITY POLICE DEPARTMENT, DATED APRIL 2, 2001, AND COPY OF INDICTMENT #CC-01-356.

## ISSUES/CLAIMS PRESENTED

I.) THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ALABAMA REQUIRE THAT A NEW TRIAL, A NEW SENTENCING PROCEEDING AND/OR OTHER RELIEF BE GRANTED.

II.) THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO [illegible]

III.) THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.

IV.) THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL IN PETITIONER'S CASE [illegible] STRICKLAND V. [illegible]

## ISSUE I

I. THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ALABAMA REQUIRE THAT A NEW TRIAL, A NEW SENTENCING PROCEEDING AND/OR OTHER RELIEF BE GRANTED.

PETITIONER [illegible]

[illegible]

THE [illegible] COURT NEVER [illegible] THE [illegible] PETITIONER, HE DID NOT HAVE A [illegible] PLEADING GUILTY TO [illegible]

INDICTMENT ENTAILED. THE TRIAL COURT ALSO NEVER INQUIRED OF THE STATE WHAT EVIDENCE AND FACTS THEY WOULD RELY ON TO SUSTAIN AND VALIDATE A MURDER CONVICTION UNDER SECTION 13A-6-2, CODE OF ALABAMA, 1975, AS AMENDED.

THE ALABAMA RULES OF CRIMINAL PROCEDURE ARE QUITE SPECIFIC OF THE ABOVE REQUIREMENTS BY THE TRIAL COURT WHEN ACCEPTING A PLEA OF GUILTY FROM A DEFENDANT. RULE 14.4 (a) (1.)(i), A.R.Cr.P. HAS BEEN ADDRESSED BY THE COMMITTEE COMMENTS AND STATES THE FOLLOWING: ("REQUIRES THAT THE NATURE OF THE CHARGE AND THE MATERIAL ELEMENTS OF THE OFFENSE BE EXPLAINED SO THAT THE DEFENDANT UNDERSTANDS WHAT HE IS ACCUSED OF.") THIS PROVISION IS SIMILAR TO RULE 11, FED.R.Cr.P. ('REAL NOTICE OF THE TRUE NATURE OF THE CHARGE IS THE FIRST AND MOST UNIVERSALLY RECOGNIZED REQUIREMENT OF DUE PROCESS....') SMITH vs O'GRADY, 312 U.S. 329, 334, 61, SECT. 572, 574, 85 L.Ed. 859 (1941) [EMPHASIS PETITIONER'S.]

PETITIONER RESPECTFULLY AVERS THAT WITHOUT THE MATERIAL ELEMENTS HAVING BEEN EXPLAINED TO HIM AS TO WHAT CONSTITUTES THE VIOLATION OF SECTION 13A-6-2, CODE OF ALABAMA, 1975, AS AMENDED, AND THAT HE ACCEPTED THE PLEA, HE NOW HAS BEEN STIGMATIZED AS A MURDERER, A PERSON WHO INTENTIONALLY SETS-OUT TO KILL SOMEONE, AND THIS IS NOT THE FACTS IN THIS CASE. HAD PETITIONER KNOWN WHAT THE MATERIAL ELEMENTS WERE OF WHAT HE WAS PLEADING GUILTY TO, HE WOULD HAVE OBJECTED MOST STRONGLY TO HIS ATTORNEY (COURT-APPOINTED) AND TO THE TRIAL COURT.

IN CLARK vs STATE, 294 ALABAMA 485, 488, 318 So. 2d. 805, 807, 808, (1974) THE COURT STATED AS TO WHAT WOULD SATISFY THE TAKING OF A PLEA: ("IN A PLEA OF GUILTY PROCEEDINGS, THE JUDGE SHOULD UNDERTAKE A FACTUAL INQUIRY TO DETERMINE IF THE PLEA IS VOLUNTARILY MADE WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA. FURTHER, THE JUDGE SHOULD BE SATISFIED THAT THERE IS A FACTUAL BASIS FOR THE PLEA. THE COURT MAY MEET THIS REQUIREMENT BY ELICITING AN IN COURT STATEMENT FROM THE DEFENDANT, BY AN IN-COURT STATEMENT FROM THE DISTRICT ATTORNEY OR FROM THE EVIDENCE.") (EMPHASIS PETITIONER'S.) THE REQUIREMENTS OF CLARK AND THE ALABAMA RULES OF CRIMINAL PROCEDURE WERE NOT MET AT PETITIONER'S PLEA OF GUILTY HEARING AND FOR THIS REASON, HE WAS DENIED HIS RIGHT TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF ALABAMA.

IT IS WELL UNDERSTOOD THAT THE STATE HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CRIME CHARGED. HAD THIS CASE GONE TO TRIAL BY

JURY, THE STANDARD FOR THE STATE WOULD HAVE BEEN "PROOF BEYOND A REASONABLE DOUBT", BUT SINCE THIS CASE RESULTED IN A PLEA OF GUILTY, THE STANDARD DROPS TO "THE PREPONDERANCE OF THE EVIDENCE" AND THE FACTS STATED, FOR THE TRIAL COURT TO MAINTAIN THE FAIRNESS IN THE JUDICIAL PROCESS ALL THE WHILE PROTECTING THE RIGHTS OF THE DEFENDANT, WHILE PRESERVING THE PUBLIC WELFARE. IN THIS CASE, THE TRIAL COURT ONLY INQUIRED AND VERY CRYPTICALLY, AS TO INJURIES RESULTING FROM THE ACCIDENT, "WHO DIED?" THE TRIAL COURT DID NOT INQUIRE OF THE STATE WHAT EVIDENCE OR FACTS THEY WOULD RELY ON TO SUSTAIN A CONVICTION FOR MURDER UNDER SECTION 13A-6-2, CODE OF ALABAMA, 1975.

FURTHER, HAD THE TRIAL COURT GONE OVER THE INDICTMENT CC-01-0356 AT THE PLEA HEARING IT WOULD HAVE NOTICED THAT THERE IS A MISTAKE AS TO A VIOLATION OF SECTION 13A-5-191, CODE OF ALABAMA, 1975. THERE IS NO SUCH STATUTE! NEITHER THE COURT, THE DISTRICT ATTORNEY OR THE ATTORNEY FOR THE PETITIONER MENTIONS THIS FACT. PERHAPS, MAYBE NOT A CRUCIAL FACT, BUT NEVERTHELESS AN ERRONEOUS FACT. RULE 13.1, A.R.Cr.P. STATES WHAT AN INDICTMENT IS: ("...AN INDICTABLE OFFENSE PRESENTED TO THE COURT BY A GRAND JURY, ...") PETITIONER RESPECTFULLY AVERS THAT IF 13A-5-191 IS NOT AN OFFENSE, THEN IT IS NOT INDICTABLE AND THE INDICTMENT ABOVE COULD BE NULL AND VOID.

PETITIONER WAS INDICTED BY A GRAND JURY OF RUSSELL COUNTY, ALABAMA FOR THE VIOLATIONS CONTAINED IN SECTIONS 13A-5-191 AND 13A-6-2, CODE OF ALABAMA, 1975; INDICTMENT #CC-01-356 (SEE COPY ATTACHED). ASSUMING THAT 13A-5-191 IS A TYPOGRAPHICAL ERROR AND MEANT TO BE 32-5A-191, "DRIVING UNDER THE INFLUENCE" FOR PETITIONER CANNOT FIND A STATUTE TITLED UNDER 13A-5-191, CODE OF ALABAMA, 1975, AND OF COURSE, THIS WAS NEVER BROUGHT TO THE TRIAL COURT'S ATTENTION, NOR TO PETITIONER'S ATTENTION BY HIS APPOINTED COUNSEL. HOWEVER, HAD THE TRIAL COURT REQUESTED OF THE STATE THE FACTS AND EVIDENCE THEY RELY ON TO SUSTAIN A CONVICTION FOR A MURDER CHARGE UNDER SECTION 13A-6-2 (a)(2), THIS ERROR IN THE INDICTMENT WOULD HAVE BEEN NOTICED AND AN OPPORTUNITY WOULD HAVE BEEN APPARENT TO DISCUSS HOW ONE COULD BE CHARGED WITH THE VIOLATION OF SECTION 32-5A-191 RESULTING IN A CHARGE FOR MURDER UNDER SECTION 13A-6-2 CODE OF ALABAMA, 1975, FOR IF BOTH ARE TO BE STRICTLY CONSTRUED AS THEY SHOULD BE, THEY WOULD CONTROVERT, CONTRADICT, THE ESTABLISHED RULINGS OF SIMILAR CASES BY THE APPELLATE COURTS OF THE STATE OF ALABAMA. [SEE: FULLER vs STATE, 257 ALA. 502, 60 So. 2d 202 (1952); SCHENKER vs STATE, 38 ALA. APP. 573, 90 So.2d 234, CERT. DENIED. 265 ALA. 700, 90 So.2d 238. EX PARTE MUTRIE, 658 So.2d 347, 349 (ALA. 1993).]

ISSUE I CONTINUED

IF THIS HONORABLE COURT WILL LOOK AT THE STATUTE IN WHICH PETITIONER WAS CONVICTED [SECTION 13A-6-2 (a) (2)] AND GIVE THOUGHT TO THE ELEMENTS THEREIN CONTAINED, IT WILL SEE THAT PETITIONER COULD NOT, BY HIS ACTIONS OR HIS MENTAL STATE ON THE DAY OF MARCH 25, 2001, BE GUILTY OF VIOLATING SAID STATUTE. FOR INSTANCE, THE WORDS "EXTREME INDIFFERENCE" REQUIRE A KNOWLEDGE, A CONSCIOUS KNOWLEDGE TO A HIGH DEGREE, ONE COULD ALMOST SAY THE WORDS "WITH MALICE". MALICE HAS ALWAYS BEEN AN ELEMENT OF MURDER FROM THE COMMON LAW TO THE BEGINNING OF THE CODE OF ALABAMA A CENTURY AGO, HOWEVER, THE LEGISLATURE DID REMOVE THE WORD MALICE FROM THE STATUTE IN AMENDING CODE OF ALABAMA 1975, AND SUBSTITUTED THE WORD INTENT IN IT'S PLACE. YET, MALICE IS ASSUMED IN SECTION 13A-6-2 (a) (2), FOR ONE CANNOT BE GUILTY OF MURDER WITHOUT IT.

THERE IS ALSO ANOTHER ELEMENT IN 13A-6-2 (a) (2) WHICH SHOWS WHY THE PETITIONER COULD NOT BE GUILTY OF VIOLATING SAID STATUTE: ( OF ENGAGING "IN CONDUCT WHICH CREATES A GRAVE RISK OF DEATH TO A PERSON OTHER THAN HIMSELF.")

APPLYING THIS STATUTE TO PETITIONER'S SITUATION ON MARCH 25, 2001, DEFIES ANY LOGIC AS TO HOW HE COULD BE GUILTY OF VIOLATING IT. FOR IT IS IMPOSSIBLE TO FIND THE SOLE FACT THAT AN INTOXICATED DRIVER CAUSED THE DEATH OF ANOTHER, WHILE INTOXICATED INDICATES AN INTENT TO CREATE A VERY HIGH RISK OF DEATH, OR GREAT BODILY HARM WITH THE KNOWLEDGE THAT DEATH OR GREAT BODILY HARM WAS THE PROBABLE RESULT, OBVIOUSLY, BECAUSE AN AUTOMOBILE ACCIDENT COULD INJURE THE DRUNK DRIVER AS WELL AS THE OTHERS. DRIVING WHILE UNDER THE INFLUENCE WITHOUT ANY OTHER EXTENUATING CIRCUMSTANCES, WOULD NOT, COULD NOT, INDICATE AN INTENT TO CREATE A HIGH RISK OF DEATH.

IN THIS CASE, FORTUNATELY FOR PETITIONER, HE WAS NOT INJURED. UNFORTUNATELY, AND TRAGICALLY TOO, A SMALL CHILD WAS KILLED AS THE RESULT CAUSE BY THE IMPACT OF PETITIONER'S VEHICLE CRASHING INTO THE THE BACK OF THE CHILDS' PARENTS CAR. THE REPORTS DO NOT STATE WHETHER THE CHILD WAS RESTRAINED BY STRAPS IN THE CHILD'S SEAT, ONLY THAT HE WAS IN THE SEAT AND, OBVIOUSLY STRUCK HIS HEAD AGAINST SOMETHING HARD TO CAUSE CRANIAL DAMAGE. DID THE SEAT BREAK LOOSE FROM IT'S TIE DOWN? THIS WOULD BE A FAULT OF THE MANUFACTURING COMPANY AND IS A QUESTION THAT HAUNTS THE PETITIONER CONSTANTLY, AND MORE THAN LIKELY WILL FOR THE REST OF HIS LIFE. PETITIONER'S VEHICLE WAS A PASSENGER TRUCK TYPE, WHILE

ISSUE I (CONTINUED)

THE VICTIM'S VEHICLE WAS A SUB-COMPACT TYPE, IT ALSO WAS NOT MENTIONED IN ANY OF THE REPORTS WHETHER ANYONE WAS WEARING SEAT BELTS, ALL THE NECESSARY INGREDIENTS WERE PRESENT TO CAUSE A TRAGEDY,--ALCOHOL, FAILURE TO USE SAFETY FEATURES AND BIG CAR VERSUS SMALL CAR PROVED TO BE FATAL. YOUR PETITIONER HAD NO INTENT TO MURDER ANYONE; THIS EVENT ON MARCH 25, 2001, WAS AN ACCIDENT; THERE WAS NOT ANY MENS REA THAT WOULD SHOW OR INSINUATE MALICE; THE REPORTS DO STATE THE CONCERN SHOWED BY THE PETITIONER AT THE ACCIDENT SCENE HIS CONCERN AS TO THE STATUS OF THE CHILD IN THE CAR IS EVIDENT.

THE STATE HAS TO PROVE EVERY ELEMENT OF THE CRIME CHARGED, AND HAD THE TRIAL COURT INQUIRED OF THE STATE AT THE PLEA OR SENTENCING HEARING WHAT EVIDENCE IT WOULD RELY ON TO SUSTAIN A MURDER CONVICTION, IT COULD HAVE EASILY [illegible] THAT THE NECESSARY ELEMENT OF MALICE IS NOT, WAS NOT PRESENT ON MARCH 25, 2001, IN THIS CASE AND PETITIONER REQUIRES A NEW TRIAL, A NEW SENTENCING HEARING AND/OR OTHER RELIEF BE GRANTED BY THIS HONORABLE COURT.

FOR AS STATED BY THE ALABAMA COURT OF CRIMINAL APPEALS: ("A TRIAL JUDGE SHOULD ALSO BE SATISFIED THAT THERE IS A FACTUAL BASIS FOR THE PLEA.") SEE: [illegible] vs STATE, [illegible] (ALA. Cr. APP. 198[illegible]); LOPES vs STATE, 429 So. 2d. 1135, (ALA. Cr. APP. 1982); ALEXANDER vs STATE, 488 So.2d. 42 (ALA. Cr.APP. 1986).

FOR THE FOREGOING LAW AND FACTS PRESENTED IN ISSUE I, PETITIONER RESPECTFULLY ASKS THAT HE IS DUE TO HAVE AN EVIDENTIARY HEARING, MOREOVER THIS PETITION FOR POST-CONVICTION RELIEF BE GRANTED, FOR HIS PLEA OF GUILTY COULD NOT HAVE BEEN VOLUNTARILY ENTERED WITH THE FULL KNOWLEDGE OF WHAT THE CHARGE ENTAILED.

## ISSUE II

## THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE ON PETITIONER'S INDICTMENT FOR MURDER.

[illegible] DEFINES [illegible] ("A PERSON COMMITS [illegible] THE DEATH OF ANOTHER PERSON.") SECT- [illegible], AS AMENDED. THE COMMENTARY STATES [illegible] WERE ADOPTED FROM [illegible] AMENDED.

[illegible]

[illegible]

[illegible]

[illegible] OTHERS, IT APPEARS TO HAVE [illegible] ONLY [illegible]

ISSUE II (CONTINUING)

TO UPHOLD AN UNCONSTITUTIONAL STATUTE OR A CONVICTION. HISTORICALLY, THE [illegible] OF STRICTEST CONSTRUCTION IS MANDATED FOR CRIMINAL STATUTES. THAT IS SIMPLY A BASIC TENET OF AMERICAN JURISPRUDENCE.") [SEE: [illegible], 658 So.2d 347, 349 (ALA. 1993). PASCHAL, JUDGE, [illegible] [illegible] CASE AT 391.]

[illegible] ISSUE [illegible] THE [illegible] OF [illegible] DO NOT COMPORT [illegible] CASE. THEREFORE HE SHOULD NOT HAVE BEEN INDICTED FOR MURDER, BUT RATHER FOR THE LESSER INCLUDED [illegible] E.G. VEHICULAR [illegible] UNDER SECTION [illegible] [illegible] OR [illegible] [illegible] [illegible] [illegible] SECTION [illegible] [illegible] [illegible] THE CODE OF ALABAMA IN 1980. IN A SIMILAR CASE [illegible] THE [illegible] OF [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] PROBABLE CAUSE THAT THE [illegible] TO CHARGE HIM WITH [illegible] [illegible] [illegible]

[illegible] ALABAMA APPELLATE [illegible] [illegible] [illegible] [illegible] STATE [illegible] [illegible] [illegible] [illegible] THE [illegible] [illegible] [illegible] [illegible] MANDATED [illegible] [illegible] [illegible] THE [illegible] PROPERLY [illegible] [illegible] THAT [illegible] OF [illegible] [illegible] [illegible] [illegible] [illegible] A [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] IN THAT CASE, THE [illegible] [illegible] A CLASS C FELONY [illegible] [illegible] [illegible] [illegible] COMMISSION OF AN ILLEGAL ACT [illegible] [illegible] THE DEATH, AND [illegible] [illegible] BECOMES A CLASS [illegible] FELONY." [illegible]

[illegible] (CONTINUED)

[illegible] HOMICIDE, SECTION 3. [illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

## ISSUE III

**THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.**

[illegible] ARGUES THAT [illegible] INDICTMENT FOR ASSAULT FIRST DEGREE, BECAUSE THE COURT OF CRIMINAL APPEALS HAS OPINED THAT [illegible] CONVICTIONS FOR [illegible] WHICH IS [illegible] TO [illegible] AND THAT [illegible] IN CONTRADICTION OF [illegible] JEOPARDY CLAUSE [illegible] AMEND. [illegible] THIS [illegible] THAT [illegible]

[illegible] COUNTY OF [illegible] INCIDENT, [illegible] CONVICTED [illegible] APPELLANT [illegible] CASE OF [illegible] CASE [illegible] 220 [illegible] 11 [illegible] 806 [illegible] THAT [illegible] MORE THAN ONE [illegible] AT 125. [illegible]

[illegible] TRANSACT- [illegible] WEAPONS OR [illegible] FACT [illegible]

ISSUE III (CONTINUED)

[The body text of this page is too faded and illegible to transcribe reliably.]

ISSUE III (CONTINUED)

[illegible] 'SERIOUS PHYSICAL INJURY' DOES NOT REQUIRE THAT DEATH BE [illegible] REQUIRE A [illegible] [illegible] SAVIOL VS STATE, 71? So.2d 266 (ALA. Cr. [illegible]

PRIOR DECISIONS BY [illegible] THAT [illegible] THE [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

[illegible]

[illegible]

[illegible] BY [illegible]

[illegible]

[illegible]

## ISSUE IV (CONTINUED)

PREJUDICED THE DEFENSE. THIS REQUIRES SHOWING THAT COUNSEL'S ERRORS WERE SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL, A TRIAL WHOSE RESULT IS RELIABLE.") Id at 687.

PETITIONER WOULD SHOW THIS HONORABLE COURT THAT APPOINTED COUNSEL MADE THE ADVERSARIAL TESTING PROCESS MEANING LESS IN HIS REPRESENTATION OF HIM. FOR INSTANCE, ONE OF THE REPORTS SUBMITTED BY THE STATE STATES THAT PETITIONER WAS SPEEDING BETWEEN 63 AND 76 MILES PER HOUR WHEN HE CRASHED INTO THE BACK OF THE VICTIM'S CAR. IF THIS WERE TRUE, IT GAVE RISE FOR THE STATE TO CLAIM THAT HE WAS DRIVING IN A RECKLESS MANNER. IN THE REPORT THE SPEED WAS CALCULATED, DETERMINED BY THE POSITIONS OF THE VEHICLES AND THE DISTANCE BETWEEN THEM. HOWEVER, WHEN THE POLICE ARRIVED ON THE SCENE AND BEFORE ANY MEASUREMENTS WERE TAKEN, THE POLICE MADE THE PETITIONER MOVE HIS VEHICLE OFF TO THE SIDE OF THE ROAD, AND [illegible] THE SPEED OF PETITIONER'S VEHICLE COULD BE DETERMINED. THE REPORT DOES NOT REFLECT AN ACCURATE DETERMINATION OF PETITIONER'S SPEED [illegible] CRASHED INTO THE VICTIM'S CAR. PETITIONER WAS NOT SPEEDING OR DRIVING IN A RECKLESS MANNER, AND COUNSEL COULD HAVE GIVEN A VERY VIABLE ARGUMENT TO THE STATE AS TO THE CHARGE OF [illegible].

RECKLESSNESS AS DEFINED IN SECTION 13A-6-2, CODE OF ALA. 1975, AS APPLIED TO [illegible] "[illegible] MURDER" AND REQUIRES THE PROSECUTION TO PROVE CONDUCT THAT MANIFESTS AN EXTREME INDIFFERENCE TO [illegible]. FURTHER IN READING THE COMMENTARY SECTION OF [illegible] IS ON [illegible] MURDER", IT STATES THAT, "THE LEGISLATIVE INTENT OR PURPOSE OF THIS SECTION IS TO [illegible] THOSE HOMICIDES CAUSED BY SUCH ACTS AS SHOOTING A FIREARM INTO A CROWD OF PEOPLE, THROWING A TIMBER FROM A ROOF ONTO A CROWDED STREET, OR DRIVING AN AUTOMOBILE IN A GROSSLY WANTON MANNER."

FURTHER IN JORDAN VS STATE [illegible], THE COURT STATED [illegible] ON THE SITUATION, [illegible] CIRCUMSTANCES THAT A JURY COULD FIND "MANIFESTS EXTREME INDIFFERENCE TO HUMAN LIFE") CITING: WALDEN VS COMMONWEALTH, 805 S.W. 2d 102, 105, (KY. 1991). HOWEVER THE COURT IN JORDAN WENT FURTHER AND STATED THAT ("TO SUPPORT A CONVICTION FOR RECKLESS [illegible], THAT [illegible] THAT SIMPLY DRIVING AFTER HAVING CONSUMED ALCOHOL AND BECOMING INTOXICATED

## ISSUE IV (CONTINUED)

CONTEMPLATES CONDUCT THAT IS
IN A COLLISION. AS NOTED, 13A-6-2 (a)(2) CONTEMPLATES CONDUCT THAT IS THE CULPABLE EQUIVALENT OF INTENTIONAL MURDER.") ID AT 483.

[illegible] COUNSEL FOR THE PETITIONER ARGUED THIS THE STATE MAY HAVE CHANGED IT'S POSITION, BUT MOST IMPORTANTLY, [illegible] COUNSEL APPRISED THE TRIAL COURT OF THESE [illegible] THE [illegible] [illegible] CERTAIN MORE UNFOR-MATION BEFORE ACCEPTING A PLEA TO THE MURDER AND ASSAULT FIRST DEGREE INDICTMENTS. COUNSEL NEVER FORMULATED A DEFENSE FOR PETITIONER IF THE CASE WOULD HAVE GONE TO TRIAL. HE NEVER CHECKED THE REPORTS OR HAD AN INDEPTH DISCUSSION WITH YOUR PETITIONER CONCERNING THE ACCIDENT, OTHER-WISE IF HE HAD, HE WOULD HAVE BEEN TOLD THAT PETITIONER WAS TOLD TO MOVE HIS VEHICLE [illegible] THE [illegible] THE SPEED LIMIT HE WAS DOING WAS ERRONEOUSLY [illegible].

COUNSEL NEVER TOLD PETITIONER THE MATERIAL ELEMENTS OF THE CHARGE OF MURDER AND ASSAULT FIRST DEGREE, [illegible] PETITIONER TO TAKE THE PLEA AND SENTENCE OFFERED [illegible] OTHERWISE, HE WILL GET [illegible] YEARS OR LIFE. IT MUST BE NOTED THAT PETITIONER [illegible] LIMITED READING ABILITY AND ALSO COMPREHENSION OF [illegible] HE DID NOT COMPLETE HIGH SCHOOL, GOING [illegible] GRADE BEFORE DROP-PING OUT.

WHEN PETITIONER SIGNED THE PLEA AGREEMENT [illegible] IN COUNSEL'S OFFICE, IT WAS READ TO HIM. HE DOES NOT KNOW IF IT WAS [illegible] PROPERLY [illegible] HOWEVER, ATTACHED TO THIS [illegible] PETITION IS A COPY OF A LETTER SENT TO PETITIONER THAT [illegible] IT IS CLEAR [illegible] PETITION AND THE LAW AND FACTS [illegible] THE ISSUES [illegible] ADVERSARIAL [illegible] THAT COUNSEL [illegible] AS STATED EARLIER, TESTING PROCESS WORK IN THIS PARTICULAR CASE [illegible] A TRAGEDY FOR SURE, A PERSON WAS KILLED IN THE ACCIDENT, A [illegible] TO THE ADULTS INVOLVED. [illegible] THERE NO OTHER [illegible] WHICH WAS LATER [illegible] ATTACHED [illegible] STATEMENT [illegible] SPEAKS TRANSCRIBED BY THE POLICE. [illegible] EMERGENCY MEDICAL OF BEING EMOTIONALLY [illegible] THEY BOTH WERE [illegible] IN TECHNICIAN) MADE [illegible] SAYS THAT: (THE THE AMBULANCE. IN PART, [illegible] STATEMENT OF THE MOTHER SAID HE THOUGHT HER THAT TOMMY ________ )(CANNOT [illegible] LEAVES THIS PORTION OF SISTER WAS [illegible] REPORT [illegible]

ISSUE IV (CONTINUED)

THE HANDWRITTEN STATEMENT BY THE MOTHER OUT. COUNSEL NEVER SAID ANY-THING TO PETITIONER CONCERNING THIS STATEMENT, OR TO THE COURT. THE MEDICAL REPORTS CONFIRM THAT THERE WAS NO SERIOUS PHYSICAL INJURIES SUFFERED BY ANY OF THE OCCUPANTS OF THE VICTIM'S CAR, ONLY THE INFANT, WHICH RESULTED IN DEATH. HOW DOES COUNSEL JUSTIFY A CHARGE OF ASSAULT FIRST DEGREE (FOUR COUNTS) WITHOUT THE ELEMENT OF SERIOUS PHYSICAL INJURY?

IT IS CLEAR THAT PETITIONER HAS PRESENTED TO THE HONORABLE COURT IN THIS PETITION FOR POST-CONVICTION RELIEF THAT A MANIFEST INJUSTICE HAS BEEN DONE TO HIM FOR HE IS NOT GUILTY OF MURDER OR OF ASSAULT FIRST DEGREE AS SET-OUT IN THE CRIMINAL CODE AND BECAUSE OF THE FACTS IN THIS CASE AND THE LAW, THIS HONORABLE COURT SHOULD SET AN EVIDENTIARY HEARING FOR FURTHER FACT-FINDING AND TESTIMONY. COUNSEL FOR YOUR PETITIONER WAS NOT THE COUNSEL GUARANTEED BY THE UNITED STATES CONSTITUTION OR THE ALABAMA CONSTITUTION 1901. SEE ALSO: JOHNSON VS KEMP, 759 F.2d 1503 (11TH cir. 1985) (A CASE THAT INVOLVES COUNSEL'S PERFORMANCE OF THE SENTENCING HEARING.)

RESPECTFULLY SUBMITTED:

Terry Ligon

TERRY LIGON, AIS 220217