No. CR-03-1173

*In the COURT of CRIMINAL APPEALS
of ALABAMA*

TERRY LIGON,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court of
Russell County*
*(CC-01-352.60, 353.60, 354.60, 355.60, 356.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

Marc A. Starrett
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

July 30, 2004

EXHIBIT
1F

**STATEMENT REGARDING ORAL ARGUMENT**

The State of Alabama does not request oral argument, because the issues before this Court are adequately briefed and the Court's decisional process would not be significantly aided by oral argument. Ala.R.App.P. Rule 34 (a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT......................... i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES.................................... iii

STATEMENT OF THE CASE..................................... 1

STATEMENT OF THE ISSUE................................... 3

STATEMENT OF FACTS....................................... 4

STANDARDS OF REVIEW...................................... 8

SUMMARY OF THE ARGUMENT.................................. 9

ARGUMENT

    The Trial Court Did Not Err In Summarily Denying
    Ligon's Rule 32 Petition. ......................... 11

    A.  Ligon's procedural due process claim is
    procedurally barred by his failure to first present
    it to the trial court ............................. 11

    B.  Ligon's ineffective assistance of trial counsel
    claims were insufficiently pleaded and therefore
    properly summarily dismissed ...................... 12

    C.  Ligon's "misrepresentation of material facts"
    claim is procedurally barred by his failure to first
    present it to the trial court ..................... 15

CONCLUSION.............................................. 16

CERTIFICATE OF SERVICE.................................. 17

## TABLE OF AUTHORITIES

**Cases**

Coral v. State,
  01-0341, 2004 WL 1178422 (Ala. Crim. App. 2004). .... 12-13

Ex parte MacEwan,
  860 So. 2d 896 (Ala. 2002) ............................. 12

Hill v. Lockhart,
  474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). .. 14

Reed v. State,
  748 So. 2d 231 (Ala. Crim. App. 1999) ............. 12, 15

Strickland v. Washington,
  466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. .............. 13

Washington,
  466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. .............. 13

Watson v. State,
  CR-01-1180, 2003 WL 203176, at *3 n. 1 (Ala. Crim. App.
  2003). ................................................ 16

Yarbrough v. State,
  841 So. 2d 306 (Ala. Crim. App. 2002) ............. 13-15

**Rules**

Ala.R.Crim.P.

Rule 32.6 (b)......................................... 12

## STATEMENT OF THE CASE

Terry Ligon appeals from the March 30, 2004 judgment of the Russell County Circuit Court, the Honorable George R. Greene presiding, summarily denying post-conviction relief sought by his Ala.R.Crim.P. Rule 32 petition filed on or about October 30, 2002.[1]  (C. 1, 22, 125-126)  Ligon's Rule 32 petition stemmed from his September 10, 2001 Russell County Circuit Court convictions on the charges of first degree assault (CC-01-352, CC-01-353, CC-01-354, CC-01-355) and reckless murder (CC-01-356), arising from Ligon's act of driving a motor vehicle while intoxicated and striking another vehicle, injuring four of the other vehicle's

---

[1]What appears to be a second Rule 32 petition is found in the record at (C. 66-99).  The vast majority of the petition is entirely illegible.  The trial court's judgment in this case appears to pertain only to the Rule 32 petition found at (C. 16-64).  For this reason, this Appellee's Brief addresses only the petition found at (C. 16-64).  To the extent, if any, that the Rule 32 petition found at (C. 66-99) differs from the petition found at (C. 16-64) at issue in this appeal, Ligon has failed in his duty as the appellant to ensure a complete, legible record, and cannot complain of alleged error stemming from this second petition. "'It is the appellant's duty to provide this court with a complete record on appeal.'"  Wilkerson v. State, 686 So. 2d 1266, 1278 (Ala. Crim. App. 1996) (citation omitted).

occupants and killing a fifth occupant, eighteen-month-old Khalil Sutton.  (C. 133-136) Ligon pleaded guilty to the charges (C. 16), and his guilty plea proceeding is found in the record on appeal at (C. 128-142).  On November 13, 2001, pursuant to his plea agreement with the State, Ligon was issued concurrent sentences of twenty-five years' imprisonment on the reckless murder conviction and eight years' imprisonment on each assault conviction.  (C. 16, 138-140, 149)[2]

The State answered Ligon's petition, asserting that Ligon's claims were precluded and/or insufficiently pleaded and moving for a dismissal on these grounds.  (C. 121-122) Following the trial court's issuance of its March 30, 2004 written order dismissing Ligon's petition, Ligon appealed to this Court. (C. 125-126, 149)

---

[2]The sentencing order does not appear in the record, but undersigned counsel has independently confirmed this sentencing date by contact with the Russell County Circuit Court Clerk's Office.

2

**STATEMENT OF THE ISSUE**

Did the trial court err in summarily denying Ligon's Rule 32 petition?

## STATEMENT OF FACTS

On September 10, 2001, Terry Ligon pleaded guilty to
four counts of first-degree assault and one count of
reckless murder; Ligon was charged with these offenses
after driving a motor vehicle while intoxicated and
striking another vehicle, injuring four of the other
vehicle's occupants and killing a fifth occupant, eighteen-
month-old Khalil Sutton. (C. 56, 127, 133-136)  Pursuant
to a plea agreement referenced during his guilty plea
proceeding, Ligon was issued concurrent sentences of
twenty-five years' imprisonment on the reckless murder
conviction and eight years' imprisonment on each assault
conviction on November 13, 2001. (C. 16, 138-140, 149)
Ligon did not appeal from these convictions.  (C. 17)

On or about October 30, 2002, Ligon filed a petition
seeking post-conviction relief pursuant to Ala.R.Crim.P.
Rule 32. (C. 16, 22)  Ligon checked preprinted boxes
asserting that his guilty plea was involuntary; he was
denied effective assistance of counsel; the trial court was
without jurisdiction to render judgment or enter sentence;
and, that newly discovered facts establish that he is

4

innocent of his crimes.  (C. 20-21)  In listing his claims

as "Issues/Claims Presented," Ligon asserted:

  1) He was entitled to "a new trial, a new sentencing
     proceeding and/or other relief";

  2) The trial court was without jurisdiction to render
     judgment or impose sentence on his murder
     conviction;

  3) The trial court was without jurisdiction to render
     judgment or impose sentence in violation of the
     Double Jeopardy Clause;

  4) He received ineffective assistance of counsel.

(C. 27)

     Regarding Claim 1, Ligon asserted that the trial court

did not engage in a proper plea colloquy, and that he did

not understand, nor did he commit, the offense of murder to

which he pleaded guilty; he apparently questioned whether

Khalil Sutton was restrained or whether "a fault of the

manufacturing company" led Sutton's seat to "brake-lose

from its tie-down[.]"  (C. 28-34) Regarding Claim 2, Ligon

asserted that the evidence supported only a vehicular

homicide charge, not murder.  (C. 35-39)  Regarding Claim

3, Ligon asserted that his convictions violated the Double

Jeopardy Clause because his charges each arose from the

same act.  (C. 40-43)  Regarding Claim 4, Ligon asserted

that his trial counsel was ineffective by failing to

explain his charges or consult with him, failing to
investigate or challenge the State's allegations that he
was speeding or driving in a reckless manner, and because
there were no serious injuries to the other passengers to
support his assault convictions. (C. 44-49)

The State answered Ligon's petition, asserting that
Ligon's claims were precluded and/or insufficiently pleaded
and moving for a dismissal on these grounds.  (C. 121-122)

On March 30, 2004, the trial court summarily dismissed
Ligon's petition through the following written order:

> "The Petitioner, Terry Ligon, has filed a
> Petition for Relief from conviction and
> sentence pursuant to Rule 32 of the Alabama
> Rules of Criminal Procedure.  Petitioner cites
> as grounds for relief:
>
>> "1.  Denial of effective assistance of
>> counsel.
>>
>> "2.  The Court was without jurisdiction
>> to render the judgment or to impose the
>> sentence.
>>
>> "3.  Newly discovered material facts
>> which require the conviction or sentence
>> be vacated.
>
> "The Petition for Relief from conviction
> and sentence is hereby dismissed.
>
> "Petitioner, Terry Ligon, entered a plea
> of guilty to all charges.  At the time of the
> plea of guilty as a condition of his plea
> bargain agreement he waived all right to

appeal including the filing of any post-
conviction proceeding.  A copy of the entry of
pleas of guilty and the sentencing phase is
attached.

"The Court conducted a lengthy colloquy
with the Petitioner at the time of his pleas
of guilty.  Petitioner acknowledged his guilt
in all cases, and a basis for his guilt was
established in all cases.  Any newly
discovered evidence that the Petitioner sets
forth would not change or likely change the
determination of guilt of the Petitioner.  The
Court clearly has subject matter jurisdiction
in all cases.  All indictments sufficiently
notified Petitioner of charges pending against
him.  Petitioner was sentenced within the
sentencing range in each case as allowed by
law.  Petitioner fails to assert a factual
basis to establish an ineffective assistance
of counsel claim.  Furthermore, petitioner
failed to raise the issue of ineffective
assistance of counsel on Motion for New Trial
or on Appeal nor were any of petitioner's
other claims asserted on Motion for New Trial
or on Appeal."

"DONE this the 30th day of March 2004."

(C. 125-126)  The trial court attached a transcript of

Ligon's guilty plea proceeding to its order; a transcript

of Ligon's sentencing hearing is not found in the record.

(C. 127-141)

Following the trial court's entry of judgment, Ligon

appealed to this Court. (C. 125-126, 145-149)

7

## STANDARDS OF REVIEW

A trial court's judgment denying a petition for post-conviction relief is reviewed only for an abuse of discretion, and will be affirmed if correct for any reason. Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999).

## SUMMARY OF THE ARGUMENT

Ligon first argues that his right to procedural due process was violated by his purported failure to receive a copy of the State's answer to his Rule 32 petition; this argument is procedurally barred, due to his failure to first present this contention to the trial court. Reed v. State, 748 So. 2d 231, 234 (Ala. Crim. App. 1999).

Ligon's appellate claims that his trial counsel was ineffective and did not properly advocate for him, because statements by Ligon's victims following his drunken collision "give rise to a question of whether [they] suffered 'serious physical injury[,]'" and because the police improperly measured Ligon's rate of speed, were insufficiently pleaded in his Rule 32 petition and therefore properly dismissed. Ala.R.Crim.P. Rule 32.6 (b). Ligon's appellate claim alleging ineffective assistance based on his contention that his victims' vehicle made an illegal left-hand turn when the collision occurred is procedurally barred by his failure to first present the claim in his Rule 32 petition. Reed v. State, 748 So. 2d 231, 234.

Ligon's claim that the trial court was without authority to accept his guilty plea due to the "subterfuge" in which the State and trial counsel purportedly engaged regarding the extent of his victims' injuries is procedurally barred due to his failure to first present the claim to the trial court in his Rule 32 petition. <u>Reed v. State</u>, 748 So. 2d 231, 234.

The trial court's judgment denying Ligon's Rule 32 petition is therefore due to be affirmed.

10

**ARGUMENT**

**The Trial Court Did Not Err In Summarily Denying Ligon's Rule 32 Petition.**

On appeal, Ligon argues:  1) his right to procedural due process was denied because, he claims, he never received a copy of the State's answer to his Rule 32 petition (Appellant's Brief 10-12); 2) his trial counsel was ineffective and did not investigate or properly advocate for him, because statements by Ligon's victims following his drunken collision "give rise to a question of whether [they] suffered 'serious physical injury[,]'" his victims' vehicle made an illegal left-hand turn when the collision occurred, and the police improperly measured Ligon's rate of speed (Appellant's Brief 12-15); and 3) the trial court had no authority to accept his guilty plea, because the State's prosecutor and defense counsel "engaged in subterfuge" and unprofessional conduct by asserting that the occupants in the car struck by Ligon were seriously injured (Appellant's Brief 16-18).

**A.    Ligon's procedural due process claim is procedurally barred by his failure to first present it to the trial court.**

Ligon's claim that right to procedural due process was violated by his purported failure to receive a copy of the

State's answer to his Rule 32 petition is procedurally
barred, due to his failure to first present this claim to
the trial court. "An appellant cannot raise an issue on
appeal from the denial of a Rule 32 petition which was not
raised in the Rule 32 petition." Reed v. State, 748 So. 2d
231, 234 (Ala. Crim. App. 1999); cf. Ex parte MacEwan, 860
So. 2d 896, 897-898 (Ala. 2002) (State's purported failure
to serve petitioner with copy of its motion to dismiss his
Rule 32 petition, combined with the trial court's failure
to issue a written order summarily dismissing the petition,
required remand to trial court).

**B.  Ligon's ineffective assistance of trial counsel
claims were insufficiently pleaded and therefore
properly summarily dismissed.**

The trial court did not err in summarily dismissing
Ligon's ineffective assistance of trial counsel claims.
Ala.R.Crim.P. Rule 32.6 (b) required Ligon to submit a
petition that contained a "clear and specific statement of
the grounds upon which relief is sought, including full
disclosure of the factual basis of those grounds."
Although Ligon was not required to prove his allegations by
the petition, he was required to comply with the
requirements of specificity set forth by Rule 32.6.  Coral

v. State, 01-0341, 2004 WL 1178422, at *4 (Ala. Crim. App. 2004).  "'An evidentiary hearing on a [Rule 32] petition is required only if the petition is 'meritorious on its face[,]' and "'[a] petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.'" Coral v. State, 01-0341, 2004 WL 1178422, at *4 (internal citations omitted).

Ligon was required to plead facts with specificity to demonstrate that his trial counsel's performance was deficient and that he was actually prejudiced by this deficient performance.  Yarbrough v. State, 841 So. 2d 306, 309 (Ala. Crim. App. 2002), citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Because this alleged ineffectiveness arose from a guilty plea proceeding, Ligon was required to show that, but for trial counsel's actions, he would not have pleaded guilty but would have insisted on proceeding to

trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct.
366, 88 L. Ed. 2d 203 (1985).

As for Ligon's Rule 32 petition's contentions,
reasserted on appeal, that trial counsel did not advocate
for him or properly investigate his case regarding the
extent of his victims' injuries or measurement of his
vehicle's speed, Ligon did not sufficiently plead with
specificity facts that would entitle him to relief.  His
petition's conclusory statements that the occupants in
vehicle he drunkenly struck were not seriously injured, and
that the post-collision measurement of his vehicle's speed
was inaccurate (C. 44-49), were insufficient to provide
support for a finding that his trial counsel's performance
was defective or that the result of his charges would have
been different.  Ligon's opinions concerning the extent of
his victims' injuries or his rate of speed during the
collision cannot suffice to warrant an evidentiary hearing,
much less to support an award of post-conviction relief on
those claims. "A mere difference of opinion between a
defendant and his trial counsel is insufficient to render
counsel's performance ineffective." Yarbrough v. State, 841

14

So. 2d 306, 310 (Ala. Crim. App. 2002). Summary dismissal of these claims was thus proper.

Ligon's appellate argument whereby he attempts to allege ineffective assistance based on the manner in which his victims' vehicle was turning when the collision occurred (Appellant's Brief 13-14) was not submitted as an ineffectiveness ground in his Rule 32 petition (C. 44-49); this claim is therefore procedurally barred. Reed v. State, 748 So. 2d 231.

### C.  Ligon's "misrepresentation of material facts" claim is procedurally barred by his failure to first present it to the trial court.

Ligon's third and final argument, whereby he contends that the trial court possessed no authority to accept his guilty plea due to the misrepresentations and "subterfuge" in which the State and trial counsel engaged regarding the extent of his victims' injuries (Appellant's Brief 16-18), is procedurally barred. Ligon failed to present this claim in his Rule 32 petition (C. 16-49), and cannot now raise the issue before this Court. Reed v. State, 748 So. 2d 231, 234. In addition, to the extent that Ligon attempts to prove his ineffective assistance of trial counsel claims and this "misrepresentation" claim through exhibits

15

attached to his Appellant's Brief, it is well-settled that "attachments to briefs are not considered part of the record and therefore cannot be considered on appeal." Watson v. State, CR-01-1180, 2003 WL 203176, at *3 n. 1 (Ala. Crim. App. 2003).

### CONCLUSION

For the foregoing reasons, the trial court's judgment is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*
by:

Marc A. Starrett
*Assistant Attorney General*

16

## CERTIFICATE OF SERVICE

I hereby certify that on this *30th* day of July,

2004, I did serve a copy of the foregoing on the following,

by placing the same in the United States Mail, postage

prepaid and properly addressed as follows:

>      Terry Ligon, AIS # 220217
>      Ventress Correctional Facility
>      P.O. Box 767
>      Clayton, Alabama  36016

                                    _____
                                    Marc A. Starrett
                                    Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300
158551/STARRETT
66224-001