Attorney General's Copy
Starrett
64224

IN THE COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

NO. CR-03-1173

FILED
AUG 19 2004
CLERK
ALA COURT CRIMINAL APPEALS

TERRY LIGON,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF RUSSELL COUNTY
(CC-01-0352.60-CC-01-0356.60)

REPLY BRIEF OF APPELLANT

TERRY LIGON, PRO-SE
#220217
VENTRESS CORRECTIONAL FACILITY
P.O. BOX 767
CLAYTON, ALABAMA 36016-0767


EXHIBIT 16

## TABLE OF CONTENTS

page

Table of Contents----------------------------------------------------1

Table of Authorities-------------------------------------------------ii

Summary of Argument------------------------------------------------1-4

Rebuttal to State's Argument---------------------------------------5-11

Conclusion----------------------------------------------------------11

Certificate of Service----------------------------------------------12

## TABLE OF AUTHORITIES

page

Ex parte Boatwright, 471 So. 2d 1257 (Ala.-1985)------------------------2

Jefferson v. State, 643 So. 2d 313 (Ala.Cr.App. 1994)-------------------10

Johnson v. State, 835 So. 2d 1077 (Ala.Cr.App. 2001)--------------------2

Smith v. State, 852 So. 2d 185 (Ala.Cr.App. 2001)----------------------10

Strickland v. State, 771 So. 2d 1123 (Ala. Cr.App. 1996)----------------5

Strickland v. Washington, 466 U.S. 668 (1984)------------------------9,10

United States v. Ruiz, 536 U.S. 622 (2002)------------------------------9

## OTHER AUTHORITY

Alabama Rules Criminal Procedure

Rule 32.3----------------------------------------------------------2,6

Rule 32.6------------------------------------------------------------3

Rule 32.7----------------------------------------------------------2,6

## SUMMARY OF ARGUMENT

Ligon incorporates his Summary of Argument as stated in his brief on appeal (Appellant's brief, p. 8-9) and in this reply to the State's response and argument.

Ligon respectfully objects to the State's use of the phrases "serious injuries" and/or "seriously injured" in reference to what they believe Ligon states in his Rule 32 petition and in his brief on appeal. (Appellee's brief, p. 6, 11, 14.) While this objection may appar to be persnickety, the use of such contravenes exactly the point Ligon raises in his Rule 32 petition and brief, when refers to the essential material element of Assault 1st degree, that being "serious physical injury", as he states throughout both documents, and not as the State infers.

Further, for a clear understanding of the State's contentions to footnote #1, in the rendition of Statement of the Case, (Appellee's brief, p. 1), the State infers perhaps, that a second Rule 32 petition may have been filed by Ligon, no such thing happened. What (C. 66-99) does show is just another example of the procedural and filing irregularities that have occurred in the lower court concerning this petition, and that (C. 66-99) is the copies Ligon sent to the clerk of the court after she requested additional copies in December, 2002, which Ligon provided by sending the same as filed on October 31, 2002. (C.13-56)

That said, Ligon avers that the paramount issue of this appeal, that he (Ligon) must overcome, is whether the trial court, perhaps unaware of, the failure of the district attoney's office to provide him with a copy of their "Answer to Rule 32 Petition", created a procedural due process claim, and perhaps the court thinking that since Ligon did not respond to said "Answer", gave the trial court cause to summarily dismiss said petition. This "scenario" if true, effectively denied Ligon the opportunity he is entitled to rebut the district attorney's contentions, and offer further proof of all his claims, for the function of due process is to minimize the risk of erroneous fact-finding, which has occurred in the Order dismissing the petition.

(1)

The State does not argue that Ligon's procedural due process right was not violated according to Ala.R.Crim.P., Rule 32.3 and Rule 32.7(a) and Ex parte Boatwright, 471 So. 2d 1257, 1258 (Ala. 1985) and Johnson v. State, 835 So. 2d 1077, 1079-1080 (Ala Cr.App. 2001) only that Ligon is procedurally barred due to his failure to first present this contention to the trial court. Ligon would assert that since the State did not argue that he did not have a procedural due process claim, it must be taken as true, and therefore, a remand to the trial court for further proceedings is warranted. Ligon avers that this is the first opportunity he has to raise such claim through no fault of his own, as it not only involves the failure of the district attorney's office to provide a copy of their "Answer" to his petition (a procedural defect), but also shows that the clerk's record on appeal verifys the procedural defect by the district attorney's certificate of service of said "Answer" and then the filing date on the Case Action Summary. This error in procedure not only violated Rulr 32.7(a) where Ligon was due a response, but "spilled-over" to the trial court summarily dismissing Ligon's petition. Ligon avers that "The Scope" of the Alabama Rules of Criminal Procedure, which are for all purposes considered law are controlling in this instance, as the "committee comments" state: "...procedural law is that which provides or regulates steps by which one who violates a criminal statute is punished, the key word here is steps, and the district attorney failed to follow the rules.

Ligon avers that the clerk's record on appeal clearly substantiates his claim of being denied procedural due process, and that this violation by the district attorney's office is not "harmless error" and to negate this fact would place "form over substance, make the post-conviction remedy process meaningless, injure the integrity of the court, and would further subject Ligon to a miscarriage of justice, through no fault of his own. Ligon is due a remand to the trial court on this issue alone.

(2)

Ligon avers that the State would dismiss his ineffective assistance of counsel claims because they were not pleaded with specificity, and therefore, the trial court properly dismissed the petition pursuant to Rule 32.6 (b). However, the trial court stated in its Order dismissing the petition that " petitioner fails to assert a factual basis to establish an ineffective assistance of counsel claim." Ligon asserts that the trial court does not state "specific grounds", nor did the court cite Rule 32.6 (b) in its Order, as the State infers, therefore, the trial court erred in its determination, by not appraising the facts, law, and exhibits (evidence) Ligon did submit in his initial pleading to the court titled, "Facts and Law Pertaining To Rule 32 Petition", and erred in not allowing, if such be the case, after reading the petition, Ligon to amend the petition, especially after the court read the "Petition For A Writ Of Mandamus", wherein Ligon alludes to the court clerk's duty to send a copy of his petition to the district attorney, this statement by Ligon should have alerted the trial court that something is wrong here! Further, Ligon did motion the trial court for a "free transcript" never to receive a answer from the court. See: (Appellant's brief, exhibit #2).

A review of Ligon's Rule 32 petition with exhibits attached will affirm that he made factual statements concerning counsel's ineffective assistance to him, although, perhaps, these facts as stated may not set forth with precision as an attorney would, but nevertheless, are statements of fact bolstered with exhibits (evidence) that show counsel did not "make the adversarial testing process work" in this particular case. The plea of guilty record confirms Ligon's contentions of ineffectiveness, where his counsel is unsure how many of the occupants of the vehicle suffered "serious physical injury" or how many did require an extensive stay in the hospital, when the trial court inquired such of him. Ligon would counter the State's argument that the misrepresentation of material facts issue is procedurally barred by his failure to first present it to the trial court, with the fact that if Ligon's ineffective assistance of counsel claim as

(3)

-put forth to this court is meritorious then the court may decide the misrepresentation of material facts issue as presented. Ligon avers that the record of the plea of guilty hearing shows exactly what he contended in his Rule 32 petition. Ligon was not able to secure said record even though he motioned the court for a "free transcript" and the motion though filed, was never ruled on by the trial court. Counsel had an obligation to inform the trial court of any evidence or facts that would alter the court's decision, counsel did not do this, thereby, misrepresenting material facts to the court. Ligon's plea of guily to the charges must be vacated and a new trial ordered.

Ligon infers that at the beginning of this summary that the paramount issue in this appeal is the confusion generated by the filing process of the clerk's office and the cryptic posture of the trial court in not entering proper Orders of the court and not deciding motions filed etcetera. The "procedural facts" Ligon avers in his brief, (Appellant's brief, p.1) demonstrate this fact, that the trial court either by design or mistake delayed the advancement of the Rule 32 petition more than likely in anticipation of the finality of the civil suit filed against them, and Ligon should not be faulted for the procedural due process violations incurred by the lower court. Therefore, being considered, this appeal requires a remand to the trial court for further proceedings.

(4)

## APPELLANT'S REBUTTAL TO THE STATE'S ARGUMENT

Ligon would counter the State's argument that he is procedurally barred from raising his procedural due process claim to this court, because it was not "first presented to the trial court". (Appellees' brief 11) This contention by the State is misconstued to the extent that Ligon had no opportunity to rebut the district attorney's "Answer to Rule 32 Petition", for he never received a copy of it, even though it was allegedly submitted, (filed ?) <u>the first time on January 9, 2003,</u> according to the "Certificate of Service" attached to said document,(R.122) and <u>then later entered in the Case Action Summary as filed on March 12, 2003,</u> (C.01) which Ligon never received a copy of at that time either. Ligon further avers that had he received such document there was <u>a strong, reasonable possibility</u> that this appeal would not have been necessary. (Appellant's brief, 1,2)

Furthermore, Ligon's procedural due process claim is a result of the summary dismissal of his Rule 32 petition by the trial court, and <u>this is the first opportunity he has to plead this issue</u>, and that it concerns the Clerk's Record on Appeal  also, as Ligon had to <u>seek relief in the form of mandamus to this court</u> on February 19, 2004, to get a response from the lower court. Ligon provides a copy of his Petition for a Writ of Mandamus (styled as a motion) for convenience sake because he believes the State might not be aware of said document, and this Honorable Court can <u>take judicial notice</u> of its own records. See: <u>Strickland v. State</u>, 771 So. 2d. 1123, rehearing denied, cert. denied 771 So. 2d. 1129. (emphasis Ligon's)

Pursuant to this court's Order that the trial court respond to Ligon, the lower court on March 30, 2004 dismissed the Rule 32 petition. Ligon then gave notice of appeal, and it wasn't until May 10, 2004 when he was first made aware that the district attorney had "Answered" his petition, when he received the record on appeal.

The failure of the district attorney's office to provide Ligon with said "Answer" did effectively deny him procedural due process, that he was entitled, to submit or rebut with further proof any adverse contentions of the district attorney's office.

(5)

Ligon was denied due process for as the Rule 32.3 A.R.Cr.P. states in part:

> "...the petitioner shall have the burden of disproving its existence by a preponderance of the evidence."

and further Rule 32.7(a) states in part the following:

> "...the district attorney shall file with the court and <u>send to the petitioner</u>, or counsel for the petioner, if any, <u>a response</u>."(emphasis Ligon's)

this last obligation of the district attorney's office was never done, therefore, because of these facts and evidence Ligon was denied a right to which he was entitled, and requires a remand to the trial court for further proceedings, for one cannot present an issue if the issue has not happened during the pendency of of the litigation, the summary dismissal of the Rule 32 petition and the irregular procedural filings of the lower court and its cryptic posture as to Ligon's petition requires that a remand be ordered.

Ligon would counter the State's Argument "B" Appellees' brief 12), that his "ineffective assistance of trial counsel claims were insufficiently pleaded and therefore properly summarily dismissed.", in that he met the requirements of Rule 32.6(b) "Specificity", although not in a professional legal manner as an attorney would, but nevertheless, <u>with a clear and specific claim that his attorney was ineffective in his assistance and representation of him, and gave not only facts, but submitted some evidence to show the court that the Assault 1st degree conviction is in error, in his pleading, which was titled "Facts and Law Pertaining to Rule 32 Petition"</u>. (C.47-49) and evidence marked as exhibits "A" thru "D". (C.50-56) Surely, the trial court would see that his claims were "meritorious on its face" or just by the reading of such <u>does raise a question of substantial merit to carry the petition further and</u> NOT <u>to summarily dismiss said petition.</u>

(6)

The Alabama Supreme Court has held in <u>Ex parte Boatwright</u>, 471 So. 2d 1257, 1258 (Ala.1985) that:

> "...when a petition contains matters which if true, would entitle the petitioner to relief <u>an evidentiary hearing must be held.</u>" (emphasis Ligon)

Ligon submitted documents with his Rule 32 petition, marked PEX "A" thru "D", these documents included: witnesses statements; police interviews; the indictment for the Murder charge; and a letter from his counsel. (C.50-56) The ineffective assistance of counsel claim by Ligon (C.48-49) clearly addresses three of these documents, wherein part Ligon refers to Taquanna Law's statement (C.50-51) stating that <u>the EMT, said her sister was faking</u>, also this document <u>shows what Taquanna Law physically did after the accident</u>: "I jumped out of the vehicle...I ran to the passenger door, I tried to open the door...", this statement does not demonstrate that at that time Taquanna Law had any "serious physical injury", and further, this statement also shows that Ms. Law "proceeded up the hill ...to make a left turn at 47A highway 165 (that's the address)". This document standing alone shows that there is a definite question as to the serious physical injury of 1 if not two of the occupants in the other vehicle Ligon crashed into, and would warrant a investigation by counsel for the defense, to ascertain if the charge of Assault 1st degree is met by the elements of that statute, or if the left turn was legally proper that Ms. Law negotiating to get to the other side of the highway. Ligon avers that this highway is a major highway, with a speed limit of 55 MPH, with 4 lanes, 2 lanes heading South and 2 lanes heading North, separated by double, solid yellow lines, and the law in Alabama, is that one cannot cross over these lines, especially when making a turn to get to the other side of the highway, where Ms. Law wanted to visit.

Counsel for Ligon did not read the discovery material provided by the state or if he had he was not effective in his assistance or representation to Ligon, and

(7)

-counsel's failure to challenge these facts clearly show his ineffectiveness, for as stated by the United States Supreme Court in <u>United States v. Ruiz</u>, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed. 2d 586 (2002):

> "The right to effective assistance of counsel makes plain that an attorney's role would be <u>to challenge the charge or the sentence.</u>" (emphasis Ligon)

<u>Id.</u> at 629

To further illustrate that counsel's performance prejudiced Ligon's right to have an effective attorney, at the plea of guilty hearing counsel states the following, when the trial court was inquiring who sustained "serious bodily injury" and the length of time spent in the hospital,

> Mr. Armstrong: "Your Honor, I have read the case file extensively, and I do recall some having broken bones and having to stay in the hospital for an extensive period of time, but I don't recall if it was all four, I want to say it was three of them, but I can't quite remember." (R. 137)

May this court <u>take judicial notice</u> of this statement by counsel, for Ligon was required to plead guilty to four counts of Assault 1st degree, and if counsel was not sure who suffered "serious physical injury" and how many, then his counsel did not investigate or did not care to challenge the evidence that the State would rely on if the case went to trial, and this statement verifys that not all, if any, of the occupants suffered "serious physical injury" to comport to the elements of Assault 1st degree. The documents submitted as exhibits in the <u>Rule 32 petition are not new evidence</u>, they were part of the <u>discovery material</u> counsel sent to Ligon when Ligon asked for his file, (C.53-54) After Ligon was informed by a relative that none of the occupants suffered serious physical injury, counsel told him that they did have broken bones and internal trauma, and if he decided to go to court, they would testify to such, and he would be convicted and

(5)

-he would receive 99 years to life as a sentence. Counsel did not inform Ligon of the medical reports he received as part of the discovery material submitted by the State, which show that none of the occupants suffered "serious physical injury", and as Ligon stated in his Rule 32 petition: "<u>that the medical reports confirm that there was no serious physical injury suffered by any of the occupants of the victim's car, only the infant, which resulted in death. How does counsel justify a charge of Assault 1st degree (four counts) without the element of serious physical injury?</u>"(C.49) This statement by Ligon is very specific in that it refers to the medical reports which counsel and the state had in their possession and which Ligon also testified to, when he received his case file from counsel as requested. (C.93-94) The above facts of the medical reports are later re-confirmed by the sworn depositions of the 3 adult occupants of the victim's vehicle, where they testify to their injuries, (which are at best "minor physical injury", which show that none of the occupants suffered a "serious physical injury", i.e. broken bones or internal trauma) and were present as an exhibit to Ligon's "Answer to the Rule 32 Petition" as he was entitled, and although the trial court did remove the depositions to the trial court, at best he placed all the facts and pleaded it was "true", initial pleading, and he did plead specifically as to the medical reports, and that there was no serious physical injury suffered by the victim's car, and this pleading would have received a different outcome, if it had not been so stated, but there was/is a strong, reasonable **probability** that, "but for counsel's performance and unprofessional errors, the result of the proceeding would have been different, a reasonable probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The State argues that "his allegations statements that the occupants in the vehicle he drunkenly struck were not seriously injured (sic), is defeated by the facts Ligon pleaded with the documentary exhibits (evidence) attached to his petition, and the record of the plea guilty hearing. Further, Ligon's Affidavit (C. 111-112) shows that he could not have been too "drunkenly" incapacitated, as

(9)

-it shows that he was cooperative with police, when he was asked to move his truck to the side of the road, because it was blocking traffic. Ligon may have been statutorily, (legally) considered drunk, but other documents in discovery, witnesses statements, and police reports would show his concern for the occupants in the vehicle, especially the child who died. Counsel misrepresented the evidence that the State would rely on if the case went to trial, he never informed or showed Ligon these documents, all counsel kept telling Ligon was "that he was in a lot of trouble and he had no chance of winning at trial." Ligon asserted in the petition that had he known of what the charges consisted of or to the elements required to prove the charges he would have objected most strongly to the trial court and to his attorney as to taking the plea of guilty. (Counsel's duty to represent the material facts to Ligon and to this court is stated in Blust v. State, Blust., at 185 (Ala.Cr. App, 2001):

>       "....."

Id. at 185-189

Ligon asserts that the discovery contained mitigating facts, and in fact, should have evidence, that would have been favorable to him had he gone to trial, (cite to case) if the trial court finds where ineffective counsel claim is different from..... (cite, also, Ex Parte, Cage (1984) that:

>       "The defense..."

Id. at 315-317

Counsel's failure to disclose this evidence with Ligon and his misconduct of the evidence foreclosed the opportunity of Ligon to make an informed choice as to go to trial or to plead guilty. Due to the "difference of opinion" as the State insists, and there are "differences of opinion" that is a part of the contents in the discovery, where the (Appellee's brief, p.14) these "contentions" of Ligon are based upon fact and evidence, and counsel failed "to make the adversarial testing process work in this particular case." Strickland, 466 U.S. at

(10)

-690. Ligon is due to have his plea of guilty vacated and a new trial ordered.

Ligon would counter the State's argument that the "Misrepresentation of Material Facts" claim is procedurally barred by his failure to first present it to the trial court, by asserting that neither his Sixth Amendment rights, nor any other duty owed to him, supercedes his counsel's truthful disclosure obligation to the court! Obviously, the misrepresentation of material facts by counsel and the prosecutor at the plea of guilty hearing as to the injuries suffered by the occupants of the vehicle Ligon struck, if true, would be a jurisdictional issue at the trial court level, for the plea of guilty by Ligon could not be knowingly, intelligently, or voluntarily rendered by him, and therefore, a remand to the trial court on this issue is necessary.

## CONCLUSION

Ligon respectfully submits that in light of the issues presented by Ligon in this appeal of the denial of his Rule 32 Petition by the trial court, the ineffective assistance of counsel rendered to Ligon where he made open plea of guilty when a material objection to the court, together with their failure to supplement the plea of guilty record with the circumstances of the misrepresentation of material facts of the injuries to the victim, that this Court must reach the conclusion, that Ligon's constitutional and statutory rights were not met when he pled guilty and he is due to be granted all such other further and different relief as this court may deem proper and just.

Respectfully submitted, this the 19th day of August, 2005.

_Terry Ligon_
Terry Ligon, #200219
V.C.F. P.O. Box 767
Clayton, AL. 36016-0767

(11)

## CERTIFICATE OF SERVICE

I hereby certify that I have provided a copy of the Appellant's Reply Brief with exhibit #9 attached, by providing 6 copies of the same to this court with the Attorney General's copy duly marked and to be deposited in the Court Clerk's hand mail box for said party, on this the 17th day of August, 2004. I have mailed these copies via the U.S. Mail, Special Handling, postage prepaid, to the Clerk of the Court, Court of Criminal Appeals, 300 Dexter Avenue, Montgomery, Al. 36104-3741.

Terry Ligon, #220217
Ventress Correctional Facility
P.O. Box 767
Clayton, Al. 36017

## IN THE ALABAMA COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| Terry Ligon, | * | |
|     Petitioner, | * | |
| vs. | * | Case Nos.  CC-01-0352 |
| | * | CC-01-0353 |
| Honorable George Greene, | * | CC-01-0354 |
| Judge, Circuit Court of | * | CC-01-0355 |
| Russell County, State of | * | CC-01-0356 |
| Alabama, | * | |
|     Respondent. | * | |
| | * | |
| | * | |

### MOTION FOR A WRIT OF MANDAMUS

Comes now the Petitioner, Terry Ligon, pro-se, in the above styled cause, puruant to Rule 21, A.R.Cr.P., under the pro-se litigant standards of <u>Haines v. Kerner</u> 404 U.S. 519, 30 L.Ed. 2nd 652, 92 S.Ct. 594 (1974), and petitions this Honorable Court to issue a Writ of Mandamus to the Circuit Court of Russell County, Al, Honorable George Greene, Circuit Court Judge, Ordering that there be an adjudication/determination of Petitioner's Rule 32 petition for post-conviction relief.

The facts for this petition are, on October 31, 2002, Petitioner filed a single copy of his Rule 32, form with issues, law, and exhibits attached along with an Affidavit of Hardship for appointment of counsel, and a duly signed and authenticated In Forma Pauperis application. He could only provide a single copy as that is all the law library clerk would give him as this was the policy back in 2002.

In late December, 2002, or early January, 2003, Petitioner received from the Clerk's Office of the Circuit Court of Russell County all his filing papers sent on October 30, 2002, with just a "highlighted" portion of the Rule 32.6(a) wherein it states: ("The petition shall be accompanied by two copies thereof.") Petitioner would aver at this point, that the Correction Officer in charge of the law library at Ventress Correctional Facility would not give Petitioner 3 copies of the Rule 32 form, stating that "he need only file one as he is indigent, the court will make the other copies." The Correction Officer's name is Cortina Downie, who is no longer with the Department of Corrections. Petitioner would als aver that the original copy sent to the court was filed on October 31, 2002, as marked on the copy sent to this Honorable Court. After receiving said copy back from the court Petitioner went about trying to have copies made to send to the court in order to comply with the Rule 32, which he did on March 11, 2003.

(facts cont.)

The circuit Court granted Petitioner to proceed in forma pauperis on March 13, 2003. After waiting approximatel 90 days Petitioner motioned the court for an adjudication on the petiton and also for a appointment of an attorney, never to receive a response from the court, hence the filing of this petition for a Writ of Mandamus.

    Petitioner is being denied his Constitutional right to procedural due process and equal protection of the law through no fault of his own. Rule 32.1, A.R.Cr.P., "Scope of Remedy", specifically states that: ("... Any defendant who has been convicted of a criminal offense may institute a proceeding in the courtof original conviction.") Petitioner was convicted in November, 2001, after a plea of guilty to Murder and 4 counts of Assault 1st degree, in the Circuit Court of Russell County, Al.. Petitioner timely filed a Rule 32 petition for post-conviction relief, never to receive a response from the court, except that his in forma pauperis application has been granted. (See copy attached)

    Rule 32.6 (a) states that: (...the clerk shall file the petition and promptly send a copy to the district attorney ..."). Obviously, this has not been done as Petitioner has not received any response from said office. Petitioner contends that the Circuit Court of Russell County has been negligent in responding and processing his petition for post-conviction relief. Further, the Circuit Court has accepted jurisdiction of the subject matter of his Rule 32 petition when it granted permission to proceed in forma pauperis. See: Smith v. State, 840 So. 2nd 943 (Ala.Cr. App. 2002).

    From March 13, 2003 until this petition for a Writ of Mandamus, Petitioner has heard nothing from the circuit court, even though he has written letters and had family members call the clerk to ascertain the status of his petition, onlt to be told by the clerk that it ("the petition is on the judge's desk.") Because petitioner has unduly been denied his constitutional rights to procedural due process and equal protection of the law, this writ should be granted by Ordering the circuit court to respond with a judicial ruling so that Petition's Rule 32 petition may proceed in accordance with the law and rules of the court. Petitioner has no other recourse, but to petition this Honorable Court for relief.

Petitioner Humbly Prays This Court Such.

                                                                 Respectfully submitted,

                                                                 Terry Ligon, #220217, D3-29
                                                                 V.C.F. - P.O. Box 767
                                                                 Clayton, Al. 36016-0767

## CERTIFICATE OF SERVICE

I hereby certify that I have provideda copy with attachments of the foregoing to the Honorable George Greene, Circuit Court Judge, by placing same in the U.S. Mail, postage prepaid, First Class Mail prepaid, and duly addressed as Circuit Court of Russell County, P.O. Box 518, Phenix City, Al. 36868, on this the /5th day of February, 2004.

                                                                             Terry Ligon, #220217