Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

RELEASED
SEP 24 2004
CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-03-1173         Russell Circuit Court CC-01-352.60 through
                                         CC-01-356.60

Terry Ligon v. State of Alabama

WISE, Judge.

The appellant, Terry Ligon, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his September 2001 guilty-plea convictions for three counts of assault in the first degree, one count of reckless murder and his resulting sentences of 25 years' imprisonment for the murder conviction and 8 years' imprisonment for each assault conviction.[1] No direct appeal was taken.

---

[1]These convictions stem from an incident in which Ligon, driving a motor vehicle while intoxicated, struck another

1



On October 30, 2002, Ligon filed the instant Rule 32 petition wherein he alleged that: (1) the trial court did not engage in a proper plea colloquy thus, he contends, his guilty plea was not voluntarily made with an understanding of the nature of the murder charge; (2) the trial court was without jurisdiction to render judgment or to impose sentence on his murder conviction because, he says, the evidence presented only supported a conviction for vehicular homicide, not murder; (3) the trial court was without jurisdiction to render judgment or to impose sentence because his sentences were obtained in violation of double jeopardy as the charges against him arose from the same transaction; and (4) that he was denied effective assistance of counsel because, he says, his trial counsel: (a) failed to consult with him or explain the charges against him; (b) failed to investigate or challenge the State's allegations that he was speeding or driving in a reckless manner; and (c) failed to argue that there were no serious injuries to the other passengers. On January 9, 2003, the State filed its response denying all of Ligon's claims and asserting various grounds of preclusion, pursuant to Rule 32, Ala.R.Crim.P. On March 30, 2004, the trial court issued an order dismissing Ligon's petition. This appeal followed.

As best we are able to discern, Ligon appears to reassert claims (1) and (4) and further contends that the trial court erred in dismissing his petition without an evidentiary hearing.[2] Ligon also maintains that his procedural due process rights were violated by his alleged failure to receive a copy of the State's response to his Rule 32 petition.[3]

Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only:

---

vehicle, killing an 18-month old toddler and injuring the vehicle's other four occupants.

[2]Those claims that Ligon presented in his original petition to the trial court but does not pursue on appeal are deemed to be abandoned. Brownlee v. State, 666 So. 2d 91, 93 (Ala.Crim.App. 1995).

[3]This claim is precluded as it is being presented for the first time on appeal.

2

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

Ligon's claim regarding his voluntariness of his guilty plea is without merit. In Boglin v. State, 840 So.2d 926, 929-930 (Ala. Crim. App. 2002), this Court stated:

> "The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1994). The presence of a waiver of the right to collateral review should not bar review of the voluntariness of a guilty plea because, as noted above, an involuntary guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition. In addition, because ineffective assistance of counsel may, in some circumstances, render a guilty plea involuntary, see Ex parte Blackmon, 734 So.2d 995 (Ala.1999), we believe that claims of ineffective assistance of trial counsel may also be raised in a Rule 32 petition, despite a waiver of collateral review."

Ligon's claim that his guilty plea was not voluntarily entered is belied by the record which includes a transcript of the plea colloquy. The record clearly reveals that Ligon was fully apprized of the nature of the charges against him, his rights, and the consequences of pleading guilty. Although Ligon's brief contends otherwise, the record supports the finding of the circuit court. Thus, the court correctly determined that there was no merit to Ligon's claim that his guilty plea was involuntary.

3

Ligon also contends that his trial counsel was ineffective. A petitioner in a Rule 32 proceeding has the burden of pleading and proving his allegations. <u>Eddins v. State</u>, 581 So.2d 574 (Ala.Crim.App.1991); Rule 32.3, Ala.R.Crim.P. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Ex parte Lawley</u>, 512 So.2d 1370, 1372 (Ala.1987). In the context of guilty-plea proceedings, a petitioner must also show that but for counsel's errors, the petitioner would not have pleaded guilty, but would, instead, have insisted on proceeding to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Here, Ligon has not met the burden of pleading and is not entitled to relief on his ineffective-assistance-of-counsel claims. His complaints against trial counsel are no more than bare allegations and are not supported by facts or law. Ligon has failed to prove how he was prejudiced by his counsel's alleged deficient performance. Moreover, Ligon also has failed to prove that he would not have pleaded guilty and would have insisted on proceeding to a trial, as required by <u>Hill</u>. As a result, Ligon claims of ineffective assistance of counsel are without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.