FILED
OCT 8 2004
Rec'd 10-12-04
CLERK
ALA COURT CRIMINAL APPEALS

IN THE COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

CR-03-1173

AG'S COPY

TERRY LIGON,
APPELLANT,

vs.

STATE OF ALABAMA,
APPELLEE.

APPEAL FROM THE CIRCUIT COURT OF RUSSELL COUNTY

(CC-01-352.60 thru CC-01-356.60)

APPLICATION FOR REHEARING

Comes now the appellant Terry Ligon, pro-se inthe above styled cause and pursuant to the Alabama Rules of Appellate Procedure, Rule 40 (2003-2004), and respectfully requests this honorable court to rehear the above styled appeal based upon the following:

1.) That the court erred in its statement that Ligon's procedural due process rights were not violated by his alleged failure to receive a copy of the State's response to his Rule 32 petition as it is being presented for the first time on appeal, and was not presented to the trial court. Ligon avers that even this court was misled by the State's response, this believing that the State filed its response on January 9, 2003. No such thing happened, although the certificate of service of said document shows that the State of Alabama certifys that it was mailed to Ligon on that date, a review of the Case Action Summary shows that it was allegedly filed on March 12, 2003. (C.01, 121-122) Also, there is no filing date stamped on it by the clerk's office. Therefore, because this error in the lower court has had a significant impact, causing much frustration in the in procedural aspects of the Rule 32 petition and this appeal due to no fault of Ligon, a review of the procedural history and silent posture of the low

EXHIBIT
tabbies
I

-is warranted. Especially if considered that the trial court accepted jurisdiction by granting the in forma pauperis application on the very same date that the "Answer" is allegedly listed as filed on the case action summary. Something is wrong. This court was misled in one fashion and Ligon in another.

2.) That the court erred at page 4 in the memorandum opinion, perhaps, by either overlooking or misapprehending that Ligon "made only bare allegations,"concerning the ineffective assistance of counsel claim, "not supported by facts or law." In Ligon's Rule 32 petition he clearly states a "material allegation", by specifically stating a "material fact" that the medical records of the four occupants (evidence) do not conform to what constitutes the element of "serious phyical injury", a necessary element for a charge or conviction of Assault 1st degree, plus he states in the petition numerous times that counsel never discussed or explained the elements or charges to him, and that counsel never devulged the contents of the discovery material, which included the medical records with him.

3.) That the court erred in the memorandum opinion at page 4, in that Ligon had the burden of pleading and proving his allegations, citing: Eddins v.State, 581 So. 2d. 574 (Ala. Crim. App. 1991), and Rule 32.3. Ligon asserts that the petitioner does not have the burden of proving his allegations at the initial pleading stage, but rather, the p tition must contain a clear and specific statement of the grounds upon which relief is sought, even the Appellees brief agrees with this contention.

4.) That the court by misapprehending or overlooking that Ligon's plea of guilty could not be made voluntarily with the understanding of the nature of the charge, if after the plea of guilty was given and accepted by the court upon advice of counsel, Ligon learned through discovery material in counsel's possession that the material contained exculpatory evidence that would more than likely negate the charges that he plead guilty to, evidence that was misrepresented to by counsel, e.g. medical records of the occupants whose vehicle he struck that are contadictory as to the injuries suffered than what Ligon pled guilty to, and if true, would require an evidentiary hearing on counsel's reasonableness, by not making the adversarial testing process work in this particular case.

Ligon cited Strickland v. Washington 466 U.S. 668 (1984), as his present authority for the ineffective assistance of counsel claim. This court cited the above also, and Ex parte Blackmon, 734 So. 2d. 995 (Ala. 1999), which in actuality supports Ligon's position of misrepresentation by counsel of material facts, in the defendant's plea of guilty could not be rendered voluntarily.

Wherefore the premises considered, the appellant respectfully requests this Honorable Court to rehear his appeal on these issues.

Respectfully submitted,

TERRY LIGON, # 220217
VENTRESS CORRECTIONAL FACILITY
P.O. BOX 767
CLAYTON, AL. 36016-0767

# TABLE OF CONTENTS

| | PAGE NO. |
|---|---|
| TABLE OF CONTENTS | 1 |
| TABLE OF AUTHORITIES | 2 |
| STATEMENT OF [illegible] FACTS | 3-[illegible] |
| SUMMARY OF ARGUMENT | 7-8 |
| ARGUMENTS | |
| I. WHETHER THE TRIAL COURT AND THIS COURT OVERLOOKED OR MISAPPREHENDED LIGON'S ISSUE OF PROCEDURAL DUE PROCESS WHEN IT [illegible] BY THE PROCEDURAL DEFECTS OF THE STATE AND THE TRIAL COURT THROUGH NO FAULT OF LIGON, AND IN FUNDAMENTAL FAIRNESS REQUIRES REVIEW.. | 5-9 |
| II. WHETHER THE TRIAL COURT AND THIS COURT OVERLOOKED OR MISAPPREHENDED LIGON'S ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE SPECIFICALLY ASSERTED A FACTUAL ALLEGATION AND SPECIFICALLY STATED A MATERIAL FACT IN SUPPORT OF THE ALLEGATION TO SHOW THAT THE MISREPRESENTATION [illegible] BY COUNSEL [illegible] ASSAULT 1ST DEGREE ... | 10-12 |
| III. WHETHER THIS COURT [illegible] THAT LIGON HAD THE BURDEN OF PLEADING AND PROVING HIS ALLEGATIONS, WHEN <u>JOHNSON V. STATE</u>, [illegible] SO.2d 1077 (ALA. CRIM. APP. 2001) STATES OTHERWISE [illegible] INITIAL PLEADING. . . . . . . . . | 12- |
| IV. WHETHER THIS COURT ERRED IN OVERLOOKING OR MISAPPREHENDING THAT LIGON'S PLEA OF GUILTY COULD NOT HAVE BEEN VOLUNTARILY RENDERED WITH THE UNDERSTANDING OF THE NATURE OF THE CHARGE WHEN COUNSEL MISREPRESENTED MATERIAL FACTS CONCERNING THE INJURIES RESULTING IN A PLEA OF GUILTY TO ASSAULT 1ST DEGREE (4 COUNTS). . . . . . . . . . . . . . . . . . . . . . | |
| CONCLUSION | |
| CERTIFICATE OF SERVICE | 15 |

# TABLE OF AUTHORITIES

page

Ex parte Blackmon, 734 So.2d.995 (Ala. 1999) ---------- 14

Ex parte Boatwright, 471 So.2d. 1257 (Ala. 1985) ---------- 13

Johnson v. State, 831 So.2d. 1077 (Ala. Crim. App. 2001) ---------- 11, 12

Smith v. State, 852 So.2d. 185 (Ala. Crim. App. 2001) ---------- 14

Strickland v. Washington, 466 U.S. 668 (1984) ---------- 9,10

Black's Law Dictionary, 6th ed.(1991) ---------- 12

Alabama Rules of Criminal Procedure, Rule 32. 3, Rule 32.7 ---------- passim

STATEMENT OF CORRECTED FACTS

On March 25, 2001, Ligon was involved in an automobile accident, in which he ran into the back of another vehicle making a left-hand turn. (C.50-52) There were 5 people in this vihicle, a 18 month-old child, who was pronounced dead at the scene of the accident, another child of age 3, and 3 adults, who were transported to the emergency room for examination. Ligon's blood/alcohol test showed 0.16, sufficient to charge him with driving under the influence. Ligon was arrested and later indicted for Murder (reckless), and 4 counts of Assault 1st degree. (R. 128-130) May the court take judicial notice that the colloquy for the indictment on cese number CC-01-0356, charging Ligon with reckless Murder, states that he was also "in violation of Section 13A-5-191," there is no such statute. (C.30-31, 55-56.)
On September 10, 2001, upon the advice of counsel Ligon plead guilty to the above offenses as charged in the indictments. (R.137-140) Prior to the trial court accepting the plea, the court asked the district attorney and defense counsel if the 4 occupants of the car "sustained any serious physical injury"? The district attorney and counsel both affirmed to the court that they did, but counsel was unsure if it was three or four. (R. 135-137) These statements satisfied the court to accept Ligon's plea of guilty as "serious physical injury" is an essential element to the offense of Assault 1st degree.

On November 11, 2001, Ligon was sentenced to serve concurrent sentences of 25 years for the Murder conviction and 8 years (4 counts) for the Assault 1st degree convictions. (The Clerk's Record On Appeal is devoid of the sentencing record.) On April 11, and 19th, 2002, Ligon wrote to his attorney asking that he be given his case file, after relatives told him they learned that the 4 occupants of the car involved in the accident did not suffer any real injuries, contradicting what he was told by his attorney. (C.53-54)

When Ligon did receive the case file , he now read the police reports, the medical records, and victim's statements, showing discrepencies as to the injuries received by the 4 occupants and also that the police report diagram showing the positions of vehicles after the accident does not reflect a"true" depiction of the vehicles positions after the accident as to where the vehicles landed. (C.50-52, 111-119) The documents received from counsel gave Ligon reason to file the Rule 32 petition for post-conviction relief on October 30, 2002, as the documents show that there was exculpary material that would definitely raise a question as to the Assault 1st degree charge and conviction, plus an arguable question to the Murder charge also, and had he known of this material evidence he would not have plead guilty, but elected to go to trial or plead to a lesser charge, (C.29) for he is innocent of Assault 1st degree and Murder as charged. (C.49) The driver of the other vehicle states that she was making a left-hand turn on Hway 165. (C.50-51) The speed limit on this highway is 55 mph, and it is 4 lanes, 2 going South, and 2 lanes going North, separated by a solid double yellow lines. Unless the law has changed prior to this accident one cannot cross double solid yellow lines in the State of Alabama, especially to make a left-hand turn into on coming traffic. These documents were in counsel's possession pursuant to a motion for discoveryfrom the prosecutor's office. Counsel never reviewed these documents or discussed them with Ligon.

In Ligon's Rule 32 p tition he checked on the form the preprinted boxes : "Conviction obtained by plea of guilty which was unlawful, induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea," and denial of effective assistance of counsel." (C.20) Ligon also checked box "E" , "newly discovered material facts exist which require that the conviction or sentence be vacated by the court because, the facts relied upon were not known by the petitioner....at the time of trial or sentencing....", the facts establish that petitioner is innocent of the crime for which he was convicted...." (C.21)

These "newly discovered material facts"were new to Ligon per-se, but not new to his counsel, if he reviewed them. In addition to the Rule 32 petition Ligon submitted "Issues and Law Pertaining To Rule 32, A.R.Cr.P. Petition For Post Conviction Relief" , in which Ligon, as a first-time pro-se litigant presented his claims.

On March 12, 2003, the district attorney's office allegedly filed its "Answer To Rule 32 Petition", in which they assert the claims of were precluded; fails to supply a sufficient factual basis on the claims; alleges ineffective assistance of counsel, but has failed to allege facts such that would support his claim; has failed to state any new facts that wopuld require a new trial be granted and as such his 3rd ground for relief also is due to dismissed.(C.121-122) Ligon never received a copy of this "Answer" as the"State of Alabama" certifys in the certificate of service as serving such upon Ligon on January 9, 2003. (C.122) This court was also misled by the alleged filing of this document in its opinion(memorandum) at page 2. The trial court granted Ligon's "in forma pauperis application" on March 12, 2003, tharby accepting jurisdiction of the Rule 32 petition, unbeknownst to Ligon, as he believed the application was granted on October 30, 2002, along with his Rule 32 petition as being marked filed by the clerk's office. (C.24, 65) On November 5th, 2003, Ligon once again motioned the court for appointment of counsel, never to receive a reply from the court. (C.123) After waiting approximately 15 months from the time of filing the Rule 32 petition and not hearing anything from the court, Ligon petitioned this court for a "writ of mandamus" and this court did Order that the lower court respond, which it did by dismissing the Rule 32 petition, on March 30, 2004. (C.125-126) The court stated in part that "any newly discovered evidence that petitioner sets forth would not change or likely change the determination of guilt of the petitioner....petitioner fails to assert a factual basis to establish an ineffective assistance of counsel claim....". The Order of the lower court sent to this court pursuant to the mandamus petition had attached to it the

-Order was the record of the plea of guilty hearing. (R.127-142) The Order from dismissing Ligon's petition was received by him On April 6, 2004, without the attachments that were sent to this court in its response to the petition for a writ of mandamus, Ligon tried unsuccessfully to get this court to Order that he be supplied with the attachments it received in the lower court's Order, and then tried to get a copy from the trial court to no avail, by requesting such by motion on April 9, 2004. the court denied said motion on April 23, 2004, when Ligon filed his Notice of Appeal. (C.145-150)

It is from the above procedures and decisions of the lower court that Ligon appeals to this court for relief.

SUMMARY OF ARGUMENT

Ligon is entitled to appellate review of his claim of denial of his right to procedural due process, as it is apparent by this honorable court's opinion when it stated that the State filed its response on January 9, 2003, to Ligon's Rule 32 petition, when the State did no such thing, apparently this court did look at the State's response in the clerk's record and saw that the certificate of service states that it was filed and a copy sent to Ligon, yet the case action summary says that it was filed on March 12, 2003, however, their is no stamp on it saying such by the clerk's office. This assumption may be a replica of what the trial court perceived also, that being, that since Ligon did not respond to the State's "Answer" the court will summarily dismiss the petition. However, the trial court granted Ligon's in forma pauperis application on March 12, 2003, thereby accepting jurisdiction of the petition, so apparently for reasons which can only be speculated at for the time being the State withdrew its "Answer" on the 9th of January, 2003, which is suspect, for the occupants of the vehicle which Ligon struck gave their depositions to attorneys in the civil law suit, on January 7, 2003. In the depositions the testimony as to the injuries that were suffered was given by the three adults, and would prove favorable for Ligon, but because of the procedural irregularities and that Ligon never received the State's response at any alleged filing he was foreclosed to present these facts to the trial court.

Ligon is entitled to a rehearing on the issues presented to the lower court as this court and the trial court either by overloking or misapprehending the material facts supporting his material allegation and exihibits (evidence) of materiality submitted on his ineffective assistance of counsel claim, which would show that Ligon is innocent of the charges he plead guilty to upon the advice of counsel. Ligon is not saying he is not guilty at all, but not guilty of what he

-he was charged and convicted of after his plea of guilty. Therefore the plea was not rendered voluntarily and knowingly per se, as the facts were misrepresented to him by counsel.

## ARGUMENT I

WHETHER THE TRIAL COURT AND THIS COURT OVERLOOKED OR MISAPPREHENDED LIGON'S ISSUE OF PROCEDURAL DUE PROCESS WHEN IT TOO HAS BEEN MISLED BY THE PROCEDURAL DEFECTS OF THE STATE AND THE TRIAL COURT THROUGH NO FAULT OF LIGON, AND IN FUNDAMENTAL FAIRNESS REQUIRES REVIEW.

Ligon asserts that once the court grants the in forma pauperis application, it accepts jurisdiction of the Rule 32 petition. From the onset of the filing of petition there has been much confusion generated as to the trial court's cryptic and unorthadox manner in the procedural aspects of the Alabama Rules of Criminal Procedure, in relation to Rule 32, et seq. This court stated that the State filed its response on January 9, 2003, and Ligon shows the court that no such thing happened. The court reviewed the State's Answer To Rule 32 Petition, obviously, for the certificate of service says that Ligon was sent such document on January 9th, 2003, yet the case action summary show the State's "Answer" as filed on March 12, the very same day that the trial court granted Ligon pauper status, and the State's "Answer", has no filing date stamped on it by the clerk's office.(C.01,122, 126)

Rule 32.5,A.R.Crim.P. states in part the following:

> "the clerk shall file the petition and promptly send a copy to the district attorney."

Rule 32.7(a),A.R.Crim.P. states in part the following:

> "within 30 days after the service of the petition or within the time otherwise specified by the court, the district attorney...shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which... as appropriate or material to the issues raised in the petition."

Ligon never received a copy after of the "Answer" at any time of the alleged filing, and after he received the court's Order granting his pauper status he was waiting for either the court to Order the district attorney to respond or that the district

ARGUMENT II

WHETHER THE TRIAL AND THIS COURT OVERLOOKED OR MISAPPREHENDED LIGON'S ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE SPECIFICALLY ASSERTED A MATERIAL ALLEGATION AND SPECIFICALLY STATED A MATERIAL FACT IN SUPPORT OF THE ALLEGATION TO SHOW THAT THE MISREPRESENTATION OF THE INJURIES OF THE FOUR OCCUPANTS, TO HIM, BY COUNSEL CONTROVERT THE ESSENTIAL ELEMENT OF ASSAULT IN THE FIRST DEGREE.

Ligon asserts on the Rule 32 form he checked the preprinted boxes (1) " Conviction obtained by plea of guilty which was unlawful, induced or not made voluntarily with understanding of the nature of the charge..."; (9) "Denial of effective assistance of counsel; and box "e" New Discovered material facts" exist which require that the conviction or sentence be vacated by the court because:

> "The facts relied upon were not known by the petitioner or petitioner's counsel at the time of trial or resentencing..."

and

> "The facts establish that petitioner is innocent of the crime for which he was convicted. . ." (C-19-21)

A.R.Crim. P., Rule 32.6(b): Specfically: states in part the following;

> "The petition must contain a clear and specific statment of the grounds upon which relief is sought, including full disclosure of the factual of those grounds. . . "

The trial court stated in its order dismissing Ligon's petition "Petitioner fails to assert a factual basis to establish on effective assistance of counsel claim." (C-126)

This court stated in its opinion affirming the lower court;

> "Here Ligon has not met the burden of pleading and is not entitled to relief on his ineffective assistance of counsel claims. His complaints against counsel are no more than "bare allegations and are not supported by facts or law."
> "Ligon has failed to prove how he was prejudiced by his counsel's alleged deficient performance."

Ligon directs this Court to his Rule 32 petition at (C-49) wherein he states the following:

> The medical reports confirm that there was no serious physical injuries suffered by any of the occupants of the victim's

car, only the infant, which resulted in death. How does counsel justify a charge of Assault 1st Degree (4 Counts) without the element of serious physical injury? See also, (Appellant's brief p. 13-15) (Appellant's reply brief p. 7-10

Black' Law Dictionary, (6th ed. 1990) defines "material fact" as:

> "One which is essential to the case, defense, application etc., and without which it could not be supported. One which tends to establish any issue raised. The material facts of an issue of fact are such as are necessary to determine the issue. Material fact is one upon which outcome of litigation depends." Amant v. Pacific Power & Light Co., 10 Wash. App 785, 520 P.2d 481, 484.

The statement made in the ineffective assistance of counsel claim. (C-44-49) Here Ligon makes a material allegation, that the four occupants of the car "did not suffer 'serious physical injury'". The issue is that Ligon plead guilty to Assault 1st Degree requiring the essential (material) element of serious physical injury, upon the advice of counsel. The material fact submitted by Ligon specifically stated: "That the medical report confirm that there was no serious physcial injuries suffered by any of the occupants. . . How does counsel justify a charge of Assault 1st Degree (4 Counts) without the element of serious physical injury?" The material evidence would be the medical reports, and exhibit "A" (C-50-51) is materiality evidence which would refer to the medical reports/records when the time for burden of proof is procedurally warranted, usually after the district attorney's "answer" is received. Ligon respectfully asserts that he has pleaded this issue with a material allegation, supported by a material fact and then law, citing Strickland, 466 U.S. at 690. "That counsel's function, as elaborated in prevailing professional norms, is "to make the adverearial testing process work in the peticular case" . . . Ligon is a pro-se litigant and not formally trained in the professional manners in pleading etc., however, this specific statement should lead a reasonable jurist to inquire further, for Ligon here only to plead at this initial stage of the proceedings and this factual and specific claim which is not "a bare allegation," and it would stand to reason that if there is and essential element lacking, in that the burden of proof has not been met then there can be no conviction. Further an effective counsel, performing to the prevailing professional norms would have challenged the indictment,

-performing to the prevailing professional norms would have challenged the indictments "to make the adversarial testing process work in this particular case". Ligon's counsel was not the counsel guaranteed by the Sixth Amendment of the United States Constitution, and he due an evidentiary hearing on this matter.

## ARGUMENT III

**WHETHER THIS COURT ERRED, THAT LIGON HAD THE BURDEN OF PLEADING AND PROVING HIS ALLEGATIONS, WHEN JOHNSON v. STATE, 835 So. 2d 1077 (Ala. Crim. App. 2001) STATES OTHERWISE CONCERNING THE INITIAL PLEADING.**

This court stated in its opinion affirming the lower court's dismissal of Ligon's Rule 32 petition: "Moreover, Ligon has failed to prove that he would not have pleaded guilty and would have insisted on proceeding to trial required by Hill v. Lockhart, 74 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed. 2d. 203 (1985). Ligon asserts that he was "not required to prove his allegations at they pleading stage," only to make specific facts that would require an evidentiary hearing or relief sought. For as this court stated in Johnson v. State, 835 So. 2d. 1077, 1079-1080, (Ala. Crim. App. 2001):

> " A claim may not be summarily dismissed because the petitioner failed to meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a burden to plead."

Further, in Johnson the petitioner claimed ineffective assistance of counsel among other things that his counsel was ineffective by not objecting to the court's failure to swear the jury venire. Here Ligon asserts that his counsel was ineffective for not challenging the Assault 1st degree charge with the medical records, and that it newly discovered evidence for Ligon p r-se since counsel had it in his possession but did not divulge the contents to him, the trial court did not factually address this issue , but circumvented it by saying"any new evidence set forth would not change or likely change the determination of guilt."(C.124)

Ligon did more than just plead, he made a very specific material allegation and supported it with a material fact (material evidence that controverts the charge and conviction), and went as far as to provide an Exhibit "A" (C. 50-51), in which it can be deemed "materiality evidence" and would refer to the medical records of the 4 occupants, a reasonable, effective counsel reading it, e.g. One of the occupants (driver) of the car stated the following: (" I jumped out of the vehicle and tried to open the passenger door...so I to back passenger door...my sister and I followed ...while in the ambulance the EMT made a cruel statement towards my sister...he stated that she was faking." (C.51)

This exhibit (C. 50-51) gives rise to a reasonable question of whether the two sisters actually suffered any "serious phyical injuries", a necessary element for Assault 1st degree. The physical actions of the driver after the accident show that she was not impaired by any limb movement and that her mental faculties were in operating in a normal feshion no shock or unconsciousness, while the EMT stated that the other sister was faking. The medical records in counsel's possession pursuant to discovery would show that there was no "serious physical injury to these two occupants, however, Ligon only had to plead at this stage of the proceeding, but still he he did more by supplying some evidence, to enhance his claim. The Alabama Supreme Court has opined in Ex parte Boatwright, 470 So. 2d. 1257, 1258 (Ala. 1985) that:

> "...when a petition contains matters which if true, would entitle the petitioner to relief an evidentiary hearing must be held."

Ligon avers that the key phrase in the statement above is, "which if true" would entitile him to relief. If the medical records show that the 4 occupants of of the vehicle or for this argument 2 occupants did not sustain any serious physical injury, then Ligon could not be guilty of said Assault 1st degree. The trial court summarily dismissing his petition foreclosed any opportunity for Ligon to present "his burden of proof" as would normally be the after the district attorney's "Answer" was received by him or the trial court Ordering an evidentiary hearing or requesting a statement from counsel to verify Ligon's contentions.

Ligon respectfully avers that the trial court and this court erred in dismissing and affirming the denial of any relief to Ligon and that the procedural irregularities of the lower court have frustrated his attempts to prove his contentions, after being denied a fair trial because of counsel's misrepresentations of material facts to him. Whereby, he asserts that he is due to have a remand to the trial for an evidentiary hearing to correct the manifest injustice done to him.

## ARGUMENT IV

WHETHER THE COURT ERRED IN OVERLOOKING OR MISAPPREHENDING THAT LIGON'S PLEA OF GUILTY COULD NOT HAVE BEEN VOLUNTARILY RENDERED WITH THE UNDERSTANDING OF THE NATURE OF THE CHARGE WHEN COUNSEL MISREPRESENTED MATERIAL FACTS CONCERNING THE INJURIES, RESULTING IN PLEA OF GUILTY TO ASSAULT 1ST DEGREE.

This court erred in [illegible] the trial court's order to dismiss Ligon's petition by overlooking [illegible] [illegible] plea of guilty could not have been [illegible] [illegible] [illegible] [illegible] counsel [illegible] [illegible] [illegible] [illegible] Ligon, [illegible] to plead guilty because if the [illegible] [illegible] appeared and testified [illegible] the jury would be most sympathetic [illegible] because of their injuries [illegible] [illegible] [illegible] [illegible] year [illegible] [illegible] [illegible] of the [illegible] [illegible] stance on [illegible] [illegible] that the judge gave a good colloquy and [illegible] [illegible] [illegible] [illegible] the injuries and circumstances of the accident [illegible] [illegible] such as the [illegible] however, [illegible] [illegible] [illegible] learned [illegible] [illegible] [illegible] [illegible] the child [illegible] [illegible] [illegible] for [illegible] [illegible] [illegible] the [illegible] [illegible] [illegible] the facts of the injuries to him, medical records, the circumstances of the case, police reports [illegible] [illegible] [illegible] convince him to plead guilty. [illegible] [illegible] [illegible] and [illegible] [illegible].

This court [illegible] [illegible] [illegible] newly discovered evidence [illegible] [illegible] form, [illegible] while this may not be considered new evidence [illegible] [illegible] discovery motions [illegible] [illegible] [illegible] the trial court addresses such by stating:

> "[illegible] [illegible] [illegible] would not change or likely change the determination of guilt." (C-125)

The trial court did not [illegible] [illegible] [illegible] fact of the medical records with a finding of fact, only to say "would not change or likely change the determination of guilt". How could the trial court know

this when it did not have the [illegible] of testimony from counsel (affidavit) or conduct an evidentiary hearing, could not [illegible] be guilty of a lesser offense.

This court cited Ex parte [illegible], 754 So.2d 592 (Ala. 1999) because counsel [illegible]. Ligon asserts that [illegible] prejudice suffered by the [illegible] and that the discovery material be received [illegible] could not be convicted of Assault 1st Degree. Therefore, the plea of guilty would not have been voluntarily rendered with an understanding of the [illegible] at that time. This is a matter which [illegible] evidentiary hearing must be held.

## CONCLUSION

[illegible] of the foregoing [illegible] this Honorable Court the [illegible] its earlier [illegible] cumulative effect of the procedural irregularities [illegible] Rule 32 [illegible] material allegations [illegible] Assault 1st Degree convictions and subsequent [illegible] the reasons that this case be remanded to the trial court for an evidentiary hearing [illegible] the ineffectiveness of counsel's assistance [illegible] that he be granted all such other further and different relief [illegible] this Court may deem proper and just.

Respectfully submitted,

Terry Ligon

TERRY LIGON AIS #220217
VENTRESS CORRECTIONAL FAC.
P.O. BOX 767
CLAYTON, AL. 36016-0767

CERTIFICATE OF SERVICE

I hereby certify that I have provided a copy of the appellant's Application for Rehearing with [illegible] attached to the Attorney General Office by supply of the Clerk of the Court with six (6) copies of said documents, the Attorney General's copy clearly marked for deposit in the hand mail box in the Clerk's Office. I have placed these copies in the institutional mail box on October [illegible], 2004, marked priority mail, postage pre-paid to the Clerk of the [illegible] Court of Criminal Appeals, 300 Dexter Avenue, Montgomery, AL. 36104-3741.

Terry Ligon

TERRY LIGON AIS #220217
VENTRESS CORRECTIONAL FAC.
P.O. BOX 767
CLAYTON, AL. 36016-0767