IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TERRY LIGON #220217,            )
                                )
    Petitioner,                 )
                                )
    v.                          )   CIVIL ACTION NO. 3:05-CV-707-F
                                )
J. C. GILES, et al.,            )
                                )
    Respondents.                )

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Terry Ligon ["Ligon"], a state inmate, on July 29, 2005. In this petition, Ligon challenges convictions for one count of reckless murder and four counts of first degree assault entered against him by the Circuit Court of Russell County, Alabama on September 10, 2001 pursuant to his pleas of guilty.[1] On November 13, 2001, the trial court sentenced Ligon to concurrent terms of twenty-five years imprisonment on the reckless murder conviction and eight years imprisonment for each of the assault convictions. Ligon did not file a direct appeal of these convictions thereby rendering such convictions final by operation of law on December 26, 2001.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable

---

[1] "The convictions arose from an incident where Ligon, driving a motor vehicle while intoxicated, struck another vehicle, killing an 18-month old toddler and injuring the vehicle's other occupants." *Respondents' Answer* at 6.

to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Ligon's murder and assault convictions became final in December of 2001 -- **after** the effective date of the statute of limitations -- Ligon must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending before the state courts. The respondents acknowledge that Ligon filed a petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the trial court on October 30, 2002.[3] However, they contend that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to petitioner filing this federal habeas petition. *Respondents' Answer* at 6-7. The respondents therefore argue that the instant federal habeas petition is time-barred under Section 2244(d)(1)(A). *Id.* Upon review of the pleadings filed in this case and the law of this Circuit, it appears that the § 2254 petition filed by Terry Ligon on July 28, 2005 is precluded from review by this court as it was filed outside the applicable period of limitation.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[3]The respondents assert that this is the date Ligon presented his Rule 32 petition to prison authorities for mailing. *Respondents' Answer* at 5, citing *Respondents' Exhibit 1A* at C-22. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing, this court likewise construes October 30, 2002 as the date Ligon filed his Rule 32 petition.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id*. However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to apply for such relief.

In accordance with his pleas of guilty, the petitioner was convicted of reckless murder and first degree assault by the Circuit Court of Russell County, Alabama on September 10,

2001. The trial court imposed sentence upon Ligon for these convictions on November 13, 2001. The petitioner did not file a direct appeal of his murder and assault convictions. Since Ligon failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. Thus, by operation of law, Ligon's reckless murder and first degree assault convictions became final on December 26, 2001 -- the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.[4] The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run December 26, 2001.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 307 days after the petitioner's convictions became final until the filing of a Rule 32 petition in the Circuit Court of Russell County on October 30, 2002. This petition remained pending in the state courts until final resolution occurred upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on November 3, 2004. Consequently, as of the aforementioned date, Ligon

---

[4]This rule of state appellate procedure requires that a notice of appeal be filed within forty-two (42) days of the pronouncement of sentence. Under the circumstances of this case, the forty-second day fell on December 25, 2001, a legal holiday in Alabama. "Accordingly, Ligon's period for filing the notice of appeal was extended 'until the end of the next day which [was] not a Saturday, Sunday, or legal holiday[,]' December 26, 2001." *Respondents' Answer* at 5 n.3.

had 58 days of the applicable limitation period remaining within which to file a federal habeas petition, and the time allowed the petitioner for the filing of such a petition expired on December 31, 2005. However, since this date served as an appointed federal holiday, Ligon had until January 3, 2005 to file a federal habeas petition. *See* Rule 6(a), *Federal Rules of Civil Procedure*. The petitioner filed this federal habeas petition on July 29, 2005. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Ligon filing the instant § 2254 petition. In light of the foregoing, it is

    ORDERED that on or before September 13, 2005 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

    Done this 24th day of August, 2005.

                                       /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE