CR-03-1173

COURT OF CRIMINAL APPEALS NO. _____

# Appeal To Alabama Court of Criminal Appeals

### FROM

### Circuit Court of Russell County, Alabama

| | |
|---|---|
| **CIRCUIT COURT N** | CC-01-352.60-356.60 |
| **CIRCUIT JUDG** | GEORGE R. GREENE |

Type of Conviction/ Order Appealed From:       RULE 32 PETITION

Sentence Imposed:       PETITION DISMISSED

Defendant Indigent:     ☑ YES    ☐ NO

### TERRY LIGON

**Name of Appellant**

TERRY LIGON #220217

(Appellant's Attorney)        (Telephone No.)

P.O. BOX 767

(Address)

CLAYTON      AL       36016

(City)           (State)         (Zip Code)

### V.

### STATE OF ALABAMA

**Name of Appellee**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT
1A

INDEX TO TRANSCRIPT

|  | PAGE |
|---|---|
| Case Action Summary CC-2001-352.60, 353.60, 354.60, 355.60 and 356.60 | 1 |
| Affidavit of Substantial Hardship | 11 |
| In Forma Pauperis Delcaration | 13 |
| Petition for Relief from Conviction or Sentence | 16 |
| Order | 58 |
| In Forma Pauperis Delcaration | 59 |
| Order Granting In Forma Pauperis Declaration | 65 |
| Petition for Relief from Conviction or Sentence | 66 |
| Affidavit in Support of Rule 32 Petition | 111 |
| Answer to Rule 32 Petition | 121 |
| Motion for Appointment of Counsel | 123 |
| Order on Rule 32 Petition | 125 |
| Docketing Statement | 146 |
| Reporter's Transcript Order | 148 |
| Defendant's Notice of Appeal to the Court of Criminal Appeals of Alabama | 149 |
| Clerk's Notice of Appeal to the Court of Criminal Appeals | 151 |
| Certificate of Completion of Clerk's Record | 156 |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2001 000352.60
OPER: JOS                        CASE ACTION SUMMARY
PAGE:   1                        CIRCUIT   CRIMINAL                RUN DATE: 05/07/2004
========================================================================================
     THE CIRCUIT COURT OF   RUSSELL                                         JUDGE: GRG

STATE  OF  ALABAMA                       VS        LIGON FERRY
                                                   220217
CASE: CC 2001 000352.60                            P.O. BOX 767
                                                   CLAYTON, AL   36016 0000

DOB: 05/31/1958          SEX: M  RACE: B  HT: 5 11  WT: 190    HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
========================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:         01PL078

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE     INDICTED: 06/15/2001         DATE     FILED: 12/23/2002
DATE   RELEASED:                      DATE  HEARING:
    BOND AMOUNT:            $.00        SURETIES:

DATE 1:          DESC:                 TIME: 0000
DATE 2:          DESC:                 TIME: 0000

TRACKING NOS:                     /                       /

  DEF/ATY:                            TYPE:                              TYPE:

                        00000                          00000

PROSECUTOR:


========================================================================================
 H CSE:    000000000000 CHK/TICKET NO:                    GRAND JURY: 142
 URT REPORTER:                       SID NO:     000000000
DEF STATUS: PRISON              DEMAND:                          OPER: JOS
========================================================================================
   TRANS DATE   ACTIONS, JUDGEMENTS, AND NOTES                           OPE
========================================================================================
| 10/30/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP                       | JOS |
| 10/31/2002 | IN FORMA PAUPERIS DECLARATION                           | JOS |
| 10/31/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE         | JOS |
| 12/02/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP DENIED                | JOS |
| 12/04/2002 | TRANSMITTAL NOTICE      SENT TO DEFENDANT    (AR09)     | JOS |
| 12/04/2002 | ORDER THAT THE CLERK SHOULD NOT ACCEPT THE RULE         | JOS |
| 12/04/2002 | 32 PETITION FOR FILING UNTIL PETITIONER PAYS            | JOS |
| 12/04/2002 | COURT COSTS OR THE COURT RULES ON HIS AFFIDAVIT         | JOS |
| 12/04/2002 | OF SUBSTANTIAL HARDSHIP                                 | JOS |
| 12/04/2002 | *****RULE 32 SHOULD NOT HAVE BEEN STAMP FILED***        | JOS |
| 12/05/2002 | ORIGINAL RULE 32 PETITION RETURNED TO DEFENDANT         | JOS |
| 12/23/2002 | IN FORMA PAUPERIS DECLARATION                           | JOS |
| 03/12/2003 | IN FORMA PAUPERIS DECLARATION GRANTED                   | JOS |
| 03/12/2003 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE         | JOS |
| 03/12/2003 | AFFIDAVIT IN SUPPORT OF RULE 32 PETITION                | JOS |
| 03/12/2003 | ANSWER TO RULE 32 PETITION                              | JOS |
| 03/13/2003 | TRANSMITTAL NOTICE      SENT TO DEFENDANT    (AR09)     | JOS |
```

```
ACRO370                    ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2001 000352.60
OPER: JOS                         CASE ACTION SUMMARY
PAGE:    2                        CIRCUIT  CRIMINAL                    RUN DATE: 05/07/2004
====================================================================================
      THE CIRCUIT COURT OF  RUSSELL                                   JUDGE: GRG

STATE  OF  ALABAMA                      VS        LIGON TERRY
                                                  220217
CASE: CC 2001 000352.60                           P.O. BOX 767
                                                  CLAYTON, AL  36016 0000

DOB: 05/31/1958            SEX: M  RACE: B  HT: 5 11  WT: 190    HR: BRO EYES: BRO
SSN: 255046446   ALIAS NAMES:
====================================================================================
  TRANS DATE  |  ACTIONS, JUDGEMENTS, AND NOTES                             | OPE
====================================================================================
  11/06/2003  | MOTION FOR APPOINTMENT OF COUNSEL                           | JOS
--------------|------------------------------------------------------------|-----
  03/30/2004  | ORDER OF DISMISSAL                                          | JOS
--------------|------------------------------------------------------------|-----
  04/02/2004  | CASE ACTION SUMMARY PRINTED                        (AR08)   | JOS
--------------|------------------------------------------------------------|-----
  04/05/2004  | TRANSMITTAL NOTICE        SENT TO DEFENDANT        (AR09)   | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | CASE APPEALED ON: 04/19/2004                      (AR10)   | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | APPEAL "TO" TYPE: "R"                              (AR10)   | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | NOTICE OF APPEAL                                            | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | REPORTER'S TRANSCRIPT ORDER                                 | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | DOCKETING STATEMENT                                         | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS           | JOS
--------------|------------------------------------------------------------|-----
  04/21/2004  | TRANSMITTAL NOTICE        SENT TO DEFENDANT        (AR09)   | JOS
--------------|------------------------------------------------------------|-----
  05/07/2004  | CASE ACTION SUMMARY PRINTED                        (AR08)   | JOS
--------------|------------------------------------------------------------|-----
  05/07/2004  | CASE ACTION SUMMARY PRINTED                        (AR08)   | JOS
```

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2001 000353.60
OPER: JOS                    CASE ACTION SUMMARY
PAGE:   1                     CIRCUIT   CRIMINAL                RUN DATE: 05/07/2004
       ================================================================================
     THE CIRCUIT COURT OF  RUSSELL                                      JUDGE: GRG

STATE  OF  ALABAMA                    VS        LIGON TERRY
                                                220217
CASE: CC 2001 000353.60                         P.O. BOX 767
                                                CLAYTON, AL  36016 0000

DOB: 05/31/1958          SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:          01PL078

DATE WAR/CAP ISS:                  DATE ARRESTED:
DATE    INDICTED: 06/15/2001       DATE   FILED: 12/12/2002
DATE    RELEASED:                  DATE  HEARING:
     BOND AMOUNT:           $.00      SURETIES:

DATE 1:               DESC:             TIME: 0000
DATE 2:               DESC:             TIME: 0000

TRACKING NOS:                    /                      /

   DEF/ATY:                        TYPE:                        TYPE:

                         00000                     00000

PROSECUTOR:
```

```
================================================================================
4TH CSE:    000000000000 CHK/TICKET NO:                    GRAND JURY: 143
   URT REPORTER: _____ SID NO:  000000000
DEF STATUS: PRISON              DEMAND:                       OPER: JOS
================================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
================================================================================
| 10/30/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP                      | JOS |
| 10/31/2002 | IN FORMA PAUPERIS DECLARATION                         | JOS |
| 10/31/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE       | JOS |
| 12/02/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP DENIED              | JOS |
| 12/04/2002 | TRANSMITTAL NOTICE      SENT TO DEFENDANT   (AR09)    | JOS |
| 12/04/2002 | ORDER THAT THE CLERK SHOULD NOT ACCEPT THE RULE       | JOS |
| 12/04/2002 |   32 PETITION FOR FILING UNTIL PETITIONER PAYS        | JOS |
| 12/04/2002 |   COURT COSTS OR THE COURT RULES ON HIS AFFIDAVIT     | JOS |
| 12/04/2002 |   OF SUBSTANTIAL HARDSHIP                             | JOS |
| 12/04/2002 | ******RULE 32 SHOULD NOT HAVE BEEN STAMP FILED***    | JOS |
| 12/05/2002 | ORIGINAL RULE 32 PETITION RETURNED TO DEFENDANT      | JOS |
| 12/23/2002 | IN FORMA PAUPERIS DECLARATION                         | JOS |
| 03/12/2003 | IN FORMA PAUPERIS DECLARATION GRANTED                | JOS |
| 03/12/2003 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE      | JOS |
| 03/12/2003 | AFFIDAVIT IN SUPPORT OF RULE 32 PETITION             | JOS |
| 03/12/2003 | ANSWER TO RULE 32 PETITION                            | JOS |
| 11/06/2003 | MOTION FOR APPOINTMENT OF COUNSEL                     | JOS |
```

```
ACR0370          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2001 000353.60
OPER: JOS                  CASE ACTION SUMMARY
PAGE:   2                  CIRCUIT   CRIMINAL              RUN DATE: 05/07/2004
                                                                     JUDGE: GRG
    THE CIRCUIT COURT OF RUSSELL

STATE OF ALABAMA                    VS    LIGON TERRY
                                          220217
CASE: CC 2001 000353.60                   P.O. BOX 767
                                          CLAYTON, AL  36016 0000

DOB: 05/31/1958        SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 03/30/2004 | ORDER OF DISMISSAL | | JOS |
| 04/02/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |
| 04/21/2004 | CASE APPEALED ON: 04/19/2004 | (AR10) | JOS |
| 04/21/2004 | APPEAL "TO" TYPE: "R" | (AR10) | JOS |
| 04/21/2004 | NOTICE OF APPEAL | | JOS |
| 04/21/2004 | REPORTER'S TRANSCRIPT ORDER | | JOS |
| 04/21/2004 | DOCKETING STATEMENT | | JOS |
| 04/21/2004 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS | | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |

```
ACR0370            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2001 000354.60
OPER: JOS                    CASE ACTION SUMMARY
PAGE:   1                     CIRCUIT   CRIMINAL                RUN DATE: 05/07/2004
                                                                          JUDGE: GRG
   THE CIRCUIT COURT OF  RUSSELL

STATE  OF  ALABAMA                    VS      LIGON  TERRY
                                              220217
CASE: CC 2001 000354.60                       P.O. BOX 767
                                              CLAYTON, AL   36016 0000

DOB: 05/31/1958        SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
=================================================================================
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER:          01PL078

DATE WAR/CAP ISS:                DATE ARRESTED:
DATE    INDICTED: 06/15/2001     DATE    FILED: 12/23/2002
DATE    RELEASED:                DATE  HEARING:
   BOND AMOUNT:          $.00       SURETIES:

DATE 1:          DESC:                TIME: 0000
DATE 2:          DESC:                TIME: 0000

TRACKING NOS:                    /                        /

   DEF/ATY:                         TYPE:                        TYPE:


                         00000                      00000


PROSECUTOR:


=================================================================================
^TH CSE:   000000000000 CHK/TICKET NO:                GRAND JURY: 144
   URT REPORTER: _____  SID NO:    000000000
DEF STATUS: PRISON            DEMAND:                          OPER: JOS
=================================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                       OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 10/30/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | JOS |
| 10/31/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 10/31/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 12/02/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP DENIED | JOS |
| 12/04/2002 | TRANSMITTAL NOTICE    SENT TO DEFENDANT    (AR09) | JOS |
| 12/04/2002 | ORDER THAT THE CLERK SHOULD NOT ACCEPT THE RULE | JOS |
| 12/04/2002 | 32 PETITION FOR FILING UNTIL PETITIONER PAYS | JOS |
| 12/04/2002 | COURT COSTS OR THE COURT RULES ON HIS AFFIDAVIT | JOS |
| 12/04/2002 | OF SUBSTANTIAL HARDSHIP | JOS |
| 12/04/2002 | *****RULE 32 SHOULD NOT HAVE BEEN STAMP FILED*** | JOS |
| 12/05/2002 | ORIGINAL RULE 32 PETITION RETURNED TO DEFENDANT | JOS |
| 12/23/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 03/12/2003 | IN FORMA PAUPERIS DECLARATION GRANTED | JOS |
| 03/12/2003 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 03/12/2003 | AFFIDAVIT IN SUPPORT OF RULE 32 PETITION | JOS |
| 03/12/2003 | ANSWER TO RULE 32 PETITION | JOS |
| 11/06/2003 | MOTION FOR APPOINTMENT OF COUNSEL | JOS |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2001 000354.60
OPER: JOS                   CASE ACTION SUMMARY
PAGE:  2                   CIRCUIT   CRIMINAL              RUN DATE: 05/07/2004
                                                                      JUDGE: GRG
    THE CIRCUIT COURT OF  RUSSELL

STATE  OF  ALABAMA                 VS     LIGON TERRY
                                          220217
CASE: CC 2001 000354.60                   P.O. BOX 767
                                          CLAYTON, AL  36016 0000

DOB: 05/31/1958       SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
=================================================================================
  TRANS DATE  |  ACTIONS, JUDGEMENTS, AND NOTES                        OPE
=================================================================================
| 03/30/2004 | ORDER OF DISMISSAL                                      JOS |
| 04/02/2004 | CASE ACTION SUMMARY PRINTED               (AR08)        JOS |
| 04/21/2004 | CASE APPEALED ON: 04/19/2004              (AR10)        JOS |
| 04/21/2004 | APPEAL "TO" TYPE: "R"                     (AR10)        JOS |
| 04/21/2004 | NOTICE OF APPEAL                                        JOS |
| 04/21/2004 | REPORTER'S TRANSCRIPT ORDER                             JOS |
| 04/21/2004 | DOCKETING STATEMENT                                     JOS |
| 04/21/2004 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS        JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED               (AR08)        JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED               (AR08)        JOS |
```

```
ACR0370              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2001 000355.60
OPER: JOS                      CASE ACTION SUMMARY
PAGE :    1                    CIRCUIT  CRIMINAL                RUN DATE: 05/07/2004
==============================================================================
      THE CIRCUIT COURT OF  RUSSELL                                   JUDGE: GRG

STATE  OF  ALABAMA                      VS      LIGON TERRY
                                                220217
CASE: CC 2001 000355.60                         P.O. BOX 767
                                                CLAYTON, AL  36016 0000

DOB: 05/31/1958         SEX: M  RACE: B  HT: 5 11  WT: 190    HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
==============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:          01PL078

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE    INDICTED: 06/15/2001         DATE    FILED: 12/23/2002
DATE    RELEASED:                    DATE  HEARING:
     BOND AMOUNT:          $.00        SURETIES:

DATE 1:              DESC:            TIME: 0000
DATE 2:              DESC:            TIME: 0000

TRACKING NOS:                    /                        /

   DEF/ATY:                       TYPE:                          TYPE:


                        00000                        00000


PROSECUTOR:
```

==============================================================================

| OTH CSE:  000000000000 CHK/TICKET NO: | | GRAND JURY: 145 |

```
URT REPORTER:                   SID NO:     000000000
DEF STATUS: PRISON              DEMAND:                         OPER: JOS
```
==============================================================================

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 10/30/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | JOS |
| 10/31/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 10/31/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 12/02/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP DENIED | JOS |
| 12/04/2002 | TRANSMITTAL NOTICE    SENT TO DEFENDANT    (AR09) | JOS |
| 12/04/2002 | ORDER THAT THE CLERK SHOULD NOT ACCEPT THE RULE | JOS |
| 12/04/2002 | 32 PETITION FOR FILING UNTIL PETITIONER PAYS | JOS |
| 12/04/2002 | COURT COSTS OR THE COURT RULES ON HIS AFFIDAVIT | JOS |
| 12/04/2002 | OF SUBSTANTIAL HARDSHIP | JOS |
| 12/04/2002 | ******RULE 32 SHOULD NOT HAVE BEEN STAMP FILED*** | JOS |
| 12/05/2002 | ORIGINAL RULE 32 PETITION RETURNED TO DEFENDANT | JOS |
| 12/23/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 03/12/2003 | IN FORMA PAUPERIS DECLARATION GRANTED | JOS |
| 03/12/2003 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 03/12/2003 | AFFIDAVIT IN SUPPORT OF RULE 32 PETITION | JOS |
| 03/12/2003 | ANSWER TO RULE 32 PETITION | JOS |
| 03/30/2004 | ORDER OF DISMISSAL | JOS |

08

```
ACR0370                 ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2001 000355.60
OPER: JOS                      CASE ACTION SUMMARY
PAGE:   2                        CIRCUIT  CRIMINAL                 RUN DATE: 05/07/2004
                                                                           JUDGE: GRG
  THE CIRCUIT COURT OF  RUSSELL            VS       LIGON TERRY
STATE  OF  ALABAMA                                  220217
                                                    P.O. BOX 767
CASE: CC 2001 000355.60                             CLAYTON, AL  36016 0000

DOB: 05/31/1958        SEX: M  RACE: B  HT: 5 11  WT: 190    HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 04/02/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |
| 04/21/2004 | CASE APPEALED ON: 04/19/2004 | (AR10) | JOS |
| 04/21/2004 | APPEAL "TO" TYPE: "R" | (AR10) | JOS |
| 04/21/2004 | NOTICE OF APPEAL | | JOS |
| 04/21/2004 | REPORTER'S TRANSCRIPT ORDER | | JOS |
| 04/21/2004 | DOCKETING STATEMENT | | JOS |
| 04/21/2004 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS | | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |

```
                                                                          03
ACRO370           ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2001 000356.60
OPER: JOS                   CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT  CRIMINAL                RUN DATE: 05/07/2004
     THE CIRCUIT COURT OF  RUSSELL                                      JUDGE: GRG

STATE  OF  ALABAMA                   VS      LIGON TERRY
                                             220217
CASE: CC 2001 000356.60                      P.O. BOX 767
                                             CLAYTON, AL  36016 0000

DOB: 05/31/1958          SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
====================================================================================
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:          01PL078

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED: 06/15/2001          DATE    FILED: 12/23/2002
DATE    RELEASED:                     DATE  HEARING:
     BOND AMOUNT:           $.00        SURETIES:

DATE 1:            DESC:              TIME: 0000
DATE 2:            DESC:              TIME: 0000

TRACKING NOS:                    /                          /

   DEF/ATY:                        TYPE:                         TYPE:

                       00000                         00000

PROSECUTOR:

====================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:              GRAND JURY: 146
   URT REPORTER: _____ SID NO:    000000000
_F STATUS: PRISON           DEMAND:                         OPER: JOS
====================================================================================
   TRANS DATE   ACTIONS, JUDGEMENTS, AND NOTES                         OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 10/30/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | JOS |
| 10/31/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 10/31/2002 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 12/02/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP DENIED | JOS |
| 12/04/2002 | TRANSMITTAL NOTICE      SENT TO DEFENDANT    (AR09) | JOS |
| 12/04/2002 | ORDER THAT THE CLERK SHOULD NOT ACCEPT THE RULE | JOS |
| 12/04/2002 | 32 PETITION FOR FILING UNTIL PETITIONER PAYS | JOS |
| 12/04/2002 | COURT COSTS OR THE COURT RULES ON HIS AFFIDAVIT | JOS |
| 12/04/2002 | OF SUBSTANTIAL HARDSHIP | JOS |
| 12/04/2002 | *****RULE 32 SHOULD NOT HAVE BEEN STAMP FILED*** | JOS |
| 12/05/2002 | ORIGINAL RULE 32 PETITION RETURNED TO DEFENDANT | JOS |
| 12/23/2002 | IN FORMA PAUPERIS DECLARATION | JOS |
| 03/12/2003 | IN FORMA PAUPERIS DECLARATION GRANTED | JOS |
| 03/12/2003 | PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | JOS |
| 03/12/2003 | AFFIDAVIT IN SUPPORT OF RULE 32 PETITION | JOS |
| 03/12/2003 | ANSWER TO RULE 32 PETITION | JOS |
| 11/06/2003 | MOTION FOR APPOINTMENT OF COUNSEL | JOS |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2001 000356.60
OPER: JOS                     CASE ACTION SUMMARY
PAGE:    2                    CIRCUIT   CRIMINAL                RUN DATE: 05/07/2004

   THE CIRCUIT COURT OF  RUSSELL                                      JUDGE: GRG

STATE  OF  ALABAMA                    VS       LIGON TERRY
                                               220217
CASE: CC 2001 000356.60                        P.O. BOX 767
                                               CLAYTON, AL  36016 0000

DOB: 05/31/1958          SEX: M  RACE: B  HT: 5 11  WT: 190   HR: BRO EYES: BRO
SSN: 255046446  ALIAS NAMES:
===========================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                        OPE
===========================================================================
| 03/30/2004 | ORDER OF DISMISSAL                                   | JOS |
| 04/02/2004 | CASE ACTION SUMMARY PRINTED              (AR08)       | JOS |
| 04/21/2004 | CASE APPEALED ON: 04/19/2004            (AR10)       | JOS |
| 04/21/2004 | APPEAL "TO" TYPE: "R"                    (AR10)       | JOS |
| 04/21/2004 | NOTICE OF APPEAL                                     | JOS |
| 04/21/2004 | REPORTER'S TRANSCRIPT ORDER                          | JOS |
| 04/21/2004 | DOCKETING STATEMENT                                  | JOS |
| 04/21/2004 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS    | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED              (AR08)       | JOS |
| 05/07/2004 | CASE ACTION SUMMARY PRINTED              (AR08)       | JOS |
```

State of Alabama
Unified Judicial System

# AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER

Form C-10   Rev 6/88

Case Number

CC-01- 354, 355, 40
354, 353, 352

IN THE _____Circuit_____ COURT OF ___Russell___ COUNTY

~~Plaintiff~~/State of Alabama    v. Defendant   Torry Ligon

## IN THE MATTER OF:

TYPE OF PROCEEDING: Rule 32.    CHARGE:   Murder

- [ ] CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.
- [ ] CIVIL CASE (such as paternity, support, termination of parental rights) — I request an attorney be appointed for me.
- [x] CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**INCOME/EMPLOYMENT**

A. Do you have a job or work for yourself?    ___ Yes  ✓ No

Employer's name and address _____

How much money do you take home each week?    + $_____

B. If unemployed, give month and year of last employment and amount earned per month ___4/01___    $ 2,000 /mo

C. Does your husband or wife have a job?    ___ Yes  ✓ No

Employer's name and address ___N/A___

How much money does he/she take home each week?    + $___ -0-___

D. Do you receive money or benefits from any other source?    ___ Yes  ✓ No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

How much do you receive each month?    + $_____

**ASSETS**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?    ___ Yes  ✓ No

Where? _____  How much?  + $_____

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)    ___ Yes  ✓ No

What? _____

Total Value + $___ -0-___

**DEPENDENTS**

A. Are you: ✓ Single  ___ Married  ___ Widowed  ___ Divorced
___ Separated?

B. Do you have any dependents?    ✓ Yes  ___ No

Who and what relationship? ___5 children___

What does it cost you to live each month?                                              $ _____ - 0 - _____

| Creditor | Total Debt | Monthly Payment |
|---|---|---|
| | – 0 – | – 0 – |
| Loans | | |
| Charge Accounts | | |
| House or rent payments | | |
| Alimony | | |
| Support | | |
| Car payment | | |
| Groceries | | |
| Utilities | – 0 – | – 0 – |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

___27th___ day of ___August___ x6 2002        ___Terry Liger___
                                                Affiant Signature

___Gentry Moreno___
Judge/Notary

## ORDER

### IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☐ GRANTED                    ☒ DENIED

**APPOINTMENT OF ATTORNEY:**

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _____

_____ Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this ___2___ day of ___Dec___ 19 200_

_____
Judge

Case Number _35260_ 23

_CC_  _01_  _0356_

ID   YR   NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_CIRCUIT COURT OF RUSSELL COUNTY_

[Insert appropriate court]

_TERRY LIGON_

(Petitioner)

vs.

_STATE OF ALABAMA_

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _____ _TERRY LIGON # 220217_ _____, declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____      No _✓_

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the
       name and address of your employer.

   _____

   _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and
       wages per month which you received.

   _4/01_____

   _$400.00 / mo._____

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?

       Yes _____          No _✓_

   b.  Rent payments, interest, or dividends?

       Yes _____          No _✓_

   c.  Pensions, annuities, or life insurance payments?

       Yes _____          No _✓_

   d.  Gifts or inheritances?

       Yes _____          No _✓_

   e.  Any other sources?

       Yes _✓_          No _____

FILED IN OFFICE
2005 OCT 31  PH 5: 52

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

OCCASSIONAL MONEY ORDER From My MoTHER For $20⁰⁰ To USE ON THE CANTEEN

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____        No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____        No ✓

If the answer is "yes", describe the property and state its approximate value.

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

NONE

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____ 8/27/02 _____
                      (Date)

_____ Terry Ligon _____
Signature of Petitioner  # 220217

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 8.75 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ Ventress _____ institution:

(Unposted, monthly, Caldona into Lib

_____ 8/18/01 _____
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

AIS #:  220217          NAME:   ELGON, TERRY

THESE FIGURES ARE AS OF:   08/28/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR   | 31        | $25.05            | $32.00           |
| APR   | 30        | $20.17            | $140.00          |
| MAY   | 31        | $20.90            | $100.00          |
| JUN   | 30        | $19.26            | $70.00           |
| JUL   | 31        | $32.74            | $160.00          |
| AUG   | 28        | $12.37            | $65.00           |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

16

Case Number

CC - 01 - 352-35C
ID    YR    NUMBER

IN THE _____ Circuit _____ COURT OF _Russell Co._ ALABAMA

_____ Tommy Lewis _____ vs. _State of Alabama_

Petitioner (Full Name)                          Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _220217_ Place of Confinement: _Ventress Corr Fac_

County of conviction _Russell Co. AL._

### NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction
    or sentence under attack _Cir Court. Russell Co. Phenix City, AL._

2.  Date of judgment of conviction _Nov.13, 2001_

3.  Length of sentence _25 yrs._

4.  Nature of offense involved (all counts) _Murder- Assault 1st x's 4_

5.  What was your plea?   (Check one)

    (a)  Guilty ___✓___

    (b)  Not guilty _____

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

17.

6.  Kind of trial (Check one)

(a)  Jury _____          (b)  Judge only __✓__

7.  Did you testify at the trial?

Yes _____          No __✓__

8.  Did you appeal from the judgment of conviction?

Yes _____          No __✓__

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _____ N/A _____

_____

(2)  Result _____

_____

(3)  Date of result _____

_____

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____ N/A _____

_____

(2)  Result _____

_____

(3)  Date of result _____

_____

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____ N/A _____

_____

(2)  Result _____

_____

(3)  Date of result _____

_____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    18

Yes _____          No __✓__

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____N/A_____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No _____

     (5)  Result _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____N/A_____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____          No _____
                                N/A
     (5)  Result _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____N/A_____

(3) Grounds raised _____  19

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____ N/A _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes _____          No _____

(2) Second petition, etc.        Yes _____          No _____

(2) Third petition, etc.         Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

✓ The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____        No ___✓___

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____

(c)  Date of result _____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____        No ___✓___

6

15.  Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack.

(a)  At preliminary hearing _____

(b)  At arraignment and plea _____ Jeremy Armstrong ESC
     F56 14TH ST. Phonex City, AL. 36565

(c)  At trial _____ Same as Above
     _____

(d)  At sentencing _____ "      "      "
     _____

(e)  On appeal _____ N/A
     _____

(f)  In any post-conviction proceeding _____ N/A
     _____

(g)  On appeal from adverse ruling in a post-conviction proceeding _____
     _____ N/A
     _____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __✓__              No _____

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____              No __✓__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____
     _____ N/A _____

(b)  And give date and length of sentence to be served in the future: _____
     _____ N/A _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____              No __✓__

18.  What date is this petition being mailed?

_____ 10/30/02 _____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

23

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___10/18/02___
                     (Date)

___Terry Luyon___
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _18th_ day of ___October___ X 2002

___Cottina Naumo___
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
                                 (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

In The Circuit Court of Russell County
Twenty-Sixth Judicial Circuit
State of Alabama

Terry Ligon, # 220217,
      Petitioner,

  - vs -

State of Alabama,
      Respondent.

Case No. CC-01-0356
CC-01-0352
CC-01-0353
CC-01-0354
CC-01-0355

Issues and Law Pertaining
To Rule 32 A. R. Cr. P. Petition
For Post-Conviction Relief

Comes now your Petitioner, Terry Ligon, pro-se,
and petitions this Honorable Court for post-conviction
relief in accordance with the Alabama Rules of Criminal
Procedure, Rules of the Alabama Supreme Court and
U.S. Constitutional Law, and in doing such respectfully
states the following:

1.) That this Honorable Court has jurisdiction of the subject
matter involved in the petition through Rule 32 A. R. Cr. P.,
specifically Rule 32.1 (a), Rule 32.1 (b); and Rule 32.1 (c)s

2.) That your Petitioner would show this Honorable Court that
he was convicted and sentenced in the clear depraved con-
viction of his 5th and 6th Amendment rights to U.S.

(Cont.) — <u>Constitution</u> and Article I, Section 7 of the <u>Alabama</u> <u>Constitution 1901</u>, providing the Petitioner with the right to a fair criminal proceeding and in violation of Petitioner's 14th Amendment right to <u>U.S. Constitution</u> and Article I, Section 1, 6 and 22 of <u>Alabama Constitution - 1901</u> providing Petitioner with Due Process of Law and Equal Protection of the Law:

3) That your Petitioner avers a jurisdictional defect by "judicial error" at his trial and sentencing that would render the proceedings null and void. An error of the character occurs when the judgment rendered and the sentence imposed is erroneous in some particular requiring it to be changed;

4) That the issues raised in this petition should not be dismissed under any rule precluding post-conviction relief based on any ground which could have been, but was not raised on appeal or a former motion for relief.

5) That failure to entertain and grant this petition will result in a miscarriage of justice, would place form over substance, would damage the integrity, reputation and fairness of the judicial process and would vindicate the jurisdictional defect and post-conviction relief remedies meaningless for as stated in Rule 1.2,

(Cont.) — Alabama Rules of Criminal Procedure, which provides in part, that the rules: "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unnecessary delay and expense, and to protect the rights of the individual, while preserving the public welfare," to which Petitioner respectfully avers apply to this case.

6) Petitioner would show the Honorable Court that he was wrongly indicted and convicted of "Murder", Section 13A-6-2 (a), Code of Alabama, 1975, as amended. Wherein the phrase: "what amounts to 'extreme indifference' depends on the circumstances of the particular case, but some shocking, outrageous or special heinousness must be shown." See: (Commentary on Section 13A-6-2) (emphasis petitioner's) And further the phrase that Petitioner unknowing through his actions," created a grave risk of death", for he too could have been killed or suffered serious physical injury, which contravenes the very statute he was indicted and convicted upon, defying the dictates of established law in the appellate courts of this state and the United States Supreme Court.

7.) Petitioner would ask the Court to make allowance for the form, style and any mistakes in this petition as he is a pro-se litigant not formally trained in the judicial process, and to interpret the foregoing in the most liberal

- of terms.

8.) Attached to this Rule 32 petition are a letter from counsel who represented him at the proceedings in the case, dated May 22, 2002. Also, a hand written statement by Jaquerious Law the victim's mother, and reduced typed written copy of that statement done by Sgt. A. Williams of the Phenix City Police Department, dated April 2, 2001, and a copy of indictment #CC-01-356.

## Issue/Claims Presented

I.) The Constitution of the United States and The State of Alabama Require That A New Trial, A New Sentencing Proceeding And/Or Other Relief Be Granted.

II.) The Trial Court Was Without Jurisdiction To Render Judgment Or To Impose Sentence On Petitioner's Indictment For Murder.

III.) The Trial Court Was Without Jurisdiction To Render Judgment Or To Impose Sentence In Violation Of The Double Jeopardy Clause Of The United State Constitution.

IV.) There Was Ineffective Assistance Of Counsel In Petitioner's Case Delineated By <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)

(4.)

<u>Issue I</u>

28

I.    <u>The Constitution of The United States</u>
      <u>And The State of Alabama Requires</u>
      <u>That A New Trial, A New Sentencing</u>
      <u>Proceeding And/Or Other Relief Be Granted</u>

Petitioner avers that a jurisdictional defect by "<u>judicial</u>
<u>error</u>" occurred at his plea and sentencing hearing that
would render the proceedings null and void.

The trial court never appraised Petitioner of the
nature of the charge and the material elements of the
offense to which the plea was offered. Therefore he did
not have a full understanding of what he was pleading
guilty to or what the specific offense of Murder in
his indictment entailed. The trial court also never
inquired of the State what evidence and facts they
would rely on to sustain and validate a Murder
conviction under Section 13A-6-2, <u>Code of Alabama</u>,
1975, as amended.

The <u>Alabama Rules of Criminal Procedure</u> are quite
specific of the above requirements by the trial court
when accepting a plea of guilty from a defendant.
Rule 14.4 (a)(1.)(i), <u>A.R.Cr.P.</u> has been addressed by the
<u>Committee Comments</u> and state the following: ("requires
-that the nature of the charge <u>and the material elements of</u>
<u>the offense be explained</u> so that the defendant understands
what he is accused of. This provision is similar to
Rule 11, <u>Fed. R Cr P</u> ("Real notice of the true nature of the
charge is the first and most universally recognized

Issue I (Continued)                          29

— requirement of due process - - -') _Smith v. O'Grady_,
312 U.S. 329, 334, 61 S. Ct. 572, 574, 85 L. Ed. 859 (1941).)
(emphasis Petitioner's)

   Petitioner respectfully avers that without the material
elements having been explained to him as to what
constitutes the violation of Section 13A-6-2, _Code of_
_Alabama_, 1975, as amended, and that he accepted the
plea, _he now has been stigmatized as a Murderer_,
a person who intentionally sets-out to kill someone, and
this is not the facts in this case. Had Petitioner known
what the material elements were of what he was pleading
guilty to, he would have objected most strongly to his
attorney (appointed) and the trial court.

   In _Clark v. State_, 274 Ala. 455, 488, 318 So. 2d. 805, 807-808,
(1974) the Court stated as to what would satisfy the taking
of a plea: (" In a plea of guilty proceedings, the judge
should undertake a factual inquiry to determine if the plea
is voluntarily made with an understanding of the nature
of the charge and the consequences of the plea. Further,
the judge should be satisfied that there is a factual
basis for the plea. The Court may meet this _requirement_
by eliciting an in court statement from the defendant,
by an in court statement from the district attorney or
from the evidence.") (emphasis Petitioner's) The requirement
of _Clark_ and the _Alabama Rules of Criminal Procedure_
were not met at Petitioner's plea of guilty hearing and
for this reason he was denied his right to due process

<u>Issue I (Continued)</u>                                    30

- Alabama.

It is well understood that the State has the burden of proving every element of the crime charged. Had the case gone to trial by jury the standard for the State would have been "<u>proof beyond a reasonable doubt</u>", but since there existed in a plea of guilty the standard drops to "<u>the preponderance of the evidence</u>" <u>and the facts stated</u>, for the trial court to maintain the fairness in the judicial process all the while protecting the rights of the defendant, while preserving the public welfare. In this case the trial court only inquired and very cryptically as to inquiries resulting from the accident, "who died?" The trial court did not inquire of the State what evidence or facts they would rely on to sustain a conviction for Murder under Section 13A-6-2, <u>Code of Alabama</u> 1975.

Further, had the trial court gone over the indictment <u>CC-01-0356</u> at the plea hearing it would have noticed that there is a mistake as to a violation of Section 13A-5-191, <u>Code of Alabama</u>, 1975., <u>there is no such</u> <u>statute</u>! Neither the court, the District Attorney or the attorney for Petitioner mentions this fact. Perhaps, maybe not a crucial fact, but nevertheless an uncured fact. Rule 13.1, A.R.C.P. states what an indictment is: ("- - - <u>an indictable offense</u> presented to the court by a grand jury - - - ") Petitioner respectfully avers if § 13A-5-191 is not an offense then it is not indictable and the indictment above could be null and void.

Issue I (continued)                    31

Petitioner was indicted by a Grand Jury of Russell County, Alabama for the violations contained in Section 13A-5-191(i) and 13A-6-2, Code of Alabama, 1975, indictment # CC-01-356 (See copy attached). Assuming that 13A-5-191 is a typographical error and meant to be 32-5A-191, "Driving under The Influence" for Petitioner cannot find a statute titled under 13A-5-191 Code of Alabama, 1975., and, of course, this was never brought to the trial court's attention, nor to Petitioner's attention by his appointed counsel. However, had the trial court requested of the State the facts and evidence they rely on to sustain a conviction for a Murder charge under Section 13A-6-2 (a)(2) this error in the indictment would have been noticed and an opportunity would have been apparent to discuss how one could be charged with the violation of Section 32-5A-191 resulting in a charge for Murder under Section 13A-6-2 Code of Alabama, 1975, for if both are to be strictly construed as they should be, they would contravent, contradict, the established rulings of similar cases by the appellate courts of the State of Alabama (See: Fuson v. State, 257 Ala. 502, 60 So. 2d 202 (1952); Adcutes v. State, 35 Ala. App. 573, 90 So. 2d 234, cert. denied, 265 Ala 700, 90 So. 2d 235. Ex parte Mutua, 655 So. 2d 347, 349 (Ala. 1993).).

<u>Issue I (continued)</u>                                     32

If the Honorable Court will look at the statute in which Petitioner was convicted (Section 13A-6-2 (a)(2)) and give thought to the elements therein contained, it will see that Petitioner could not, by his actions or his mental state on the day of March 25, 2001, be guilty of violating said statute. For instance, the words " extreme indifference" requires a knowledge, a conscious knowledge to a high degree, one could almost say the words "with malice". Malice has always been an element of Murder from the common law, to the beginning of the <u>Code of Alabama</u> a century ago, however, the legislature did remove the word malice from the statute in amending <u>Code of Alabama</u> 1975, and substituted the word intent in its place. Yet, malice is assumed in Section 13A-6-2 (a)(2), for one cannot be guilty of Murder without it.

There is also another element in 13A-6-2 (a)(2) which shows why the Petitioner could not be guilty of violating said statute: ( of engaging " <u>in conduct which creates</u> <u>a grave risk of death to a person other than himself</u>.")

Applying this statute to Petitioner's situation on March 25, 2001, defies any logic as to how he could be guilty of violating it. For it is impossible to find the sole fact that an intoxicated driver caused the death of another, while intoxicated indicates an intent to create a very high risk of death, or great bodily harm with the knowledge that death or great bodily harm was the probable result, obviously because an intoxicated

Issue I (continued)                                    33

— accident could injure the drunk driver as well as the others. Driving while under the influence without any other extenuating circumstances, would not, could not, indicate an intent to create a high risk of death.

In this case, fortunately for Petitioner he was not injured. Unfortunately, and tragically too, a small child was killed on the accident caused by the impact of Petitioner's vehicle crashing into the back of child's parent's car. The reports do not state whether the child was restrained in straps in the child's seat, only that he was in the seat and obviously struck his head against something hard to cause cranial damage. <u>Did the seat break-loose from its tie-down?</u> This would be a fault of the manufacturing company and is a question that haunts the Petitioner constantly, and more than likely will the rest of his life. Petitioner's vehicle was a passenger truck type, while the victim's vehicle was a sub-compact type, it also was not mentioned in any of the reports whether anyone was wearing seat belts, all the necessary ingredients were present to cause a tragedy,

— alcohol, failure to use safety features and big car versus small car proved to be fatal. Yet Petitioner had no intent to murder anyone, this event on March 25, 2001, was an accident, there was not any more was that could show a deliberate motive; the reports do state the emotion showed by the Petitioner at the accident scene his concern as to the status of the child in the car an accident.

The State has to prove every element of the crime

<u>Issue I (continued)</u>                                    34

charged, and had the trial court inquired of the State at the plea or sentencing hearing what evidence it would rely on to sustain a murder conviction it would have easily deduced that necessary element of malice is not, was not present on March 25, 2001, in this case and Petitioner requests a new trial, a new sentencing hearing, and/or other ruling be granted by this Honorable Court.

For as stated by the Alabama Court of Criminal Appeals: (" A trial judge should also be satisfied that there is a factual basis for the plea.") See: <u>Dinkle v. State</u>, 408 So 2d 530, (Ala Cr. App. 1981); <u>Logan v. State</u>, 424 So 2d. 1135, (Ala Cr. App. 1982); <u>Alexander v. State</u>, 488 So. 2d. 41 (Ala Cr. App. 1986).

For the foregoing law and facts presented in Issue I Petitioner respectfully avers that he is due to have an evidentiary hearing whereby this petition for post-conviction relief be granted, for his plea of guilty could not have been voluntarily entered with the full knowledge of what the charge entailed.

<u>Issue II</u>

35

<u>The Trial Court were Without Jurisdiction</u>
<u>To Render Judgment or To Impose Sentence</u>
<u>On Petitioner's Indictment For Murder.</u>

The Alabama Code defines homicide thusly: ("A person commits criminal homicide if he/she intentionally, knowingly, recklessly or with criminal negligence causes the death of another person.") Section 13A-6-1, <u>Code of Alabama</u> 1975, as amended. The commentary states that most of the definitions found in this section were adopted from the statutes of Michigan, New York and Texas and the proposed New Federal Criminal Code. Section 13A-1-2, <u>Code of Alabama</u> 1975, as amended.

Petitioner was convicted of Section 13A-6-2 (a)(2), "Murder." As discussed in Issue I previously, Petitioner did not have the requisite mens rea to be guilty of Murder. Also being charged in the indictment along with the above section, of a violation of Section 32-5A-191, assuming there was a typographical mistake, which would amount to Driving under the Influence. There was no statements in the reports by witnesses or police of Petitioner driving recklessly or even speeding when he ran into the back of the victim's car, which were waiting to make, or negotiating a turn off the same road as Petitioner. Murder is not the appropriate charge in this case.

In <u>Ex parte Jones</u>, 600 So. 2d 932 (Ala. 1992), the Alabama Supreme Court, in a discussion of the lesser offense

Issue II (Continued)                                    38

– included in the offense of Murder based upon statutory maximum punishments opined that vehicular homicide must fall on the continuum of homicides somewhere between Manslaughter with a reckless culpable mental state and criminal negligent homicide.

The Alabama Supreme Court has also opined the following: ("A basic rule of review in a criminal case is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants.") See: Schenher v. State, 38 Ala. App. 573, 90 So 2d. 234.

And further: In Burnette v. State, 807 So 2d 588 (Ala. Cr. App. 2001), ("Strict construction' a phrase bantered about in political campaigns, is a phrase that has real meaning to some. To others it appears to have meaning only so long as it can be applied to uphold an unconstitutional statute or a conviction. Historically, the narrowest or strictest construction is mandated for criminal statutes. That is simply a basic tenet of American jurisprudence.")(See: Ex parte Mutrie, 658 So. 2d 347, 349 (Ala. 1993). Baschab, judge, in affirming the Burnette case at 591.)

As discussed in Issue I, the elements of 13A-6-2 do not comport to Petitioner's case therefore he should not have been indicted for Murder, but rather for the lesser included homicides. e.g. Vehicular homicide under Section 32-5A-192, Code of Alabama, 1975, as amended,

Issue II (Continued)

57

— or criminal negligent homicide. As stated the legislature of Alabama adopted part of Section 13A-6-2 from the Michigan statute, when it amended the <u>Code of Alabama</u>, in 1950. In a similar case in Michigan before the Court of Appeals of Michigan, that court stated ("without aggravating circumstances, the sole fact that a defendant drives while intoxicated and causes the death of another, does not constitute probable cause that the defendant acted with malice sufficient to charge him with second-degree murder.) See: <u>State of Michigan v. Goecke</u>, 1996 Lexis. 54, Mich. App. at p. 11.

Similarly, the Alabama appellate courts have opined the same concerning intoxicated drivers causing an accident which results in the death of someone. In <u>Burnett v. State</u>, 807 So. 2d 573, 580 (Ala. Cr. App. 2000) the Honorable Judge Baschab stated: ("The legislature has mandated that only when criminal negligence is aggravated does the behavior properly constitute a Class C felony mandating that level of punishment. Thus, a criminally negligent homicide under section 13A-6-4 is a Class A misdemeanor, unless it is aggravated by a concurrent violation of section 32-5A-191. i.e. <u>it is criminally negligent homicide caused by driving a motor vehicle while under the influence.</u> In that case the homicide properly and constitutionally, becomes a Class C felony. Section 13A-6-4(c). In the case of vehicular homicide, when the criminal negligence is aggravated by the

— commission of an illegal act while operating a vehicle or a vessel that causes the death, the act properly and constitutionally becomes a Class C felony.") Id. @ 58.

The material elements of Vehicular homicide, Section 32-5A-192, Code of Alabama, 1975 are:

1.) That a particular person is dead; Petitioner avers yes, that Khalil Sutton, died as a result of the accident.

2.) Defendant did unlawfully and unintentionally cause the death of a particular person with the/a vehicle: Petitioner was the driver of the vehicle that crashed into the back of the victim's car unintentionally and unlawfully while driving intoxicated.

3.) That the Defendant engaged in speeding, reckless driving, driving on the wrong side of the road i.e. or any state law or municipal ordinance applying to the operation of a vehicle or vessel. Petitioner was in violation of Section 32-5A-191, Driving under the Influence.

4.) That the act was the proximate cause of death of a particular person. The forensic expert stated that the victim died as a result of blunt force trauma to the head that the cause of death was from an accident. There were no culpable mental state that can be deduced from this case that Petitioner acted with malice to be convicted of murder under section 13A-6-2.

Issue I (Continued)                     33

- Therefore if the elements necessary for Murder, 13A-6-2 are not present in this case, yet the elements for section 32-5A-192 are, it is only proper and constitutionally correct that Petitioner should have been indicted and convicted of Vehicular Homicide and not Murder, therefore this trial court was without jurisdiction to render judgment and impose sentence based on a faulty/erroneous indictment.

Issue III

40

## The Trial Court Was Without Jurisdiction To Render Judgment On To Impose Sentence In Violation Of The Double Jeopardy Clause Of The U.S. Constitution.

Petitioner avers that this Court was without jurisdiction to render judgment or to impose sentence on his indictment for Assault 1st Degree because the Court of Criminal Appeals has opined that multiple convictions for violations of Section 32-5A-191, which is an adjunct to being indicted for 13A-6-20 (a)(5) as the indictments read was committed by a single act, an automobile accident and that the convictions were obtained in contravention of double jeopardy clause, and, thus, were not valid and this error was not cured by the fact that he was sentenced to concurrent sentences.

A case on point with Petitioner's contention is that if he is guilty of Section 13A-6-20 (a)(5) Code of Alabama, 1975, even though he had unintentionally injured the 4 people involved, he can only be convicted of one Assault because there was only one accident, one act. In Dale v. State, 675 So. 2d 1365 the Court of Criminal Appeals remanded the case when the appellant was convicted of violating Section 32-10-2 Code of Alabama 1975, for leaving the scene of an accident from time as four people were injured in the wagon in which his vehicle carried. The appellate court reversed

Issue III (continued)                                    62

- from a case decided by the Alabama Supreme Court,
McKinney v. State, 511 So. 2d 220 (Ala. 1987). The Supreme
Court applied the principles set-out in Blockburger v.
United States, 284 U.S. 299, 52 S.Ct. 180, 26 L Ed 306 (1932)
and its progeny and held that a single criminal act that
causes injury to more than one person could constitute
more than one offense and support more than one prosecute
and conviction. However the Court stated, "To truly adopt
the majority view - - - multiple convictions should be
allowed only for crimes against persons." Id. at 225

Further, Blockburger held that, ("when the same act or
transaction constitutes a violation of two distinct statutory
provisions, the test to be applied to determine whether there
are two offenses or only one is whether each provision
requires proof of additional fact which the other does
not.") 284 U.S. at 304, 52 S.Ct. at 182 (Emphasis added)

In this case the Petitioner was charged with violating
two different statutes, however, he was convicted of
violating four violations of the same statute, only one
statute, and never was convicted of the other statute
alleged to be violated, Section 32-5A-191, Code of Alabama,
1975. As a matter of fact he never received a ticket
or citation etc. for said violation, yet the indictments
all 5 include Section 32-5A-191, assuming Indictment
CC-01-356 is typographical error which claims a
violation of Section 13A-5-191 Code of Alabama 1975,
of which Petitioner cannot find any such statute in the
law books.

<u>Issue III (continued)</u>                                          62

The <u>McKinny</u> case was decided by the Alabama Supreme Court in part by quoting from: R. Owens, Alabama's Minority Statute: <u>A Single Criminal Act Injuring Multiple Persons Constitutes Only A Single Offense</u>, 16 Crim. L. Rev. 85 (1985-86)

wherefore your Petitioner is due to have a new sentencing hearing when he be sentenced accordingly after the four convictions are vacated and any other relief he may be entitled to, as the present state of having four convictions for Assault 1ˢᵗ Degree does violate the <u>Double Jeopardy Clause</u> of the United State Constitution and the Alabama Constitution 1901 as amended and would involve the <u>Habitual Felony Offender Act</u> should the Petitioner ever commit another offense in the future.

B.)

It is further avered by Petitioner that the crucial element of the "deadly weapon" in the statute for Assault 1ˢᵗ Degree is that the victim sustain a "serious physical injury." A review of the medical reports in this case do not substantiate that any of the other occupants in the other vehicle had a "serious physical injury" that would warrant a charge, neither to say a conviction, for Assault 1ˢᵗ Degree. (See also attachments to this petition

The appellate courts of Alabama have spoken on what constitutes "serious physical injury", and most certainly their opinion of one Judge do not give rise to what the injuries were in the instant case. Tragically a child was killed, and Petitioner has to live with that for

43

Additionally the Court of Criminal Appeals has said: (" The fact there could have been complications from an injury is not enough ") and(" while ` serious physical injury' does not require that death be likely, it does require a ` real hazard or death is imminent' "). Skyler v. State, 7:2 So 2d 2CC ( Ala. Cr. App. 1998.)

Prior decisions by the Court of Criminal Appeals have said that gunshot wounds, without more, are insufficient to meet the stringent standard of life-threatening, serious and protracted disfigurement or protracted loss or impairment of the function of any bodily organ. See: Lee v. State, 727 So 2d 887 ( Ala. Cr. App. 1998).

The evidence in this case as to all the assault charges (4) is not compelling to warrant such when applying the legal standard of a serious injury as defined by this court. While no one can doubt the depth of the loss of the infant to the family members the physical injuries do not rise to the level of "serious physical injury". The indictments charging Assault 1ST Degree are due to be dismissed as the evidence does not comport with any of the elements and Petitioner is due an evidentiary hearing by this Honorable Court as Petitioner's attorney never explained what involves Assault 1ST Degree nor did the Court enquire at the plea hearing.

Issue IV

64

<u>)Iaw Was Ineffective Assistance</u>
<u>Of Counsel In Petitioner's Case</u>
<u>Delineated By Strickland vs.</u>
<u>Washington, 466 U.S. 668 (1984.)</u>

A.) <u>Standard of Review</u>:

In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 L.Ct. 2052
80 L. Ed. 2d 674 (1984), the Supreme Court delineated the
proper scope of review in examining a claim of
ineffective assistance of counsel:

("A convicted felon making a claim of ineffective
assistance of counsel must identify the act or omissions
that are alleged not to have the result of reasonable
judgement. The court must then determine whether, in light
of all the circumstances, the identified act were outside
the wide range of professionally competent assistance.
In making that determination, the court should keep in mind
<u>that counsel's function, as elaborated in prevailing professional</u>
<u>norms is to make the adversarial testing process work in</u>
<u>the particular case - - - and made all significant decision</u>
<u>in the exercise of reasonable professional judgment.</u>") <u>Id</u>. 69
(emphasis petitioner's)

The United States Court of Appeals for the Eleventh
Circuit interprets <u>Strickland</u> as meaning that in evaluating
counsel's performance.

Issue II (continued)                    45

("the court must - - - determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance In making that determination, the court should keep in mind that counsel's function, as elaborated on prevailing professional norms, <u>is to make the adversarial testing process work in the particular case</u>.") <u>Smith v. Wainwright</u>, 777 F. 2d 609, 616, (11TH Cir. 1985) (citing <u>Strickland</u>, 466 U.S. at 690.) (emphasis petitioner's)

<u>Strickland</u> calls for a two-part test.

"<u>First</u>, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment

<u>Second</u>, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable <u>Id</u> at 687

Petitioner would show this Honorable Court that appointed counsel made the adversarial testing process meaningless in his representation of him. For instance one of the reports submitted by the state states that petitioner was speeding between 63 and 76 miles per hour when he crashed into the back of the victim's car. if this were true

_Issue II (continued)_

it gave rise for the State to claim that he was driving in a reckless manner. In the report the speed was calculated, determined by the positions of the vehicles and the distance between them. However, when the police arrived on the scene and before any measurements were taken, the police made the Petitioner move his vehicle off to the side of the road, and later took the measurement so that the speed of Petitioner's vehicle could be determined. The report does not reflect an accurate determination of Petitioner's speed when he crashed into the victim's car. Petitioner was not speeding or driving in an reckless manner, and counsel could have given a very viable argument to the State as to the charge of murder.

Recklessness as defined in Section 13A-6-1, Code of Ala. 1975, as amended is "universal malice murder"; "depraved heart murder" and requires the prosecution to prove conduct that manifests an extreme indifference to human life and not to life of any particular person. Further in reading the commentary section of Title 13 on "Reckless Murder" it states that "the legislative intent or purpose of this section is to embrace those homicides caused by such acts as shooting a firearm into a crowd of people; throwing a timber from a roof onto a crowded street or driving an automobile in a grossly

67

<u>Issue IV (continued)</u>

- wanton manner."

Further in <u>Jordan v. State</u> 486 So. 2d 482, 483
the court stated: (" Depending on the situation, drunk
driving may be - - - a circumstance that a jury could
find "manifests extreme indifference to human life")
citing; <u>Walden v Commonwealth</u>, 805 S.W. 2d 102, 105,
(Ky. 1981), however the court in Jordan went further
and stated that (" to support a conviction for reckless
murder, must involve something more than simply
driving after having consumed alcohol and becoming
involved in a collision. We note 13A-6-2(a)(2)
contemplates conduct that is the culpable equivalent
of intentional murder.") <u>Id.</u> @ 483

Had counsel for the Petitioner argued this the State
may have changed its position, but most important
had counsel appraised the trial court of these facts
and law the court would have had to ascertain
more information before accepting a plea to the
Murder and Assault 1st Degree indictments.
Counsel never formulated a defense for Petitioner if
the case would have gone to trial. He never checked
the reports or had an indepth discussion with your
Petitioner concerning the accident, otherwise if he
had he would have been told that Petitioner was
told to move his vehicle further away from the
scene whereby the speed limit he was doing was
enormously miscalculated

Item IV (continued)                               68

Counsel never told Petitioner the material elements of the charge of Murder and assault 1st Degree, rather he persuaded Petitioner to take the plea and sentence offered by the State, otherwise he will get 99 years on life. It must be noted that Petitioner has a limited reading ability and also comprehension of certain words in the legal sense, he did not complete high school, going as far as the 9th and 10th grade before dropping out.

When Petitioner signed the plea agreement form in counsel's office, it was read to him, he does not know if it was read in its entirety to him. However, attached to this Rule 32 petition is a copy of a letter sent to Petitioner which is self-explanatory on its face. It is clear that from the issues presented in Rule 32 petition and the law and facts herein presented <u>that counsel was not inclined to make the adversarial testing process work in this particular case</u>. Perhaps, as stated earlier a person was killed in this accident, a small child, a tragedy for sure, but there were no other serious physical injuries to the adults involved. Also attached is a statement by the deceased. Mother, which was later transcribed by the police. In the written statement the mother speaks of being emotionally hurt by a statement the E.M.T. (emergency medical technician) made concerning her sister which they both were riding in the ambulance.

Issue IV. (continued)

49

In part that statement by the mother says that: (she E.M.T. Johnny ____ ) (cannot make out last name.) said he thought his sister was failing.") The typed report (police) leaves this portion of the hand written statement by the victim out. Counsel never said anything to Petitioner concerning this statement, or the court. The medical reports confirm that there was no serious physical injuries suffered by any of the occupants of the victim's car, only the infant, which resulted in death. How does counsel justify a charge of assault 1st degree (four counts) without the element of serious physical injury?

It is clear that Petitioner has presented to this Honorable court in this petition for post-conviction relief that a manifest injustice has been done to him for he is not guilty of Murder or of Assault 1st Degree as set-out in the criminal code and because of the facts in this case and the law this Honorable court should set and evidentiary hearing for further fact-finding and testimony. Counsel for your Petitioner were not the counsel guaranteed by the United State Constitution or the Alabama constitution 1901. See also: Johnson v. Kemp, 759 F. 2d 1503 (11th Cir. 1985) ( a case that involves counsels performance at the sentencing hearing.)

Respectfully submitted,
on this the 30th day of October, Terry Legon
2002.                                    Terry Legon, #220217

50

## WITNESS STATEMENT

CASE# _01PL07810_

INVESTIGATOR(S) _Sgt. A. Williams_

I, _(Marquanda Laws)_ am willing to make this statement of my own free will without hope of reward or fear of punishment. I further consent to answer any questions that may be asked of me by Investigator(s) _Williams_. No promises or threats have been made to/against me. No pressure or coercion of any kind have been used against me in obtaining this statement.

On March 25, 2001 my sister (Lawanda Laws, my brother Jonathan Laws, my nephew Cornelius Laws, my son Kmari Sexton, & myself were traveling down Seale Rd. and made a left on 1165 highway. As I proceeded up the hill I turned my signal light on to make a left turn at 47 A highway 1165 (That's the address) (At I.I.) I had made a complete stop, but before I could turn

I can/cannot read and have read the above statement and further affirm that it is the truth.

1. Was the above statement written by an investigator at the request of the witness?
   _____ Yes   _✓_ No
2. Can the witness read? _✓_ Yes   _____ No   Write? _✓_ Yes   _____ No
   _____ No   write the above statement him/her self?
3. Was the witness given the opportunity to write the above statement him/her self?
   _✓_ Yes   _____ No

Witness Signature _Marquitnua Law_ Date _4-2-01_

Investigator (s) _Sgt. A. Williams_

Exhibit "A"

STATEMENT OF 'M (CONT)                                    PAGE
CASE NUMBER _____                               51

a white Chevy Blazer hit me from
behind spinning the 91 Saturn
atleast 4 times. I jumped out of
the vehicle and tried to open the passen
door which was my sisters door, then the
passenger back door which was my sons
door, unfortunately neither door would open
So I ran to the passenger back door
and lot Jordanan and Cornelius out By
that time traffic stopped and people wer
calling the police and ambulance. It
took them a while to get their But
when they arrived they put my son in
an ambulance and me and my sister
followed it(L) while in the ambulance
EMT Sonny made a cruel statement
towards my sister (that that (T.L) hurt
me emotionally. He stated that she
was lying. At a time like that. Knou
in my heart my son (T.L) pasted that
was so uncalling that shouldn't
have been said.

WITNESS/DEFENDANT/SUSPECT  _____

INVESTIGATOR(S) _____

***Interview Supplement***

1. Interview of: Taquonna Law

. Case Number: 01PL07810

3. Date: 04/02/01

4. Time: 1130 hrs (MT)

5. Report By: Sgt. A. Williams

_____

On Monday , 04/02/01 , at/around 1130 hrs , Sgt. Williams interviewed Taquonna concerning the investigation of the traffic accident she was involved in on Hwy 165.

Ms. Law's statement was reduced to a written statement which Ms. Law was given an opportunity to review, after which she signed the statement, indicating that it was an accurate representation of her conversation with Sgt. Williams (refer to statement for details).

The following pertinent information relevant to this investigation was obtained during this interview:

BEGIN STATEMENT:
On March 25,2001 my sister Lawanda Law, my brother Jonathan Law, my nephew Cornelius Law, my son Khalil Sutton, and myself were traveling down Seale Rd. and made a left turn on Hwy 165. As I proceeded up the hill, I turned my signal light on to make a left turn at 47A Hwy 165. I had made a complete stop, but before I could turn, a white Chevy Blazer hit me from behind spinning the 91 Saturn at least 4 times. I jumped out of the vehicle and tried to open the passenger door which was my sister's door and then the back passenger door which was my son's door. Unfortunately neither door would open. So I ran to the passenger back door and let Jonathan and Cornelius out. By that time traffic stopped and people were calling the police and ambulance.It took them a while to get there, but when they finally did, they put my son in an ambulance and me and my sister followed.

END OF STATEMENT.

EXHIBIT "B"

# ARMSTRONG & GRAY, P.C.

### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

53

1619 BROAD STREET
PHENIX CITY, ALABAMA 36867
Telephone: (334) 291-0410
Telecopier: (334) 291-0411

JEREMY W. ARMSTRONG
WALTER L. GRAY, III

MAILING ADDRESS

POST OFFICE BOX 3409
PHENIX CITY, ALABAMA
36868-3409

J C PERDUE
OF COUNSEL

May 22, 2002

Ventress Correctional Facility
ATTN: Inmate Terry Ligon   AIS #220217
Post Office Box 767
Clayton, Alabama  36016

RE:   **Response to Letters**

Dear Mr. Ligon,

I have received your letters dated April 11, 2002, and April 19, 2002. Please find enclosed a copy of the entire discovery that I received in your case. I enclose this material as a courtesy to you. The normal procedure in the filing of a Rule 32 is to file said post-conviction petition in the circuit court in which you were convicted. Simultaneously, you can file an indigent affidavit and, if approved, then you can get copies of the court file. Now, since you are filing a Rule 32 petition, I can only assume that the petition will address ineffective assistance of counsel. Since that petition would place you and me in conflict with one another, I will not be providing you with any additional information beyond discovery in your case.

I must advise you that you did enter into a plea agreement where you plead to four (4) counts of Assault First Degree and received eight (8) years for each count. Also, you plead guilty to one (1) count of Murder and received a twenty-five (25) year sentence. In the plea agreement, all sentences are to run concurrent with one another. Additionally, I must advise you that in the plea agreement, you agreed to not appeal your conviction and sentence in any form or fashion. The plea agreement states that if you do appeal your conviction and sentence, the plea agreement will be considered null and void, and all cases will be added to the next available trial docket  In other words, the State of Alabama will proceed to trial on all charges and, if convicted, you face up to twenty (20) years on each assault count and up to LIFE on the murder count.

Mr. Ligon, I discussed all these matter extensively with you before you entered your plea. I discussed with you the strength of the prosecution's case and advised you that there was a strong likelihood of conviction. I advised you even though the prosecution had a strong case, you did have the right to proceed to trial and present any valid defenses, present any evidence, cross-examine any witness, and that you could testify in your own behalf. You chose to enter the plea of guilty based on the offer we received from the State of Alabama. I also warned you that once you get in the

EXHIBIT "C"

54

Department of Corrections, beware of what is commonly referred to as "jailhouse lawyers." It is obvious that, even though I warned you of jailhouse lawyers, you have fallen prey to this scheme. Mr. Ligon, the likelihood of you succeeding on a Rule 32 petition is slim to none. When you fail to succeed on such petition, then all you have done is set yourself up on the possibility of receiving a LIFE sentence on the murder charge. It was clear from sentencing with Judge Greene, that if you were convicted by a jury, he would have given you a LIFE sentence. When this happens, you will be wishing you still had a twenty-five (25) year sentence; however, by then, it will be too late.

I am advising you that it is not in your best interest to file any type of appeal in this matter. I wish you luck in any decision you make in this matter.

Sincerely,

JEREMY W. ARMSTRONG

Agency No. 01PL07810    DC No. 01-669    CC No. _____    G. J. No. 146SU04    55

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this 15th day of _June_, 2001.

_Annie Jones_                _Kathy Coulter_                CC-01-356
Grand Jury Foreman           Clerk of the Circuit Court
                             of Russell County
                             Twenty-Sixth Judicial Circuit

# INDICTMENT

## THE STATE OF ALABAMA
### vs.
### TERRY LIGON
### SID:

### alias
#### None Reported

SECTION

CHARGES:

1. MURDER

Bail fixed at $ 69,000 this 15 day of _July_ 2001.

_____
Judge Presiding

THE STATE OF ALABAMA                          )    CIRCUIT COURT
RUSSELL COUNTY                                )    2001

                    103                EXHIBIT "D"

Prosecutor: KENNETH DAVIS                          KENNETH DAVIS
                                                   DISTRICT ATTORNEY
                                                   TWENTY-SIXTH JUDICIAL

Agency No. 01PL07310          DC # 01-609          C. J. No. 146SU01

58

THE STATE OF ALABAMA, Russell COUNTY

Circuit Court - Twenty-Sixth Judical Circuit

## COUNT I

The Grand Jury of said county charge that, before the finding of this indictment, TERRY LIGON, whose true name is otherwise unknown to the Grand Jury, did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said TERRY LIGON, and did thereby cause the death of KHALIL SUTTON, by operating a motor vehicle While under the influence of alcohol or drugs or a combination thereof in violation of Section 13A-5-191 of the Code of Alabama 1975 , as amended  and thereby striking with his vehicle a vehicle in which the said Khalil Sutton was a passenger, in violation of Section 13A-6-2 of the Code of Alabama 1975, as amended, and against the peace and dignity of the State of Alabama.

KENNETH DAVIS
District Attorney
Twenty-Sixth Judicial Circuit

WITNESSES:

CRAIG BAILEY, ADFS, P. O. BOX 210516, MONTGOMERY, AL  36121
BETERNIA BAKER, 500 5TH AVENUE, APT 511-A, COLUMBUS, GA  31901
DR. BEN L. BRISTOL, P. O. BOX 240591, MONTGOMERY, AL  36124
OFFICER J. FREEMAN, PCPD, PHENIX CITY, AL  36867
LAB PERSONNEL, , ,
SGT. BARBARA LAGRAND, PCPD, PHENIX CITY, AL  36868
JONATHAN LAW, 807 PINELAKE DRIVE, APT. B-1, MONTEZUMA, GA  31063
LAKESHA LAW, 454 5TH AVENUE, APT. 408-C, COLUMBUS, GA  31901
LAWANDA LAW, 2514 SOUTH SEALE ROAD, APT. C-3, PHENIX CITY, AL  36867
TAQUONNA LAW, 1050 FARR ROAD, LOT 15, COLUMBUS, GA  31907
SGT. R. LAWRENCE, PCPD, PHENIX CITY, AL  36867
LT. LONG, PCPD, PHENIX CITY, AL  36867
TROOPER CHARLTON MARTIN, 1220 FOXRUN PKWY, BLDG A-3, OPELIKA, AL  36801
LT. B. MCGARR, PCPD, PHENIX CITY, AL  36867
OFFICER W. MCLOUGHLIN, PCPD, PHENIX CITY, AL  36867
SGT. SOCRATES MILES, PCPD, PHENIX CITY, AL  36867
PAULA PATRICK, EMERGENCY ROOM, COLUMBUS MEDICAL CENTER, COLUMBUS, GA  31901
SGT. D. STOKES, PCPD, PHENIX CITY, AL  36867
SGT. ANDY WILLIAMS, PCPD, PHENIX CITY, AL  36867

57

Terry Ligon
# 220217 - Dorm 8-B
Ventress Corr. Fac.
P.O. Box 767
Clayton, AL. 36016

First Class
Mail

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE
CONTENTS HAVE NOT
AND THE ALABAMA STATE
CORRECTIONS IS NOT
THE SUBSTANCE OF
ENCLOSED COMM

To:

The Clerk of the Court
Circuit Court of Russell County
Hon. Kathy Coulter,
P.O. Box 518
501 14th Street
Phenix City, AL.
36868-0518

First
Mail



OCT 30 2004

58

The Circuit Clerk should not Accept the Rule 32 Petition for filing until Petitioner prays Court Costs or the Court Rules on his Affidavit of Substantial Hardship"

FILED IN OFFICE

12.5.02 Original Petition sent back to Def /JBS

53

_[date illegible]_

Clerk of the Court
Circuit Court of Russell County

FILED IN OFFICE
[illegible] DEC 2[?] PM 2:38

Re: CC-01-0352.60
" 01-0353.60
" 01-0354.60
" 01-0355.60
" 01-0356.60

Dear Clerk of the court:

Enclosed please find for your filing in the above referenced cases the following:

1.) Cover sheet,
2.) Affidavit of Hardship,
3.) In Forma Pauperis Declaration
4.) Rule 32, petition for post-conviction relief with
5.) attached Issues and Law Pertaining to Rule 32 - also please find attachments to such as example or exhibits for the court.

A) written statement of Tarquinius Law
B) The police typed statement of Tarquinius Law
C.) Letter of Jeremy Armstrong, Attorney dated 7/22/02
D) copy of indictment CC-01-0356

I pray all is in order for your filing & thank you for your time and consideration in this matter.

Respectfully,

Terry I-Ger [illegible]

60

December 19, 2002

FILED IN OFFICE
2002 DEC 23  PM 2: 37

Honorable Kathy Coulter

Clerk of the Court

Circuit Court of Russell County

P.O. Box 518

Phenix City, Alabama 36868

Dear Mrs. Coulter:

    Enclosed please find three (3) copies of my Rule 32 petition originally filed in your court on October 31, 2002. I am sorry for filing only one copy at that time but truly it is not my fault. The law library clerk here at Ventress will only give you 1 Rule 32 form and will not provide copies if you are indigent, you must pay 50¢/page for copies. I do not have that kind of money at this time. However, I did prevail upon a civil friend who provided the necessary copying for me. I do pray and ask in closing that this petition may go forward now. I thank you for your time and consideration in this matter and take this opportunity to wish you and your family a very Merry Christmas and a New Year filled with God's Blessings.

    Thank you for everything.

Respectfully,

Terry Logan  12/19/02

Terry Logan
# 224217 - D84
CCF
P.O. Box 767
Clayton, AL 36016

Case Number

CC  01  0356
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

CIRCUIT COURT OF RUSSELL COUNTY
[insert appropriate court]

TERRY LIGON
(Petitioner)

vs.

STATE OF ALABAMA
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, _____ TERRY LIGON # 220217 _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No ✓

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   4/01

   $ 400.00

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?

   Yes _____        No ✓

   b.  Rent payments, interest, or dividends?

   Yes _____        No ✓

   c.  Pensions, annuities, or life insurance payments?

   Yes _____        No ✓

   d.  Gifts or inheritances?

   Yes _____        No ✓

   e.  Any other sources?

   Yes ✓        No _____

3/12/03 - Motion granted

GG

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

OCCASSIONAL MONEY ORDER FROM MY MOTHER
FOR $20.00 TO USE ON THE CANTEEN

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

NONE

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____8/27/02_____
                    (Date)

_____Terry Lagon_____
Signature of Petitioner   # 220217

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 8.75 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____Ventress_____ institution:

Compiled monthly Return it the bank

_____
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

63

ACCT #   220217          NAME:   LIGON, TERRY

THESE FIGURES ARE AS OF   08/28/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR   | 31        | $25.05            | $32.00           |
| APR   | 30        | $20.17            | $140.00          |
| MAY   | 31        | $20.90            | $100.00          |
| JUN   | 30        | $19.26            | $70.00           |
| JUL   | 31        | $39.74            | $160.00          |
| AUG   | 28        | $12.37            | $65.00           |



TERRY LIGON                          )        IN THE CIRCUIT COURT OF    65

     PETITIONER,                )        RUSSELL COUNTY, ALABAMA

                  )

VS.                                 )        CASE NO.: CC 01-352 - 356.

                  )

STATE OF ALABAMA                    )

                  )

     RESPONDENT.                )

## ORDER

    The Petitioner having filed an application to proceed in forma pauperis and the Court having reviewed and considered same, it is ORDERED that the motion is granted.

    DONE this the 12th day of March 2003.


                                   _____

                                   JUDGE, CIRCUIT COURT

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

## (Pursuant to Rule 32,

### Alabama Rules of Criminal Procedure)

68

Case Number

CC _____  CI _____  3.5 6 _____
ID              YR              NUMBER

IN THE _____ Circuit _____ COURT OF Russell Co. ALABAMA

_____ Terry Ligon _____ vs. _____ State of Alabama _____

Petitioner (Full Name)                          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _____ 220217 _____ Place of Confinement _____ Ventress Corr. Fac. _____

County of conviction _____ Russell Co. AL. _____

NOTICE:    BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _____ Russell Co. _____
   _____ Phoenix City, AL. _____

2. Date of judgment of conviction _____ Nov. 13, 2001 _____

3. Length of sentence _____ 25 yr's _____

4. Nature of offense involved (all counts) _____ Murder   Assault 1st Degree x4 _____
   _____
   _____
   _____

5. What was your plea?   (Check one)

   (a)  Guilty __✓__

   (b)  Not guilty _____

   (c)  Not guilty by reason of mental disease or defect _____

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

    (a)  Jury _____          (b)  Judge only _____✓

7. Did you testify at the trial?

    Yes _____             No ___✓

8. Did you appeal from the judgment of conviction?

    Yes _____             No ___✓

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ N|A _____

        (2)  Result _____

        (3)  Date of result _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ N|A _____

        (2)  Result _____

        (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ N|A _____

        (2)  Result _____

        (3)  Date of result _____

68

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __✓__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____ N/A _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____ N/A _____

(6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court _____ N/A _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____ N/A _____

(6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____ N/A _____

69

(2)  Nature of proce....  _____

(3)  Grounds raised  _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result  _____  N|A  _____

(6)  Date of result  _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____                    No ✓

(2)  Second petition, etc.       Yes _____                    No _____

(2)  Third petition, etc.         Yes _____                    No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

4

70

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

   Yes _____          No ___✓___

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

   (a)  Name of court _____

   (b)  Result _____

   (c)  Date of result _____
        (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes _____          No ___✓___

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

72

(a)  At preliminary hearing _____

_____

(b)  At arraignment and plea _____ Tommy Hammonds esse
Sec. 14th st. Phenix City, Al 36865

(c)  At trial _____
Same as above

(d)  At sentencing _____
_____

(e)  On appeal _____ N/A _____

(f)  In any post-conviction proceeding _____ N/A _____

(g)  On appeal from adverse ruling in a post-conviction proceeding _____
N/A

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __✓__                    No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____                    No __✓__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____
_____ N/A _____

(b)  And give date and length of sentence to be served in the future: _____
N/A

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____                    No _____

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

73

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on  _10/18/02_
                (Date)

_Terry Luyer_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _18th_ day of _October_  X _2002_

_Cottina Nowno_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
                                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____


* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

## WITNESS STATEMENT

CASE# _01PL07810_

INVESTIGATOR(S) _St. A. Williams_

I, _(illegible)_ am willing to make this statement of my own free will without hope of reward or fear of punishment. I further consent to answer any questions that may be asked of me by Investigator(s) _Williams_. No promises or threats have been made to/against me. No pressure or coercion of any kind have been used against me in obtaining this statement.

On March 25, 2001 my sister Lawanda Law, my brother Jonathan Law, my nephew Cornelius Law, Allyson Kinnel Sutton & myself were traveling down Seale Rd. and made a left on 1165 highway. As I proceeded up the hill I turned my signal light on to make a left turn at 47 A highway 165. (That's the address) (sic) I had made a complete stop, but before I could turn

I can/cannot read and have read the above statement and further affirm that it is the truth.

1. Was the above statement written by an investigator at the request of the witness?
   ____ Yes    ✓ No

2. Can the witness read? ✓ Yes    ____ No    Write? ✓ Yes    ____ No
   Write the above statement him/her self?

3. Was the witness given the opportunity to write the above statement him/her self?
   ✓ Yes    ____ No

Witness Signature _(signature)_ Date _4-2-01_

Investigator(s) _St. A. Williams_

Exhibit "A"

_____ of my sister _____ turning spinning the 91 Saturn atleast 4 times. I jumped out of the vehicle and tried to open the passenger door which was my sisters door. Then the passenger back door which was my sons door. Unfortunately neither door would open so I ran to the passenger back door and got Jordan and Cornelius out. By that time traffic stopped and people were calling the police and ambulance. It took them a while to get their but when they arrived they put my son in an ambulance and me and my sister followed (T.) while in the ambulance EMT Johnny Marie a cruel statement towards my sister (that hurt) (T.) hurt me emotionally. He stated that she was lying. At a time like that. I know in my heart my son (T.) passed that was something that shouldn't have been said.

WITNESS/DEFENDANT/SUSPECT _____

INVESTIGATOR(S) Sgt. A. Hill _____

***Interview Supplement***

1. Interview of: Taquonna Law

2. Case Number: 01PL07810

3. Date: 04/02/01

4. Time: 1130 hrs (MT)

5. Report By: Sgt. A. Williams

_____

On Monday , 04/02/01 , at/around 1130 hrs , Sgt. Williams interviewed Taquonna concerning the investigation of the traffic accident she was involved in on Hwy 165.

Ms. Law's statement was reduced to a written statement which Ms. Law was given an opportunity to review, after which she signed the statement, indicating that it was an accurate representation of her conversation with Sgt. Williams (refer to statement for details).

The following pertinent information relevant to this investigation was obtained during this interview:


BEGIN STATEMENT:
On March 25,2001 my sister Lawanda Law, my brother Jonathan Law, my nephew Cornelius Law, my son Khalil Sutton, and myself were traveling down Seale Rd. and made a left turn on Hwy 165. As I proceeded up the hill, I turned my signal light on to make a left turn at 47A Hwy 165. I had made a complete stop, but before I could turn, a white Chevy Blazer hit me from behind spinning the 91 Saturn at least 4 times. I jumped out of the vehicle and tried to open the passenger door which was my sister's door and then the back passenger door which was my son's door. Unfortunately neither door would open. So I ran to the passenger back door and let Jonathan and Cornelius out. By that time traffic stopped and people were calling the police and ambulance.It took them a while to get there, but when they finally did, they put my son in an ambulance and me and my sister followed.


END OF STATEMENT.

_____

Exhibit B

# ARMSTRONG & GRAY, P.C.

### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

1619 BROAD STREET
PHENIX CITY, ALABAMA 36867
Telephone: (334) 291-0410
Telecopier: (334) 291-0411

JEREMY W. ARMSTRONG
WALTER L. GRAY, III

J.C. PERDUE
OF COUNSEL

MAILING ADDRESS:

POST OFFICE BOX 3409
PHENIX CITY, ALABAMA
36868-3409

May 22, 2002

Ventress Correctional Facility
ATTN: Inmate Terry Ligon  AIS #220217
Post Office Box 767
Clayton, Alabama 36016

RE:     **Response to Letters**

Dear Mr. Ligon,

I have received your letters dated April 11, 2002, and April 19, 2002. Please find enclosed a copy of the entire discovery that I received in your case. I enclose this material as a courtesy to you. The normal procedure in the filing of a Rule 32 is to file said post-conviction petition in the circuit court in which you were convicted. Simultaneously, you can file an indigent affidavit and, if approved, then you can get copies of the court file. Now, since you are filing a Rule 32 petition, I can only assume that the petition will address ineffective assistance of counsel. Since that petition would place you and me in conflict with one another, I will not be providing you with any additional information beyond discovery in your case.

I must advise you that you did enter into a plea agreement where you plead to four (4) counts of Assault First Degree and received eight (8) years for each count. Also, you plead guilty to one (1) count of Murder and received a twenty-five (25) year sentence. In the plea agreement, all sentences are to run concurrent with one another. Additionally, I must advise you that in the plea agreement, you agreed to not appeal your conviction and sentence in any form or fashion. The plea agreement states that if you do appeal your conviction and sentence, the plea agreement will be considered null and void, and all cases will be added to the next available trial docket. In other words, the State of Alabama will proceed to trial on all charges and, if convicted, you face up to twenty (20) years on each assault count and up to LIFE on the murder count.

Mr. Ligon, I discussed all these matter extensively with you before you entered your plea. I discussed with you the strength of the prosecution's case and advised you that there was a strong likelihood of conviction. I advised you even though the prosecution had a strong case, you did have the right to proceed to trial and present any valid defenses, present any evidence, cross-examine any witness, and that you could testify in your own behalf. You chose to enter the plea of guilty based on the offer we received from the State of Alabama. I also warned you that once you get in the

EXHIBIT "C"

Department of Corrections, beware of what is commonly referred to as "jailhouse lawyers." It is obvious that, even though I warned you of jailhouse lawyers, you have fallen prey to this scheme. Mr. Ligon, the likelihood of you succeeding on a Rule 32 petition is slim to none. When you fail to succeed on such petition, then all you have done is set yourself up on the possibility of receiving a LIFE sentence on the murder charge. It was clear from sentencing with Judge Greene, that if you were convicted by a jury, he would have given you a LIFE sentence. When this happens, you will be wishing you still had a twenty-five (25) year sentence; however, by then, it will be too late.

I am advising you that it is not in your best interest to file any type of appeal in this matter. I wish you luck in any decision you make in this matter.

Sincerely,

JEREMY W. ARMSTRONG

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this 15 day of June, 2001.

_____         _____         CC-01-356
Grand Jury Foreman                       Kathy Coulter

                                         Clerk of the Circuit Court
                                         of Russell County
                                         Twenty-Sixth Judicial Circuit

# INDICTMENT

## THE STATE OF ALABAMA

### vs.

### TERRY LIGON

### SID:

### alias

### None Reported

CHARGES:                                              SECTION

1. MURDER

Bail fixed at $ 69,000 this 15 day of June 2001.

                                         _____
                                         Judge Presiding

THE STATE OF ALABAMA                                  CIRCUIT COURT
RUSSELL COUNTY                                        2001
                         103

Prosecutor: KENNETH DAVIS                    EXHIBIT "D"

                                         KENNETH DAVIS
                                         DISTRICT ATTORNEY
                                         TWENTY-SIXTH JUDICIAL

THE STATE OF ALABAMA, Russell COUNTY

Circuit Court - Twenty-Sixth Judicial Circuit

## COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, TERRY LIGON, whose true name is otherwise unknown to the Grand Jury, did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said TERRY LIGON, and did thereby cause the death of KHALIL SUTTON, by operating a motor vehicle While under the influence of alcohol or drugs or a combination thereof in violation of Section 13A-5-191 of the Code of Alabama 1975, as amended and thereby striking with his vehicle a vehicle in which the said Khalil Sutton was a passenger, in violation of Section 13A-6-2 of the Code of Alabama 1975, as amended, and against the peace and dignity of the State of Alabama.

KENNETH DAVIS
District Attorney
Twenty-Sixth Judicial Circuit

WITNESSES:

CRAIG BAILEY, ADFS, P. O. BOX 210516, MONTGOMERY, AL 36121
BETERNIA BAKER, 500 5TH AVENUE, APT 511-A, COLUMBUS, GA 31901
DR. BEN L. BRISTOL, P. O. BOX 240591, MONTGOMERY, AL 36124
OFFICER J. FREEMAN, PCPD, PHENIX CITY, AL 36867
LAB PERSONNEL...
SGT. BARBARA LAGRAND PCPD, PHENIX CITY, AL 36868
JONATHAN LAW, 807 PINELAKE DRIVE, APT. B-1, MONTEZUMA, GA 31063
LAKESHA LAW, 454 5TH AVENUE, APT. 408-C, COLUMBUS, GA 31901
LAWANDA LAW, 2514 SOUTH SEALE ROAD, APT. C-3, PHENIX CITY, AL 36867
TAQUONNA LAW, 1050 FARR ROAD, LOT 15, COLUMBUS, GA 31907
SGT. R. LAWRENCE, PCPD, PHENIX CITY, AL 36867
LT. LONG, PCPD, PHENIX CITY, AL 36867
TROOPER CHARLTON MARTIN, 1220 FOXRUN PKWY, BLDG A-5, OPELIKA, AL 36801
LT. B. MCGARR, PCPD, PHENIX CITY, AL 36867
OFFICER W. MCLOUGHLIN, PCPD, PHENIX CITY, AL 36867
SGT. SOCRATES MILES, PCPD, PHENIX CITY, AL 36867
PAULA PATRICK, EMERGENCY ROOM, COLUMBUS MEDICAL CENTER, COLUMBUS, GA 31901
SGT. D. STOKES, PCPD, PHENIX CITY, AL 36867
SGT. ANDY WILLIAMS, PCPD, PHENIX CITY, AL 36867

State of Alabama
Unified Judicial System

Form C-10   Rev 6/88

Case 3:05-cv-00707-MEF-CSC Document 15-11 Filed 09/25/2005   Page 83 of 132

Case Number
CC-01- 350; 355;
354; 353; 352

# AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER

IN THE _____ Circuit _____ COURT OF _____ Russell _____ COUNTY

Plaintiff/State of Alabama   **v. Defendant** Terry Ligon

## IN THE MATTER OF:

**TYPE OF PROCEEDING:** Rule 32   **CHARGE:** Murder

☐ CIVIL CASE--I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ CIVIL CASE (such as paternity, support, termination of parental rights) -- I request an attorney be appointed for me.

☒ CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.

## AFFIDAVIT

**I N C O M E / E M P L O Y M E N T**

A. Do you have a job or work for yourself? _____ Yes ✓ No

Employer's name and address _____

How much money do you take home each week? + $ _____

B. If unemployed, give month and year of last employment and amount earned per month _____ 4/01 _____ $ 4/00 /m

C. Does your husband or wife have a job? _____ Yes ✓ No

Employer's name and address _____ N/A _____

How much money does he/she take home each week? + $ -- 0 --

D. Do you receive money or benefits from any other source? _____ Yes ✓ No

(Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)

How much do you receive each month? + $ _____

**A S S E T S**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand? _____ Yes ✓ No

Where? _____ How much? + $ _____

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.) _____ Yes ✓ No

What? _____

_____ Total Value + $ -- 0 --

**D E P E N D E N T S**

A. Are you: ✓ Single _____ Married _____ Widowed _____ Divorced _____ Separated?

B. Do you have any dependents? ✓ Yes _____ No

Who and what relationship? _____ 5 children _____

_____

_____

What does it cost you to live each month?                                    $ _____ 0 _____

| | Creditor | Total Debt | Monthly Payment |
|---|---|---|---|
| | | | |
| **D** | Loans | ~ 0 ~ | ~ 0 ~ |
| **E** | Charge Accounts | | |
| **B** | House or rent payments | | |
| **T** | Alimony | | |
| **S** | Support | | |
| | Car payment | | |
| | Groceries | | |
| | Utilities | ~ 0 ~ | ~ 0 ~ |
| | | | |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed-counsel.

Sworn to and subscribed before me this

_27th_ day of _August_ 16 _2003_        _Terry Luger_ _____
                                          **Affiant Signature**

_Cynthia Acuna_ _____
**Judge/Notary**

## ORDER

IT IS ORDERED THAT THE FOREGOING REQUEST BE:

☐ GRANTED                    ☒ DENIED

**APPOINTMENT OF ATTORNEY:**

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT _____

_____ Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

It is further ordered that the Court reserves the right and may order reimbursement of attorney's fees and expenses, approved by the Court and paid to the appointed counsel.

DONE this ____ _2_ day of ____ _Dec_ ____ 19 _200_ ~

_____
**Judge**

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

State of Alabama
Unified Judicial System

Form ARS-5     6-98

Case Number

Date of Filing:  Month  Day  Year

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Russell___ COUNTY

PLAINTIFF ___State of Alabama___ v. DEFENDANT ___Terry Lyon___

Name of First Listed Plaintiff's Attorney

Name of Attorney (if known) of First Listed Defendant

NUMBER OF PARTIES:  PLAINTIFF(s) [0][0]   DEFENDANT(s) [0][0][1]

IS ANY PARTY: An out of state resident? ☐ YES ☒ NO ☐ UNKNOWN   An out of county resident? ☐ YES ☒ NO ☐ UNKNOWN

## NATURE OF SUIT:
In the left hand column of boxes preceding the categories listed below, check the box (check only one) that best describes or categorizes the basis or theory of your suit. In the right hand column, check any secondary theories that are applicable to the suit.

**TORTS PERSONAL INJURY**
- a ☐☐ Bad Faith
- b ☐☐ Fraud
- c ☐☐ Malpractice - Legal
- d ☐☐ Malpractice - Medical
- e ☐☐ Malpractice - Other
- f ☐☐ Products Liability/AEMLD
- g ☐☐ Negligence - General
- m ☐☐ Negligence - Motor Vehicle
- l ☐☐ Other _____

**TORTS PROPERTY INJURY**
- l ☐☐ Personalty
- n ☐☐ Realty

**CONTRACTS**
- u ☐☐ Collection - Non-Mortgage
- m ☐☐ Mortgage Foreclosure
- o ☐☐ Insurance
- p ☐☐ Pension
- q ☐☐ Employment
- r ☐☐ Other _____

- s ☐☐ REAL PROPERTY
- t ☐☐ CIVIL RIGHTS: Prisoner
- f ☐☐ CIVIL RIGHTS: Other
- u ☐☐ WILLS/TRUSTS/ESTATES
- v ☐☐ OTHER: _____

**EQUITABLE/ NON-DAMAGE ACTIONS**
- u ☐☐ Declaratory Judgment
- x ☐☐ Injunction - Commercial
- y ☐☐ Injunction - Employment

- z ☐☐ Injunction - Other
- e ☐☐ Extraordinary Writ
- i ☐☐ Other _____

**STATUTES/RULES**
- a ☐☐ Admin. Procedure Act
- b ☐☐ Railroad/Seaman (FELA)
- e ☐☐ Racketeering (RICO)
- d ☐☐ Workmen's Compensation
- e ☐☐ Wrongful Death
- f ☐☐ Other __Rule 32__
            __Petition__

## ORIGIN (check one):
i ☒ INITIAL FILING   e ☐ REMANDED   a ☐ APPEAL FROM DISTRICT COURT   r ☐ REINSTATED OR REOPENED   o ☐ OTHER: _____

## HAS JURY TRIAL BEEN DEMANDED?  ☐ YES ☒ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, Jec procedure)

## RELIEF REQUESTED:
MONETARY AWARD:  ☐ YES ☐ NO

$ _____ Compensatory
$ _____ Punitive
$ _____ Total
☐ Amount not specified

MARK IF APPLICABLE:
- ☒ DECLARATORY JUDGMENT
- ☐ INJUNCTION
- ☐ EXTRAORDINARY WRIT
- ☐ POSSESSION
- ☐ ATTORNEY'S FEES
- ☐ OTHER: ___New Trial___

___10/29/02___
Date

___Terry Lyon  222217___
Signature of Attorney/Party filing this form

## DISPOSITION DATA (TO BE COMPLETED BY CLERK)

DISPOSITION DATE: [  ] [  ] [  ]   Month  Day  Year

r ☐ TRANSFER TO OTHER CIRCUIT/VENUE CHANGE
New Venue: _____

**DISMISSALS**
- l ☐ Lack of Jurisdiction
- c ☐ Want of Prosecution
- e ☐ Dismissed With Prejudice
- f ☐ Dismissed Without Prejudice
- s ☐ Settled
- e ☐ Other _____

**JUDGMENT ON**
- f ☐ Default
- a ☐ Consent
- p ☐ Pleadings
- u ☐ Summary Judgment
- l ☐ Jury Verdict

- ☐ Bench Trial
- v ☐ Directed Verdict
- w ☐ Judgment Notwithstanding the Verdict
- o ☐ Other: _____

**JUDGMENT FOR**
- p ☐ Plaintiff
- e ☐ Defendant
- b ☐ Both

**JUDGE TAKING FINAL ACTION:**
Judge Code [  ][  ][  ][  ]

## TRIAL DATES:
(if a jury or Non-Jury trial was held)

TRIAL BEGAN [  ] [  ] [  ]  Month  Day  Year

TRIAL ENDED [  ] [  ] [  ]  Month  Day  Year

NUMBER OF TRIAL DAYS [  ]

## NATURE OF JUDGMENT:
MONETARY AWARD: ☐ YES ☐ NO

$ _____ Compensatory
$ _____ Punitive
$ _____ Total

MARK IF APPLICABLE:
- e ☐ DECLARATORY JUDGMENT ENTERED
- ☐ INJUNCTION GRANTED
- ☐ EXTRAORDINARY

- p ☐ POSSESSION GRANTED
- a ☐ ATTORNEY'S FEES GRANTED
- o ☐ OTHER: _____

Clerk of the Court
Honorable Kathy Coulter
Circuit Court of Russell County
P.O. Box 518
Phenix City, Alabama 36868-0518

R. Calahan

CC-01-352-356

Dear Clerk Coulter:

Enclosed please find the following documents for your filing on the above referenced case:

Two sets of the following:

A) Affidavit in support of Rule 32 Petition, also marked as Petitioner's Exhibit # 1A through 1G Petitioner's exhibit 1 of the final resting place of the two vehicles involved in the accident on March 25, 2001, and the police reports pertaining to such.

I thank you for your time and assistance in the matter.

Sincerely,

Terry Ligon

Terry Ligon # 220217
Ventress Corr. Fac.
P.O. Box 767
Clayton, AL. 36016-0767

State of Alabama

County of Barbour                          Ref     CC-01-352-356

### Affidavit
### IN SUPPORT OF RULE 32 PETITION

Before me the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Terry Dixon, #220417, who being known to me and being by me first duly sworn, deposes and says the following:

My name is Terry Dixon, and I am over the age of 21 years and in sound, normal mental capacity. This affidavit is prepared in conjunction and support of my Rule 32, A.R.Cr.P., petition for post-conviction relief in cases CC 01-352-356 and is relevant to the events that transpired on March 25, 2001, whereby I was involved in an automobile accident.

The accident involved my crashing my "Chevrolet Blazer" into the back of a 1991 "Saturn" compact car on March 25, 2001, in which a child was killed. When the police arrived on the scene of the accident I was told to move my truck to the side of the road as it was blocking traffic on the highway. I believe the Phenix City Police Department, namely Officer Williams, was the one who told me to move my vehicle.

Later, after officers arrived on the scene of the accident and measurements were taken between the vehicles involved in the accident and a diagram was made ... to the positions of the vehicles at that time.

the diagram nor the measurements taken do not reflect an accurate portrayal of position or distance of the vehicles or to their original position before it moved my vehicle. This information was not related by me to any attorney representing me on criminal charges warned of accident, as he never showed me the diagram of the scene of the accident, as he wanted to plea bargain my case out quickly, and I did not have any idea of the diagram until May of 2002 when I received the information from the Circuit Court of Russell County, Al.

I swear under the penalty of perjury that above statement, is true and correct to the best of my knowledge and belief.

Terry Lofton
TERRY LOFTON, # 220217,
V.C.F. P.O. Box 767
Clayton, Al. 36016

Sworn to and subscribed before me on this the 10th day of December, 2002.

_____
NOTARY PUBLIC

_____
My Commission Expires



Final Resting
Position of
Both Vehichles
After Impact, &
Before PLPD.
Told Def. To Move Truck To
Side of Road

Car #

Car #

Impact Point

Alabama Highway
265

Two Lane
North
Bound

S

South Bound

N

Fri Apr 13 16:35:40 EDT 2001, entry by sgc
Case# 01PL07810
Supplement

   Inv. used the distance of skid marks from Veh#2 from POI to
final rest which was approx. 67 feet. This distance used with the known
drag factor of .73 came up with a post impact speed of 38 mph.
   Using the linear momentum formula, Inv. entered in the known
post impact speed along with the approx. vehicle weights of vehicles #1
and #2 to come up with the velocity of vehicle #1 at time of impact.
This number came up to 98.66 fps. Inv. then calculated the velocity into
mph which came up to 66.9 mph as the impact speed of vehicle #1.
   The calculations along with the formulas used was entered into
the case file as evidence.

Fri Apr 13 09:03:38 EDT 2001, entry by Sgt. A. Williams
Case# 01PL07810
Supplement

   Inv. was provided with the drag factor from the scene of the
traffic accident by Sgt. R. Lawrence. The test skids that Sgt. Lawrence
performed at two different test speeds came up the following drag
factors:

   f= .73            f= .75

   These drag factors will be used to determine the post impact
speed of the two vehicles after initial collision. Once the post impact
speed is obtained, it will entered into the linear momentum formula to
come up with the pre-impact speed of vehicle #1.



Baseline Pic "0"

① ▷ ──── Vehicle #1

② ▷ ──── Vehicle #2

N →▷ ──── Indicates North

──── Veh 2 Skids

──── Veh 1 Skids

──── Gouge Marks

──── Debris in Roadway

42 Ft. From Pole to Baseline
○ Utility Pole

(Reference Poi

Veh 1 Sk
Post Imp

Veh 2 Skids
Post Impact

ALABAMA HIGHWAY
165

Gouges in Roadway @ Point
Impact

End of Baseline
121 Ft. from "0"

N

| Diagram Scale 1 inch = (20 feet) | Location | Time |
|---|---|---|
| Signature of Reporting Officer(s) | Alabama Highway 165 Approx. 1/2 Mile off 431 | 1749 |
| SGT. ANDY WILLIAMS | Officer ID 264 | Reporting Police Agency ORI 0570100 | DATE Month 07 Day 25 Year 2001 |

PREPARED BY 01 PL
0781
DATE 3/25/0

1 | 1817   .164   A5

2 | PLACED IN 297 VEHICLE BY JCO

3 |

4 |

5 | MEASUREMENTS

6 |

Ref Point 7 | 142' FROM WHITE LINE TO UTILITY POLE

8 | LOCATED on WEST SIDE OF Hwy-165

9 | Base Line 121°

Veh 10 |

11 | X        Y

L/F Vehl 12 | 10'4 WEST     22' NORTH

R VehT 13 | 5.5" WEST     29 NORTH

14 |

L R veh 2 15 | 39' 5" EAST     38' 10" Nort

L/R 16 | 30' 6" EAST     40' 11 Nor

17 |

POI 18 | 14' 11" EAST     112 9" No

19 |

20 | 11' 6" Flo cost marker Base to Lane marker

21 |

22 | 11'9" to cent marker

23 | Base Line   0 to 46' 10"

24 |

25 |

26 |

27 |

28 |

ALABAMA DEPARTMENT OF PUBLIC SAFETY
TRAFFIC HOMICIDE UNIT    COORDINATE DIAGRAM

01PL07810

*** ALL MEASUREMENTS ARE IN FEET ***

"0" POINT IS: White Shoulder Marker Line 42"Ft. East of Utility Pole

| DESCRIPTION OF POINT: | 0 | N | S | E | W |
|---|---|---|---|---|---|
| Left Front Wheel of Vehicle #1 Final Rest | A | 22.0 | | | 10.33 |
| Left Rear Wheel of Vehicle #1 Final Rest | B | 29.0 | | | 5.41 |
| Left Rear Wheel of Vehicle #2 Final Rest | C | 38.83 | | 39.41 | |
| Left Front Wheel of Vehicle #2 Final Rest | D | 40.91 | | 50.50 | |
| Point Of Impact | E | 112.75 | | 14.91 | |
| Gouge Marks in Roadway | F | 111.83 | | 14.91 | |
| Debris Left in Roadway (Scattered) | G | 111.41 | | 14.91 | |
| Skid Marks (Post Impact) of Vehicle #2 | H | | | | |
| Skid Marks (Post Impact) of Vehicle #1 | I | | | | |
| | J | | | | |
| | K | | | | |
| | L | | | | |
| | M | | | | |
| | N | | | | |
| | O | | | | |
| | P | | | | |
| | Q | | | | |
| | R | | | | |
| | S | | | | |
| | T | | | | |
| | U | | | | |
| | V | | | | |
| | W | | | | |
| | X | | | | |
| | Y | | | | |
| | Z | | | | |

SHEET NUMBER:  5  OF  5  SHEETS /  DATE: 03 / 25 / 2001 INITIALS: A.W.

ALABAMA HIGHWAY
'165

N

| Diagram Not to Scale | | | Location | | | Time |
|---|---|---|---|---|---|---|
| | | | Alabama Highway 165 Approx. 1/2 Mile off 431 | | | 1749 |
| Signature of Reporting Officer(s) | | | Officer ID | Reporting Police Agency ORI | | DATE |
| | | | | | | Month    Day    Y |



THIS CORRESPONDENCE IS FORWARDED FROM AN ALABAMA STATE PRISON. THE CONTENTS HAVE NOT BEEN EVALUATED, AND THE ALABAMA DEPARTMENT OF CORRECTIONS IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED COMMUNICATION.

To: Honorable Kathy Coulter
Clerk of the Court
Circuit Court of Russell County
P.O. Box 518
Phenix City, AL. 36868-0518

Terry Logan
# 220217 - D-83-29
Ventress Corr. Fac.
P.O. Box 767
Clayton, AL. 36016-0767

First Class
First MAIL

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF
                                   (
        V.                          )        RUSSELL COUNTY, ALABAMA
                                   (
TERRY LIGON                         )        CASE NO.  CC-01-352.60 Thru
                                                       CC-01-356.60

## ANSWER TO RULE 32 PETITION

COMES NOW THE STATE OF ALABAMA, by and through it's Assistant District Attorney and answers the Defendant's petition as follows:

Petitioner alleges that

1.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief in that he was a) denied effective assistance of counsel, and b) he did not understand his plea of guilty, further that

2.  The Court was without jurisdiction to render the judgment or to impose the sentence, further that

3.  Newly discovered material facts exist which require the sentence or conviction be vacated by the Court.

Petitioner did not file an appeal. The issues above were or could have been raised in that manner. Pursuant to ARCP 32.2(a)(3) and (a)(5), therefore, these allegations are precluded and the petition on these grounds is due to be dismissed.

Petitioner's brief fails to supply a sufficient factual basis on these claims. The State of Alabama denies that any of the conduct complained of in the petition, if true, would rise to a level requiring granting of this petition.

In supporting documents petitioner in ground 1A above alleges that the trial court did not engage in a proper colloquy such as would have informed petitioner of the nature of the charges to which he was pleading. The State of Alabama denies this and would assert that the Court engaged in an exhaustive inquiry of a factual nature and that this would have be entirely sufficient for the petitioner to understand what was happening. Further, in ground 1B petitioner alleges ineffective assistance of counsel but has failed to allege facts such as would support this claim.

Petitioner's Ground 2 alleges that the Court did not have proper jurisdiction in this matter. Petitioner has failed to state any factual grounds such as would support this contention.

Petitioner's claim that he was sentenced in violation of the Double Jeopardy laws of the United States is without merit and results from an apparent misunderstanding of the sentencing laws of the State of Alabama. Petitioner objects to being sentenced to concurrent sentences but cites case law in his brief which allows concurrent sentences.

Petitioner has failed to state any new facts that would require a new trial be granted and as such his 3rd ground for relief also is due to be dismissed.

Based on the above, the State of Alabama requests that this Honorable Court dismiss defendant's petition.

This the 9th day of January, 2003.

Greg Waldrep
Assistant District Attorney

## CERTIFICATE OF SERVICE

The State of Alabama certifies that it has this day served a copy of the foregoing answer upon defendant by placing a copy of same in the United States Mail with proper postage affixed thereto addressed to:

Terry Ligon
AIS # 220217
P.O. Box 767
Clayton, AL    36016

This the 9th day of January, 2003.

KENNETH DAVIS,
District Attorney

Greg Waldrep
Assistant District Attorney

In The Circuit Court of Russell County,
State of Alabama

Terry Ligon,
        Petitioner,

        - vs -

State of Alabama,
        Respondent.

Case Nos. CC-01-352.60
thru   CC-01-356.60

FILED IN OFFICE
2003 NOV -5 PH 12: 41

## Motion For Appointment of Counsel

Comes now the Petitioner, Terry Ligon, pro-se, in the above styled cause and respectfully moves this Honorable Court to appoint counsel to assist him and represent him in his A.R.Cr.Pro., Rule 32 petition for post-conviction ruling and as good cause states the following:

Petitioner avers that because of the seriousness of the cases involved and that he is not well educated, nor able to comprehend the judicial process, its terms, and requirements he needs assistance, wherefore, he moves this Honorable Court to appoint counsel to assist him and grant his Affidavit of Hardship, pending before this Honorable Court as filed on October 31, 2002, and then again on March 12, 2003.

the 5th day of November, 2003.

Respectfully submitted, on this

Terry Ligon
TERRY LIGON # 220217



NAME _Larry Carroll_  AIS # _202012_  DORM # 3-25
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."

Mrs. Cathy Chris Tina
Clerk of the Court
Circuit Court of Russell Cnty.
P.O. Box 518
Phenix City, AL.
36868 - 0518

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TERRY LIGON                              )
                                         )
        PETITIONER,                      )
                                         )
VS.                                      )         CASE NO.   CC 01-352-356
                                         )
STATE OF ALABAMA                         )
                                         )
        RESPONDENT.                      )



ORDER

The Petitioner, Terry Ligon, has filed a Petition for Relief from conviction and sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.    Petitioner cites as grounds for relief:

1.  Denial of effective assistance of counsel.

2.  The Court was without jurisdiction to render the judgment or to impose the sentence.

3.  Newly discovered material facts which require the conviction or sentence be vacated.

The Petition for Relief from conviction and sentence is hereby dismissed.

Petitioner, Terry Ligon, entered a plea of guilty to all charges.  At the time of the plea of guilty as a condition of his plea bargain agreement he waived all right to appeal including the filing of any post-conviction proceeding.  A copy of the entry of pleas of guilty and the sentencing phase is attached.

The Court conducted a lengthy colloquy with the Petitioner at the time of his pleas of guilty.  Petitioner acknowledged his guilt in all cases, and a basis for his guilt was established in all cases.  Any newly discovered evidence that the Petitioner sets forth would not change or likely change the determination of guilt

of the Petitioner. The Court clearly has subject matter jurisdiction in all cases. All indictments sufficiently notified Petitioner of charges pending against him. Petitioner was sentenced within the sentencing range of each case as allowed by law. Petitioner fails to assert a factual basis to establish an ineffective assistance of counsel claim. Furthermore, Petitioner failed to raise the issue of ineffective assistance of counsel on Motion for New Trial or on Appeal nor were any of Petitioner's other claims asserted on Motion for New Trial or on Appeal.

DONE this the 30th day of March 2004.

_____
JUDGE, CIRCUIT COURT

FILED IN OFFICE

STATE OF ALABAMA

IN THE CIRCUIT COURT FOR THE COUNTY OF RUSSELL

TWENTY-SIXTH JUDICIAL CIRCUIT

CRIMINAL


STATE OF ALABAMA

     v.                   Case Nos. CC 01-352 thru CC 01-356

TERRY LIGON,

       Defendant.
_____/


REPORTER'S OFFICIAL TRANSCRIPT

Before:

        Honorable George R. Greene
        Phenix City, Alabama - September 10, 2001

APPEARANCES:

        For the State:
            Buster Landreau, Esq.
            Chief Deputy District Attorney

        For the Defendant:
            Jeremy W. Armstrong, Esq.
            Phenix City, Alabama


Linda S. Wilson
Official Court Reporter

228

1    THE COURT:  Terry Ligon?

2         (Defendant approaches the bench.)

3    THE COURT:  You are Terry Ligon?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  Mr. Ligon, your cases come to

6    the Court by way of indictments returned by a

7    grand jury impaneled here in Russell County.  In

8    Case Number CC 2001-352, you are charged with the

9    offense of assault first degree, and this

10   indictment alleges that you did, while driving

11   under the influence of alcohol or a controlled

12   substance or any combination thereof, in

13   violation of Section 32-5A-191 of the Code of

14   Alabama, as amended, cause serious bodily injury

15   to Taquonna Law with a motor vehicle, in

16   violation of Section 13A-6-20(A)(5) of the Code

17   of Alabama.

18       Case Number CC 2001-353 also comes to the

19   Court by way of indictment.  It's my

20   understanding that all of these offenses arose

21   out of the same circumstance or transaction; is

22   that correct?

23   MR. ARMSTRONG:  That's correct, Your Honor.

24   THE COURT:  You are charged with the offense

25   of assault first degree in that case, and the

1    indictment alleges that you did, while driving

2    under the influence of alcohol or a controlled

3    substance or a combination thereof, in violation

4    of Section 32-5A-191 of the Code of Alabama of

5    1975, as amended, cause serious bodily injury to

6    Lawanda Law with a motor vehicle, in violation of

7    Section 13A-6-20(A)(5) of the Code of Alabama.

8         The next indictment also charges you with

9    the offense of assault in the first degree and

10   alleges that you did, while driving under the

11   influence of alcohol or a controlled substance or

12   a combination thereof, in violation of Section

13   32-5A-191 of the Code of Alabama of 1975, as

14   amended, cause serious bodily injury to Jonathan

15   Law with a motor vehicle, in violation of Section

16   13A-6-20(A)(5) of the Code of Alabama of 1975, as

17   amended.

18        The next indictment in Case Number

19   CC 2001-355 alleges or charges you with the

20   offense of assault in the first degree, and it

21   alleges that you did, while driving under the

22   influence of alcohol or a controlled substance or

23   a combination thereof, in violation of Section

24   32-5A-191 of the Code of Alabama of 1975, as

25   amended, cause serious bodily injury to Cornelius

1    Law with a motor vehicle, in violation of Section

2    13A-6-20(A)(5) of the Code of Alabama of 1975, as

3    amended.

4         And the last indictment that I have pending

5    today against you also was returned by a grand

6    jury impaneled here in Russell County and charges

7    you with the offense of murder and alleges that

8    you did recklessly engage in conduct which

9    manifested extreme indifference to human life and

10   created a grave risk of death to a person other

11   than the said Terry Ligon and did thereby cause

12   the death of Khalil Sutton by operating a motor

13   vehicle while under the influence of alcohol or

14   drugs or a combination thereof, in violation of

15   Section 13A-5-191 of the Code of Alabama of 1975,

16   as amended, and thereby striking with his vehicle

17   a vehicle in which the said Khalil Sutton was a

18   passenger, in violation of Section 13A-6-2 of the

19   Code of Alabama of 1975, as amended, and against

20   the peace and dignity of the State of Alabama.

21        Each of the assault in the first degree

22   cases are Class B felonies, with a possible range

23   of sentencing for conviction on those four cases

24   would be not less than two years, no more than 20

25   years imprisonment in the state penitentiary, and

1    may include a fine of up to but not more than

2    $10,000 as well as a Victims Compensation Fund

3    fee that would be imposed of not less than 50, no

4    more than $10,000 for each felony conviction.

5         The charge of reckless murder is a Class A

6    felony, with a possible range of sentencing for

7    conviction of that offense being not less than 10

8    years, no more than life or 99 years imprisonment

9    in the state penitentiary, and may include a fine

10   of up to but not more than $20,000 as well as a

11   Victims Compensation Fund fee of not less than

12   50, no more than $10,000 which would be imposed

13   for conviction in the case.  Because all of these

14   offenses occurred as part of the same transaction

15   or occurrence, then any sentence that would be

16   imposed in each of these five cases would run

17   concurrent with each other.

18        What grade did you last complete in school,

19   Mr. Ligon?

20        THE DEFENDANT:  Tenth.

21        THE COURT:  Can you read, write and

22   understand the English language?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  Is there anything about this

25   Explanation of Rights form which I've read or

1          explained to you or that Mr. Armstrong, your

2          attorney, has read or explained to you that you

3          don't understand?

4                    THE DEFENDANT:  No, sir.

5                    THE COURT:  Do you have any questions about

6          these forms?

7                    THE DEFENDANT:  No, sir.

8                    THE COURT:  Has anyone offered you any

9          promise or inducement or hope of reward to entice

10         you to enter into a plea of guilty to each of

11         these five cases?

12                   THE DEFENDANT:  No, sir.

13                   THE COURT:  Has anybody threatened or

14         coerced you in any way to force you to enter into

15         a plea of guilty?

16                   THE DEFENDANT:  No, sir.

17                   THE COURT:  The plea of guilty that you're

18         attempting to enter you're doing so voluntarily?

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  And that you understand by doing

21         so, you'll be giving up your right to a trial by

22         a jury?

23                   THE DEFENDANT:  Yes, sir.

24                   THE COURT:  And that you would also be

25         giving up a right to appeal any conviction in

1     these cases?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  I read out the indictments to

4     you in each of the five cases, four of them of

5     assault in the first degree and the other a

6     reckless murder charge.

7          Did this occur on or about the date of your

8     arrest on March the 21st of 2001?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Where did this incident occur?

11          THE DEFENDANT:  165.

12          THE COURT:  And that's in Russell County,

13     Alabama?

14          THE DEFENDANT:  Right.

15          THE COURT:  Were you driving a vehicle?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Did your vehicle collide with

18     another vehicle on that date?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Had you been drinking an

21     alcoholic beverage prior to you driving that

22     vehicle?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And how much did you have to

25     drink?

1    THE DEFENDANT:  Oh, about two or three

2    beers.

3    THE COURT:  Did you take a blood alcohol

4    test after the accident?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  And what percentage did you run

7    on the blood alcohol test?

8    THE DEFENDANT:  Point one six, something

9    like that.

10    THE COURT:  Point one six.  That's double

11    the legal limit of intoxication; is that correct?

12    THE DEFENDANT:  Right.

13    THE COURT:  Do you feel that your ability to

14    drive a vehicle was impaired as a result of you

15    being under the influence of an alcoholic

16    beverage?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  Did an accident result on that

19    date or occur on that date?

20    THE DEFENDANT:  Yes, sir.

21    THE COURT:  How did the accident occur?

22    THE DEFENDANT:  I was fixing to get ready to

23    pass a car in the next lane and about the time I

24    got ready to pass over, I looked in my mirror and

25    looked back up, the car had stopped in front of

| | |
|---|---|
| 1 | me with no lights on, no signal or nothing.  By |
| 2 | that time it was too late for me to get back |
| 3 | over. |
| 4 | THE COURT:  Did you hit a car head on? |
| 5 | THE DEFENDANT:  No. |
| 6 | MR. LANDREAU:  He rear ended. |
| 7 | THE COURT:  You ran into the back of the |
| 8 | car? |
| 9 | THE DEFENDANT:  Right. |
| 10 | THE COURT:  Was that car occupied by other |
| 11 | individuals? |
| 12 | THE DEFENDANT:  Yes, sir. |
| 13 | THE COURT:  And those other individuals were |
| 14 | the five names that I read out to you, and |
| 15 | specifically in Case Number CC 2001-356, Khalil |
| 16 | Sutton, who died as a result of injuries |
| 17 | sustained in that accident; is that correct? |
| 18 | THE DEFENDANT:  Yes. |
| 19 | THE COURT:  Were there injuries that |
| 20 | occurred to the other individuals, specifically |
| 21 | Cornelius Law? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | THE COURT:  What type of injuries did |
| 24 | Cornelius Law have? |
| 25 | MR. LANDREAU:  Judge, they all suffered |

10

136

1    blows or trauma to the body and were taken to the

2    hospital where they were treated.  Khalil Sutton,

3    who I believe was 18 months old, was pronounced

4    dead upon arrival at the hospital.

5    THE COURT:  Did Lawanda Law have serious

6    bodily injuries as a result of the accident in

7    this case?

8    MR. LANDREAU:  Yes, sir.  All four of the

9    other occupants had serious injuries.

10   THE COURT:  Did Taquonna Law receive serious

11   bodily injuries as well?

12   MR. LANDREAU:  Yes, Your Honor.

13   THE COURT:  And then, let's see, Jonathan

14   Law and Cornelius law.  Do you know what those

15   injuries were?

16   MR. LANDREAU:  Judge, they were all of the

17   same nature.  I believe a couple of them may have

18   broken bones in addition to internal trauma and

19   injury.

20   THE COURT:  Do you know whether any of them

21   have permanent disability?

22   MR. LANDREAU:  Judge, I don't believe any of

23   those four have a permanent disability.  They

24   were eventually treated and released at some

25   point after staying in the hospital.

1   THE COURT: All four of them remained in the

2   hospital over a period of a day or several days;

3   is that correct?

4   MR. ARMSTRONG: Your Honor, I have read the

5   case file extensively, and I do recall some

6   having broken bones and having to stay in the

7   hospital for an extensive period of time, but I

8   don't recall if it was all four. I want to say

9   it was three of them, but I can't quite remember.

10   THE COURT: Mr. Ligon, are you satisfied

11   that each of these four individuals, Taquonna

12   Law, Jonathan Law, Cornelius Law and Lawanda Law,

13   all received serious physical injury as a result

14   of this automobile accident?

15   THE DEFENDANT: Excuse me?

16   THE COURT: Are you satisfied that each of

17   those four individuals that I read out to you all

18   sustained serious physical injury as a result of

19   the accident in this matter?

20   THE DEFENDANT: Yes, sir.

21   THE COURT: Are you satisfied that it was

22   your actions and driving under the influence of

23   an alcoholic beverage that caused injury to these

24   four people?

25   THE DEFENDANT: Yes, sir. Yes, sir.

12

438

1      THE COURT:  And also it caused the death

2      of --

3          MR. LANDREAU:  Of Khalil Sutton.

4      THE COURT:  -- Khalil Sutton?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  In each of the four cases of

7      assault first degree, how do you plead, guilty or

8      not guilty?

9      THE DEFENDANT:  Guilty.

10     THE COURT:  Are you, in fact, guilty of

11     those offenses?

12     THE DEFENDANT:  Yes, sir.

13     THE COURT:  And to the charge of reckless

14     murder, how do you plead, guilty or not guilty?

15     THE DEFENDANT:  Guilty.

16     THE COURT:  Are you, in fact, guilty of that

17     offense?

18     THE DEFENDANT:  Yes, sir.

19     THE COURT:  Is there anything about either

20     of those five charges that you don't understand?

21     THE DEFENDANT:  No, sir.

22     THE COURT:  Do you have any questions about

23     them?

24     THE DEFENDANT:  No, sir.

25     THE COURT:  The plea bargain agreement that

239

1    I have before me indicates that upon your plea of

2    guilty in each of these five cases, in the four

3    cases of assault first degree, the State would

4    recommend that you be sentenced to eight years in

5    the custody of the Commissioner of the Department

6    of Corrections, that you pay the court costs in

7    each case, and also that you would pay

8    restitution in the amount that will be submitted

9    by affidavit by the victims.  Of course, if there

10    is a challenge to any amount that's submitted by

11    affidavit, then the Court would schedule a

12    hearing for that.

13        In Case Number CC 2001-356, the State would

14    recommend that you be sentenced to 25 years, and

15    that would be on the charge of reckless murder.

16    That sentence would run concurrent with any

17    sentence imposed in the other four cases and that

18    you would be required to pay restitution in that

19    case as well.  It's stipulated that you have no

20    prior felony convictions.

21        You will be required to make payments of

22    your fines, court costs and restitution beginning

23    90 days after you're released from jail at the

24    rate of at least $100 per month, and failure to

25    make those payments as ordered and do so on a

14

160

1   monthly basis, then a 30 percent collection fee

2   could be added to any balance which is 90 days

3   past due as well as a wage withholding order

4   could be issued for that past due balance.

5       You also waive any right to appeal or file

6   any post-conviction petition or remedy including

7   but not limited to the filing of a Rule 32

8   petition, a motion to set aside your plea of

9   guilty or any sentence that may be imposed in

10  this case, or appeal any conviction that may be

11  had in any of these cases.

12      Are you satisfied with the legal

13  representation you have received from Mr.

14  Armstrong in all five of these cases?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  Are you satisfied with the plea

17  bargain agreement that's been negotiated on your

18  behalf?

19      THE DEFENDANT:  Yes, sir.

20      THE COURT:  Court at this time then would

21  accept your pleas of guilty to each of the four

22  cases of assault first degree and to the charge

23  of reckless murder and would adjudicate you

24  guilty of each of those offenses.

25      Do you wish to have a pre-sentence report

241

1    completed in these five cases?

2         MR. ARMSTRONG:  Yes, Your Honor.

3         THE COURT:  All right.  The Court would

4    direct a pre-sentence report be completed in each

5    of the five cases.  Sentencing is set for October

6    the 2nd and that will be at 10:00 a.m., and you

7    need to meet with the probation officers before

8    he leaves.

9         MR. ARMSTRONG:  Thank you.

10             (End of proceedings.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

242

REPORTER'S CERTIFICATE

STATE OF ALABAMA

RUSSELL COUNTY

I, Linda S. Wilson, one of the Official Court Reporters for the 26th Judicial Circuit of Alabama, do hereby certify that I did report in Stenotypy shorthand the testimony and proceedings had in the aforementioned case, had in the Circuit Court of Russell County, Alabama, on the 10th day of September, 2001.

I further certify that since said date, I have reduced my shorthand notes to typewriting and the foregoing pages numbered 2 through 15, inclusive, contain a true and correct transcript of the testimony and proceedings had in said case at said time and place.

WITNESS MY HAND this 29th day of March, 2004.

_Linda Wilson_
Linda S. Wilson
Official Court Reporter



243

STATE OF ALABAMA
IFIED JUDICIAL SYSTEM
.th JUDICIAL CIRCUIT

**KATHY COULTER**
CLERK OF CIRCUIT COURT
RUSSELL COUNTY, ALABAMA

P O  BOX 518
PHENIX CITY, ALABAMA 36868 0518
(334) 298 0516

# *FAX COVER SHEET*

DATE: _3/30/04_    TIME: _4:35 PM EST_

**NUMBER OF PAGES TO FOLLOW:** _18_
**(NOT INCLUDING THIS PAGE)**

TO: _Court of Criminal Appeals_

FAX #: _334-242-4689_

FROM:  **Russell County Circuit Court**
**Phone Number  334/298-0516**      Ext. _____
**Fax Number    334/297-6250**

COMMENTS:

*CONFIDENTIALITY NOTE:* The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above address via United States Postal Service.  THANK YOU.

TIME : 03/30/2004 01:44

| | |
|---|---|
| DATE,TIME | 03/30 01:39 |
| FAX NO./NAME | 13342424689 |
| DURATION | 00:04:14 |
| PAGE(S) | 19 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

April 19, 2004

265

Honorable Kathy Coulter
Clerk of the Court

Circuit Court of Russell County
P.O. Box 518
Phoenix City, AL. 36868-0518

RE: CC-01-352-35C

Dear Clerk Coulter:

Enclosed please find the following:

1.) Notice of Appeal, from the court's order dismissing my Rule 32 petition on March 30, 2004;

2.) Transcript Order Form;

3.) Motion For A Free Transcript;

4.) Docketing Statement.

I pray all is in order for your proper filing of said appeal etc.. I thank you for your time and concern in this important matter.

Respectfully
Terry Ligon

Terry Ligon, # 220217
V.C.F. - P.O. Box 767
Clayton, AL. 36016

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____ 266 |
|---|---|---|

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ RUSSELL _____ COUNTY

_____ TERRY LIGON _____ , Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number<br>CC-01-352 353 354 355 356 | Date of Complaint or Indictment<br>7-16-01 | Date of Judgment/Sentence/Order<br>3/30/04 |
|---|---|---|
| Number of Days of Trial/Hearing<br>1    Days | Date of Notice of Appeal<br>Oral:    Written: | |

Indigent Status Requested: ☒ Yes ☐ No         Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? ☒ Appointed ☐ Retained.    If no attorney, will appellant represent self? ☒ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>Pro-Se  Terry Ligon | Telephone Number<br>N/A |
|---|---|

| Address<br>P.O. Box 767 | City<br>Clayton | State<br>AL | Zip Code<br>36016 |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| N/A | N/A |
| " | " |
| " | " |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☒ State Conviction    4 ☐ Pretrial Order    7 ☐ Juvenile Transfer Order    10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy    5 ☐ Contempt Adjudication    8 ☐ Juvenile Delinquency    RULE 32 PETITION
3 ☐ Probation Revocation    6 ☐ Municipal Conviction    9 ☐ Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____    6 ☐ Trafficking in Drugs - § _____    11 ☐ Fraudulent Practices - § _____
2 ☒ Homicide - § 13A-02    7 ☐ Theft - § _____    12 ☐ Offense Against Family - § _____
3 ☒ Assault - § _____    8 ☐ Damage or Intrusion to Property - § _____    13 ☒ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____    9 ☐ Escape - § _____    14 ☐ Traffic - Other - § _____
5 ☐ Drug Possession - §    10 ☐ Weapons/Firearms - § _____    15 ☐ Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? ☒ Yes ☐ No    4/19/04
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91 — COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

*267*

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 10 | 19 | 02 | A. R. Cr. P , RULE 32 | 3 | 30 | 04 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

APPELLANT PLEAD GUILTY TO MURDER AND 4 COUNTS OF ASSAULT 1st DEGREE WHICH CAME ABOUT AFTER A TRAFFIC ACCIDENT. APPELLANT PLEAD GUILTY, UPON THE ADVISE OF COUNSEL, WHEREBY HE RECEIVED A 25 YEAR SENTENCE

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1.) INEFFECTIVE ASSISTANCE OF COUNSEL. WHEREFORE THE PLEA OF GUILTY WAS NOT KNOWINGLY AND INTELLIGENTLY AND VOLUNTARILY GIVEN BY THE APPELLANT. i.e. COUNSEL NEVER FULLY EXPLAINED THE ELEMENTS THAT CONSTITUTE THE OFFENSES OF MURDER AND ASSAULT 1st DEGREE. COUNSEL DID NOT INVESTIGATE THE SCENE OF THE ACCIDENT TO ASCERTAIN THAT OTHER ACCIDENTS PRIOR TO THE INSTANT ONE HAPPENED EXACTLY AT THE SAME PLACE. COUNSEL DID NOT MAKE THE ADVERSARIAL TESTING PROCESS WORK. THE SPEED OF APPELLANT'S CAR WAS CALCULATED ERRONEOUSLY, THE VICTIM'S CAR WAS MAKING AN ILLEGALLY LEFT HAND TURN ON A MAJOR HWY. COUNSEL DID ERRONEOUSLY CONVINCED APPELLANT TO PLEAD GUILTY, EVERY TIME HE SPOKE TO APPELLANT, APPELLANT CANNOT READ PROPERLY OR INTELLIGENTLY, AND HE IS NOT SURE OF COUNSEL READ THE PLEA AGREEMENT THROUGHOUT AND COMPLETELY TO HIM, WHEN HE SIGNED IT IN COUNSEL'S OFFICE. COUNSEL NEVER APPRISED APPELLANT OF EVIDENTIARY DOCUMENTS.

2.) THE TRIAL COURT SUMMARILY DISMISSED APPELLANT'S RULE 32 PETITION WITHOUT ANY FACTUAL FINDINGS AS TO THE ISSUES RAISED THEREIN, ESPECIALLY THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, A HEARING IS REQUIRED. APPELLANT DID NOT KNOW OF THE ELEMENTS OF THE OFFENSES THE TRIAL DEFENDED, OR OF THE DEFECT IN THE INDICTMENT FOR MURDER.

**K. SIGNATURE:**

4-19-04
Date

_Terry Lewis_ (signature)
Signature of Attorney/Party Filing this Form

State of Alabama
Unified Judicial System
Form ARAP- 1C     8/91

# REPORTER'S TRANSCRIPT ORDER – CRIMINAL

See Rules 10(c) and 11(b) of the
Alabama Rules of Appellate Procedure (A.R. App.P.)

Appeal Number: _____ 248

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF ____Russell____

TERLY LIGON _____ COUNTY

v.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____ Appellant

| Case Number | Date of Judgment/Sentence/Order |
|---|---|
| CC-01-0352, 353, 354, 355 & 356 | 11/13/01 |

Date of Notice of Appeal
Oral:
Written:

Indigent Status Granted:   ☒ Yes   ☐ No

**PART 1. TO BE SIGNED BY THE APPELLANT ONLY IF NO COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975)

Signature _____   Date _____   Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**                                    COURT REPORTER(S)

A. ☒ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence    Guilty Plea  9/10/01
proceedings, a transcript of the organization of the jury and arguments of counsel must    Sentencing, Hearing 11/13/01
be designated separately

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. | | |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT.**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature _Terry Ligon_    Date _4-19-04_    Print or Type Name _TERRY LIGON_

**DISTRIBUTION** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

249

# Notice of Appeal

## To The Court Of Criminal Appeals of Alabama

TERRY LIGON
_____
Appellant

In The Circuit Court

of _RUSSELL_ County.

Case No.: CC-01-0352-0356.60.60

vs.

State of Alabama

Appellee

11-13-01
_____
Date of Judgment

&

3-30-04
_____
Post Judgment Order

FILED IN OFFICE

Notice is hereby given that _TERRY LIGON #220217_

appeals to the above-named court from the judgment of conviction

( _MURDER § ASSAULT 1ST DEGREE ( 4 K'S )_ ) entered in this case on the

or other order describing it

_13TH_ day of _November_ , _2001_ , adjudging the defendant

to be guilty of the offense of _MURDER § ASSAULT 1ST DEGREE_ (4 COUNTS) and as punishment

thereof sentencing the defendant as follows: _25 YEARS FOR MURDER, 5 YEARS_

_FOR E.S. ASSAULT 1 DEGREE, SENTENCES TO RUN CONCURRENT. TOTAL 25 YEARS._

Filed: _____
Date

_Terry Ligon_
Appellant

Certified as a true copy.

_TERRY LIGON #220217_

_VENTRESS CORRECTION FACILITY_

_P.O. BOX 767, CLAYTON, AL._
36016

_____
Circuit Clerk

_4/19/04_
_____
Date

NAME Terry Litow AIS # 220217 DORM # 3
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

CERTIFIED MAIL
7000 0520 0013 6415 0071
RETURN RECEIPT REQUESTED

Addressee (handwritten):
Mrs Kathy Dunstan
Clerk of the Court
Circuit Court - Russell County
P.O. Box 578
Phoenix City, AL. 36165-0578

150



NAME Terry Litow    AIS # 220217   DORM # 3
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

CERTIFIED MAIL

7000 0520 0013 6415 0071

RETURN RECEIPT REQUESTED

Mrs Kathy Dunster
Clerk of The Court
Circuit Court - Russell County
P.O. Box 578
Phoenix City, AL. 36165-0578

ACR-371                    ALABAMA JUDICIAL DATA CENTER
               NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                         BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT OF    RUSSELL COUNTY
STATE OF ALABAMA VS LIGON TERRY              JUDGE: GEORGE R. GREENE    251

| APPEAL DATE: 04/19/2004

| INDIGENCY STATUS:
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:         ____ YES   ____ NO
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   ____ YES   _X_ NO
|   INDIGENT STATUS REVOKED ON APPEAL:               ____ YES   _X_ NO
|   INDIGENT STATUS GRANTED ON APPEAL:               ____ YES   _X_ NO

| DEATH PENALTY: NO

| APPEAL TYPE: RULE 32 PETITION

| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

| CC/CASE NUMBER: 57/CC 2001-040256.60

| ORDER ENTERED(DATE): 03302004 PETITION: X DISMISSED __DENIED __GRANTED

| POST-JUDGMENT MOTIONS FILED:    DT FILED        DT DENIED      CON BY AGREE
| ___ MOTION FOR NEW TRIAL        --------        --------       ------------
| ___ MOTION FOR JUDG. OF ACQUIT  --------        --------       ------------
| ___ MOTION TO W/D GUILTY PLEA   --------        --------       ------------
| ___ MOTION FOR ATTY TO W/DRAW   --------        --------       ------------
| ___ OTHER _____     --------        --------       ------------

| COURT REPORTER(S):              WILSON, LINDA S.
| ADDRESS:                        C/O HON. GEORGE R. GREENE
|                                 PHENIX CITY     , AL  36867

| APPELLATE COUNSEL #1:           ----------------------------
| ADDRESS:                        ----------------------------
|                                 ----------------------------
|                                 ----------------------------
| PHONE NUMBER:                   ----------------------------

| APPELLATE COUNSEL #2:           ----------------------------
| ADDRESS:                        ----------------------------
|                                 ----------------------------
|                                 ----------------------------
| PHONE NUMBER:                   ----------------------------

| APPELLANT (PRO SE):             LIGON TERRY
| ADDRESS:                        220217
|                                 CLAYTON         , AL  360160000
| AIS #:

| APPELLEE (IF CITY APPEAL):      ----------------------------
| ADDRESS:                        ----------------------------
|                                 ----------------------------

I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: JDS
ABOVE IS ACCURATE TO THE BEST OF MY             PREPARED: 04/21/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF         _Kathy Center TBS_
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 21 DAY OF _April, 04     CIRCUIT COURT CLERK

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF RUSSELL COUNTY
STATE OF ALABAMA VS LIGON TERRY          JUDGE: GEORGE R. GREENE    **252**

APPEAL DATE: 04/17/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:        _____ YES    _____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES    __X__ NO
    INDIGENT STATUS REVOKED ON APPEAL:              _____ YES    __X__ NO
    INDIGENT STATUS GRANTED ON APPEAL:              _____ YES    __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM AN OTHER ISSUED BY THE TRIAL JUDGE.

CC/CASE NUMBER: 57CC 2001 000255.60

ORDER ENTERED(DATE): 03301994 PETITION: X DISMISSED  __DENIED  __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | --------- | --------- | --------- |
| ___ MOTION FOR JUDG. OF ACQUIT | --------- | --------- | --------- |
| ___ MOTION TO W/D GUILTY PLEA | --------- | --------- | --------- |
| ___ MOTION FOR ATTY TO W/DRAW | --------- | --------- | --------- |
| ___ OTHER | --------- | --------- | --------- |

COURT REPORTER(S):                      WILSON, LINDA S.
ADDRESS:                                C/O HON. GEORGE R. GREENE
                                        PHENIX CITY  ,  AL  36867

APPELLATE COUNSEL #1:                   ----------------------------
ADDRESS:                                ----------------------------
                                        ----------------------------
                                        ----------------------------
PHONE NUMBER:                           ----------------------------

APPELLATE COUNSEL #2:                   ----------------------------
ADDRESS:                                ----------------------------
                                        ----------------------------
                                        ----------------------------
PHONE NUMBER:                           ----------------------------

APPELLANT (PRO SE):                     LIGON TERRY
ADDRESS:                                220217
                                        CLAYTON  ,  AL  360160000

AIS #:

APPELLEE (IF CITY APPEAL):              ----------------------------
ADDRESS:                                ----------------------------
                                        ----------------------------

I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: JOS
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 04/21/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO    _Kathy Carter /735_
THIS ACTION ON THIS 21st DAY OF _April_, 04     CIRCUIT COURT CLERK

ACR 171                    ALABAMA JUDICIAL DATA CENTER
                   NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                            BY THE TRIAL COURT CLERK
                   IN THE CIRCUIT COURT OF      RUSSELL COUNTY                    **153**
STATE OF ALABAMA VS LIGON TERRY                 JUDGE: GEORGE R. GREENE

| APPEAL DATE: 04/19/2004

| INDIGENCY STATUS:
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:                    ____ YES   ____ NO
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:              ____ YES   ____ NO
|    INDIGENT STATUS REVOKED ON APPEAL:                          ____ YES   __X__ NO
|    INDIGENT STATUS GRANTED ON APPEAL:                          ____ YES   __X__ NO

| DEATH PENALTY: NO

| APPEAL TYPE: RULE 32 PETITION

| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

| CC/CASE NUMBER: 57/CC 2001 000354.60

| ORDER ENTERED (DATE): 03/30/2004 PETITION: X DISMISSED  __DENIED  __GRANTED

| POST-JUDGMENT MOTIONS FILED:   DT FILED        DT DENIED       CON BY AGREE
|    ___ MOTION FOR NEW TRIAL
|    ___ MOTION FOR JUDG. OF ACQUIT   _____      _____      _____
|    ___ MOTION TO W/D GUILTY PLEA    _____      _____      _____
|    ___ MOTION FOR ATTY TO W/DRAW    _____      _____      _____
|    ___ OTHER                        _____      _____      _____

| COURT REPORTER(S):              WILSON, LINDA S.
| ADDRESS:                        C/O HON. GEORGE R. GREENE
|                                 PHENIX CITY   ,  AL  36867

| APPELLATE COUNSEL #1:           _____
| ADDRESS:                        _____
|                                 _____
|                                 _____
| PHONE NUMBER:                   _____

| APPELLATE COUNSEL #2:           _____
| ADDRESS:                        _____
|                                 _____
|                                 _____
| PHONE NUMBER:                   _____

| APPELLANT (PRO SE):             LIGON TERRY
| ADDRESS:                        220217
|                                 CLAYTON        ,  AL  360160000
| AIS #:

| APPELLEE (IF CITY APPEAL):      _____
| ADDRESS:                        _____
|                                 _____
|                                 _____

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: JDS
ABOVE IS ACCURATE TO THE BEST OF MY               PREPARED: 04/21/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO       *Kathy Coulter* JDS
THIS ACTION ON THIS 21 DAY OF April 04            CIRCUIT COURT CLERK

ACR-31                          ALABAMA JUDICIAL DATA CENTER
                  NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                              BY THE TRIAL COURT CLERK
                   IN THE CIRCUIT COURT OF    RUSSELL COUNTY
STATE OF ALABAMA VS LIGON TERRY               JUDGE: GEORGE R. GREENE    **254**

| APPEAL DATE: 04/12/2004 |

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:           _____ YES    _____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:     _____ YES    _____ NO
    INDIGENT STATUS REVOKED ON APPEAL:                 _____ YES    X____ NO
    INDIGENT STATUS GRANTED ON APPEAL:                 _____ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

    THIS APPEAL IS FROM AN ORDER DENYING A PETITION (T.C.) RULE 32 PETITION,
    WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CC/CASE NUMBER: 57CC 2001 000251.60

ORDER ENTERED (DATE): 03302004 PETITION: X DISMISSED ___DENIED ___GRANTED

POST-JUDGMENT MOTIONS FILED:   DT FILED       DT DENIED      CON BY AGREE
    ___ MOTION FOR NEW TRIAL      _____      _____     _____
    ___ MOTION FOR JUDG. OF ACQUIT _____     _____     _____
    ___ MOTION TO W/D GUILTY PLEA  _____     _____     _____
    ___ MOTION FOR ATTY TO W/DRAW  _____     _____     _____
    ___ OTHER                     _____      _____     _____

COURT REPORTER(S):                WILSON, LINDA G.
ADDRESS:                          C/O HON. GEORGE R. GREENE
                                  PHENIX CITY      ,   AL   36867

APPELLATE COUNSEL #1:             _____
ADDRESS:                          _____
                                  _____
                                  _____
PHONE NUMBER:                     _____

APPELLATE COUNSEL #2:             _____
ADDRESS:                          _____
                                  _____
                                  _____
PHONE NUMBER:                     _____

APPELLANT (PRO SE):               LIGON TERRY
ADDRESS:                          220217
                                  CLAYTON          ,   AL   360160000
AIS #:

APPELLEE (IF CITY APPEAL):        _____
ADDRESS:                          _____
                                  _____

I CERTIFY THAT THE INFORMATION PROVIDED           OPERATOR: JDS
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 04/21/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF         _Kathy Coulter /JDS_
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 21ST DAY OF __April__ ,04    CIRCUIT COURT CLERK

ALABAMA JUDICIAL DATA CENT.
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEAL
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF RUSSELL COUNTY
STATE OF ALABAMA VS LIGON TERRY                    JUDGE: GEORGE R. GREENE    155

APPEAL DATE: 04/17/2004

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:          __X__ YES    _____ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    _____ YES    __X__ NO
   INDIGENT STATUS REVOKED ON APPEAL:                _____ YES    __X__ NO
   INDIGENT STATUS GRANTED ON APPEAL:                _____ YES    __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CC7/CASE NUMBER: 57/CC 2001 000352.60

ORDER ENTERED (DATE): 03302004 PETITION: X DISMISSED  __DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:   DT FILED      DT DENIED      CON BY AGREE
___ MOTION FOR NEW TRIAL       ---------     ---------      -----------
___ MOTION FOR JUDG. OF ACQUIT ---------     ---------      -----------
___ MOTION TO W/D GUILTY PLEA  ---------     ---------      -----------
___ MOTION FOR ATTY TO W/DRAW  ---------     ---------      -----------
___ OTHER                      ---------     ---------      -----------

COURT REPORTER(S):               WILSON, LINDA S.
ADDRESS:                         C/O HON. GEORGE R. GREENE
                                 PHENIX CITY    .  AL  36867

APPELLATE COUNSEL #1:            ------------------------------
ADDRESS:                         ------------------------------
                                 ------------------------------
                                 ------------------------------
PHONE NUMBER:                    ------------------------------

APPELLATE COUNSEL #2:            ------------------------------
ADDRESS:                         ------------------------------
                                 ------------------------------
                                 ------------------------------
PHONE NUMBER:                    ------------------------------

APPELLANT (PRO SE):              LIGON TERRY
ADDRESS:                         220217
                                 CLAYTON         .  AL  360160000
AIS #:

APPELLEE (IF CITY APPEAL):       ------------------------------
ADDRESS:                         ------------------------------
                                 ------------------------------

I CERTIFY THAT THE INFORMATION PROVIDED          OPERATOR: JBS
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 04/21/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO          Kathy Coulter /JBS
THIS ACTION ON THIS 21st DAY OF _April_, 04      CIRCUIT COURT CLERK

156

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP - 14    11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>C-01-352.60-356.60 |
|---|---|---|

| TO:  THE CLERK OF<br>     THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF NOTICE OF APPEAL:<br>4/19/2004 |
|---|---|

| APPELLANT | TERRY LIGON |
|---|---|
| v. | STATE OF ALABAMA |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___156___ pages) ( _____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this ___10th___ day of _____MAY_____, 20 __04__ .

_Kathy Coulter /sbs_
Circuit Clerk

_____Russell County, Alabama_____