IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY LIGON #227106, | ) ) ) ) |
| PETITIONER, | ) ) ) |
| vs. | ) CASE NO. 3:05-CV-707-F ) |
| J.C. GILES, et al., | ) ) ) |
| RESPONDENTS. | ) |

## RESPONDENTS' REPLY TO THIS COURT'S SEPTEMBER 9, 2005 ORDER

Come now the Respondents, by and through the Attorney General for the State of Alabama, and hereby respectfully submit this reply to this Court's September 9, 2005 order.

### PROCEDURAL BACKGROUND PERTINENT TO THIS REPLY

1. On July 29, 2005, Terry Ligon filed a petition for writ of habeas corpus in this Court challenging his 2001 Russell County Circuit Court reckless murder and assault convictions. In their August 23, 2005 Answer, the Respondents argued, in part, that Ligon's petition was untimely and barred by the one-year limitation period applicable to Ligon's petition under 28 U.S.C. § 2244 (d)(1). August 23, 2005 Answer pp. 4-7.

2. In its August 24, 2005 order, this Court held that Ligon's July 29, 2005 petition was untimely, because "Ligon had until January 3, 2005 to file a federal habeas petition." August 24, 2005 Order p. 5. The Court directed Ligon to show cause why the petition should not be denied as untimely. Id.

3. On September 7, 2005 Ligon filed a "Motion For Permission Of The Court To Dismiss 28 U.S.C., Sec. 2254 Petition Without Prejudice."[1] In the motion, Ligon alleges that he filed a "motion for reconsideration" regarding in forma pauperis treatment in Russell County Circuit Court on May 9, 2005, and that that court has recently granted that motion. "Motion For Permission," p. 1-2. Complaining of the "dilitory [sic] actions of the lower court[,]" Ligon now asks this Court to dismiss his habeas petition without prejudice. In its September 9, 2005 order, this Court directed the Respondents to show cause why Ligon's motion should not be granted.

## ARGUMENT

### LIGON'S PETITION IS DUE TO BE DISMISSED WITH PREJUDICE AS UNTIMELY.

4. Contrary to Ligon's request, his July 29, 2005 habeas petition should be dismissed with prejudice. As noted above, this Court has already

---

[1] Prior to filing this "Motion for Permission," Ligon filed an August 30, 2005 motion to dismiss his habeas petition, but, after initially accepting the petition, this Court struck it from consideration on August 31, 2005.

2

determined that the latest date on which Ligon could have filed his habeas petition was January 3, 2005. August 24, 2005 Order p. 5. Ligon's "motion for reconsideration" regarding an in forma pauperis declaration, which he allegedly filed on May 9, 2005 in Russell County Circuit Court, does not effect the one-year limitation period; regardless of how the motion were to be construed, the limitation period had already expired over five months prior to its May 9, 2005 filing.[2]

5. If, as Ligon requests, this Court were to dismiss his petition without prejudice, he could be allowed to file a second petition at some later date without that petition being deemed successive. "When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of § 2244 (b)." Dunn v. Singletary, 168 F. 3d 440, 441 (11th Cir. 1999) (emphasis in original). To allow Ligon the opportunity to file a second motion at some later time -- the probable practical effect of a dismissal without prejudice here -- "would subvert the purpose of the AEDPA's 'gatekeeping' provisions: to restrict habeas petitioners from taking multiple bites at the apple." Dunn, 168 F. 3d at 442. See also Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340, 135 L. Ed. 2d 827 (1996) ("The new restrictions on successive petitions constitute

---

[2] Although it is unclear from Ligon's "Motion for Permission" whether he is attempting to file another Ala.R.Crim.P. Rule 32 petition in Russell County Circuit Court, any such petition would be barred as untimely and successive. Ala.R.Crim.P. Rule 32.2 (b), (c).

3

a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.' "). To dismiss Ligon's petition with prejudice would comport with this Court's finding that it is untimely, and would preserve the judicial resources of this Court and the Eleventh Circuit Court of Appeals, see 28 U.S.C. § 2244(b)(3)(A), from consideration of a future petition.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Ligon's petition for writ of habeas corpus with prejudice, as previously asserted in the Respondents' August 23, 2005 Answer.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

4

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Terry Ligon, AIS #220217
>Ventress Correctional Facility
>P.O. Box 767
>Clayton, Alabama 36016

>/s/Marc A. Starrett
>Marc A. Starrett (STARM1168)
>Office of the Attorney General
>Alabama State House
>11 South Union
>Montgomery, AL  36130-0152
>Telephone:  (334) 242-7300
>Fax:  (334) 242-2848
>E-Mail:  MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
219835/Ligon
84359-001