IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY LIGON, # 220217, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 3:05cv707-MEF |
| | ) |
| J.C. GILES, *et al.,* | ) |
| | ) |
|    Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is now before the court on a petition for habeas corpus relief filed on July 29, 2005,[1] pursuant to 28 U.S.C. § 2254. In this petition, Ligon challenges his convictions for reckless murder and assault in the first degree (four counts) entered against him by the Circuit Court of Russell County, Alabama on November 11, 2001. These convictions became final by operation of law on December 26, 2001.[2] The respondents answered the petition and filed documents relevant to a disposition of the issues raised in this case. Upon

---

[1] Although the instant habeas petition was not "filed" in this court until August 1, 2005, the petition was signed by Ligon on July 29, 2005. A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Ligon's petition] was delivered to prison authorities the day he signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing, the court concludes that July 29, 2005 should be considered the date of filing.

[2] Because Ligon did not appeal his conviction, the court concludes that the conviction became final on December 26, 2001 as this is the date on which his time to file a direct appeal expired. *See* ALA. R. APP. PR. 4(b)(1). This rule of state appellate procedure requires that a notice of appeal be filed within forty-two (42) days of the pronouncement of sentence. Under the particular circumstances of this case, the forty-second day fell on December 25, 2001, which is a legal holiday in Alabama. Accordingly, the court concludes that Ligon 's time for filing a notice of appeal was extended until the next business day, December 26, 2001.

review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is clear from the evidentiary materials filed by the respondents that Ligon's convictions became final in December 2001 -- **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Ligon must have filed his § 2254 petition within one year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  The respondents concede that Ligon filed a post-conviction petition in the state courts which tolled the limitation period.  However, the

respondents argue that even allowing a tolling of the limitation period during the pendency of Ligon's initial Rule 32 petition, the limitation period expired prior to his filing of this federal habeas petition.[3]

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged conviction expires. Ligon pleaded guilty and was convicted of reckless murder and four counts of assault in the first degree in the Circuit Court of Russell County, Alabama on November 11, 2001. On November 13, 2001, Ligon was sentenced to concurrent terms of imprisonment of twenty five years imprisonment on the reckless murder conviction and eight years imprisonment for each of the assault convictions. Ligon failed to file an appeal of his conviction within the time allowed by the state procedural rules and, therefore, his conviction became final on December 26, 2001.[4] Consequently, Ligon had one year from that date to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

"The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not

---

[3] The court concludes that Ligon's second Rule 32 petition, which apparently remains pending, has no effect on the limitation period because it is clear from the pleadings filed in this case that this second post-conviction petition was filed after the expiration of the limitation period. The petitioner filed his second Rule 32 petition in state court on May 9, 2005 – several months after the one-year period of limitation had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.")

[4] *See supra* fn. 2.

be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Ligon filed his first Rule 32 petition on October 20, 2002. At that time, 307 days of the one-year limitation period had elapsed between the date his convictions became final and the filing of his initial Rule 32 petition in the Circuit Court of Russell County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. The trial court denied this petition on March 30, 2004. Ligon then filed a notice of appeal with the Alabama Court of Criminal Appeals. On September 24, 2004, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Ligon's Rule 32 petition. On October 15, 2004, the Alabama Court of Criminal Appeals overruled Ligon's application for rehearing, and issued the certificate of judgment dismissing Ligon's appeal on November 3, 2004. Thus, as of November 3, 2004, 307 days of the limitation period had run and Ligon had 58 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Ligon to file a federal habeas petition expired on December 31, 2004.[5] However, because this date served as an appointed federal holiday, Ligon had until January 3, 2005, to file a petition in this court. *See* FED. R. CIV. P. 6(a). Consequently, the court concludes that the one limitation period within which Ligon had to file a federal habeas petition expired on January 3, 2005. Ligon filed the instant habeas corpus petition

---

[5] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

on July 29, 2005. Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired over six months before Ligon filed his § 2254 petition.

On August 24, 2005, the court ordered Ligon to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Ligon filed a motion to dismiss his § 2254 petition without prejudice. The respondents objected to a dismissal without prejudice and the court denied the motion to dismiss. In his motion to dismiss, Ligon argues that because he was waiting for a ruling on his second Rule 32 petition, his pending federal habeas petition should be dismissed. 28 U.S.C. § 2244(d) does not provide for "reinitiation" of the limitation period upon completion of a petitioner's state post-conviction proceedings. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). "[A] properly filed petition in state court only tolls the time remaining within the federal limitation period." *Id*. at 1335 n.4. Moreover, the law is clear that the limitations period is tolled only during the period in which a "properly filed" motion for state collateral review is pending. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). The court has already concluded that the second Rule 32 petition does not toll the limitation period because it was not filed within the applicable time period.[6]

Ligon also argues throughout his pleadings that he cannot be guilty of assault in the first degree because the prosecutor and his attorney misrepresented the degrees of injuries

---

[6] *See supra* fn 3.

suffered by the victims in this case. The court construes Ligon's pleadings as raising an "actual innocence" claim. However, the argument is unavailing. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted or barred. *Schlup v. Delo,* 513 U.S. 298, 315 (1995). Ligon must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*. The petitioner has failed to make the requisite showing which could satisfy the standard set forth in *Schlup*. Ligon presents points to no fact in the record, nor has he submitted any evidence other than his own conclusory statements, to support of his claim of innocence. Mere conclusory allegations are insufficient to support a claim of innocence. Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on January 3, 2005, over six months before Ligon filed his federal habeas petition. Because the petitioner did not file in this court until July 29, 2005, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 1, 2006.** Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE